# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

STATE OF TEXAS,

               Plaintiff,

    v.

CLUBCORP HOLDINGS, INC.; BROOKHAVEN
COUNTRY CLUB, INC.; RICHARDSON
COUNTRY CLUB CORP. D/B/A CANYON
CREEK COUNTRY CLUB; OK CENTURY II
CLUB, INC.; WALNUT CREEK MANAGEMENT
CORP.; KINGWOOD COUNTRY CLUB, INC.; OK
UNIVERSITY CLUB OF HOUSTON, INC.; OK
CIPANGO MANAGEMENT CORPORATION; OK
FOREST OAK COUNTRY CLUB, INC.; HILL
COUNTRY GOLF, INC. D/B/A LOST CREEK
COUNTRY CLUB; CLUBCORP PORTER
VALLEY COUNTRY CLUB, INC. D/B/A/
PORTER VALLEY COUNTRY CLUB, INC.; OK
THE RELAY HOUSE CORPORATION D/B/A THE
RELAY HOUSE; THE DOWNTOWN CLUB, INC.
D/B/A THE PLAZA CLUB AT DOWNTOWN; OK
2001 BRYAN TOWER CLUB INC.; OK VITA
CENTER MANAGEMENT CORP.; CITRUS CLUB,
INC. D/B/A CITRUS CLUB OR CITRUS
ATHLETIC CLUB; OK PRE 12-30-98 OPERATOR
OF HALIFAX CLUB, INC. D/B/A HALIFAX
CLUB, INC. OR HALIFAX INVESTMENT CLUB;
OK PRE 12-23-99 OWNER LAFAYETTE CLUB
D/B/A LAFAYETTE CLUB, INC.; THE
METROPOLITAN CLUB OF CHICAGO, INC.
D/B/A THE PLAZA; UNIVERSITY CLUB OF
JACKSON, MISS D/B/A UNIVERSITY CLUB OF
JACKSON; OK JEFFERSON CLUB
MANAGEMENT CORPORATION D/B/A
JEFFERSON CLUB, INC.; THE PLAZA CLUB OF
SAN ANTONIO, INC.; TOWER CLUB, INC.; OK
AKRON CLUB MANAGEMENT CORP.; OK
ATLANTA CITY CLUB, INC.; OK ATRIUM
CLUB, INC.; OK HERITAGE CLUB, INC.; AND
CLUBCORP BRAEMAR COUNTRY CLUB, INC.

            Defendants.

Case No. 1:19-cv-00171

[Removed from the 261st Civil
District Court of the State of Texas,
in and for Travis County,
Cause No. D-1-GN-19-000119]

**NOTICE OF REMOVAL**

**UNDER 28 U.S.C. §§ 1331, 1441, 1446**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1331, this action is hereby removed from the 261st Civil District Court of the State of Texas, in and for Travis County, to the United States District Court for the Western District of Texas, Austin Division.   The undersigned Defendants that received Plaintiff's Original Petition ("Petition") within the 30 days prior to the filing of this Notice of Removal remove this action with the reservation of all rights and defenses.   28 U.S.C. § 1446(b)(2)(B).   Those undersigned Defendants that received the Petition before that time hereby consent to this removal under 28 U.S.C. § 1446(b)(2)(C).

## I.      REMOVAL IS TIMELY

1.      Plaintiff the State of Texas ("Plaintiff") filed its Petition against the Defendants listed above (collectively, "Defendants") in the 261st Civil District Court of Travis County, Texas, with Cause No. D-1-GN-19-000119, on January 7, 2019.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendants as of the date of this filing are attached collectively to this Notice of Removal as **Exhibit A** and incorporated herein by reference.

3.      Defendant University Club of Jackson, MISS (d/b/a University Club of Jackson)—the last-served Defendant—accepted service of the Petition on January 31, 2019.

4.      This Notice of Removal is timely because it is filed within 30 days of January 31, 2019.  28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1); *see also Perez v. Bank of Am., N.A.*, No. 13-cv-285, 2013 WL 5970405, at *3 n.7 (W.D. Tex. Nov. 7, 2013) (explaining that Federal Courts Jurisdiction and Venue Clarification Act of 2011 "abrogated the longstanding Fifth Circuit interpretation of the removal statute, which limited the removal period to thirty days from the

time the first defendant is served, in favor of the so called 'last-served defendant rule'") (internal quotations omitted).

## II.   ALL DEFENDANTS SERVED JOIN IN OR CONSENT TO THIS REMOVAL

5.   The undersigned Defendants have all been served by the date of this filing.

6.   Those undersigned Defendants that received the Petition within the 30 days prior to the filing of this Notice of Removal hereby remove this action.  28 U.S.C. § 1446(b)(2)(B).

7.   Those undersigned Defendants that received the Petition prior thereto consent to this removal under 28 U.S.C. § 1446(b)(2)(C).  *See Perez*, 2013 WL 5970405 at *3 (providing that, by consenting, "earlier-served defendants may join in removal by later-served defendants who remove within their own individual statutory thirty-day removal period") (quoting *Meeks v. Damillie*, No. 2:11-cv-253, 2013 WL 5464639, at *1 (N.D. Miss. Sept. 30, 2013)).

8.   Thus, each of the named Defendants has either joined in or consented to this Notice of Removal.  28 U.S.C. § 1446(b)(2)(A).

## III.   SUMMARY OF ALLEGATIONS AND BASES FOR REMOVAL

9.   Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court would have original subject matter jurisdiction over this action under 28 U.S.C. § 1331.

10.   This case and all claims in this case arise under federal common law—meaning that the action itself arises under the laws of the United States.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 100 (1972) ("We see no reason not to give 'laws' its natural meaning, and therefore conclude that § 1331 jurisdiction will support claims founded upon federal common law as well as those of a statutory origin.") (internal citation omitted); *Coop. Ben. Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 328 (5th

Cir. 2004) (stating that "federal question jurisdiction may exist over claims arising under federal common law").

11.     Plaintiff brought this suit against Defendants—including owners and operators of various private golf country clubs and business clubs in several different states—on a theory that Plaintiff has the right, power, and jurisdiction to escheat certain allegedly abandoned membership initiation deposits, and that such membership initiation deposits are subject to escheat under Texas's unclaimed property law.[1]  (Pet. ¶¶ 3, 75.)  In particular, the Petition seeks a judgment that would require Defendants to (1) allow Plaintiff to perform unclaimed property audits of Defendants' books and records; (2) file reports disclosing all unclaimed property that Defendants allegedly hold; (3) deliver all unclaimed property that they allegedly hold, including the allegedly unclaimed membership initiation deposits; and (4) pay statutory penalties, interest, and attorneys' fees.  (See id. at p. 2.)

12.     Plaintiff's underlying claims—alleging violations of TEX. PROP CODE §§ 74.702, 74.101, and 74.301—necessarily depend on resolution of actually disputed and substantial questions of federal common law, as established by the United States Supreme Court in a line of related decisions in Texas v. New Jersey, 379 U.S. 674 (1965), Pennsylvania v. New York, 407 U.S. 206 (1972), and Delaware v. New York, 507 U.S. 490 (1993).  Those substantial questions of federal law govern the threshold question of whether Plaintiff has the right, power, and jurisdiction to take custody of, or escheat, the membership initiation deposits at issue.  See N.J. Retail Merchants Ass'n v. Sidamon-Eristoff, 669 F.3d 374, 391–93 (3d Cir. 2012) (explaining

---

[1] In this context, the "escheat" of property means that Texas would take custody of the property on behalf of the owners, who may then reclaim the property at any time.  TEX. PROP CODE § 74.304.  (Pet. ¶¶ 9, 12.)  All state unclaimed property laws are custodial escheat laws rather than "true" escheat laws, under which the state takes title to the property.

that *Texas v. New Jersey* line of decisions establishes body of federal common law).  If Plaintiff lacks the right, power, and jurisdiction to escheat the membership initiation deposits, then Texas's unclaimed property laws cannot apply to the membership initiation deposits.

13.    Plaintiff asserts that (i) under federal common law, as established in the *Texas v. New Jersey* line of cases, Plaintiff has the right to escheat tens of millions of dollars' worth of allegedly abandoned membership initiation deposits (Pet. ¶¶ 25, 62, 69), and that (ii) Defendants failed to report or pay such amounts to Plaintiff as required by Texas's unclaimed property laws (*id.* ¶ 41).

14.    The centrality of the federal common law to Plaintiff's claims is clear from the face of the Petition, which asserts that Defendants have "no rights in the property at issue as the unclaimed property is an asset of the lost owners—its former Texas members—**and the property is subject to claim by Texas**, as the state of the owners' last known address.  *See Texas v. New Jersey*, **85 S. Ct. 626 (1965)**."  (Pet. ¶ 62 (emphasis added).)  Plaintiff further alleges that:

> ClubCorp [referring to all Defendants collectively] has refused to permit a complete examination of its books and records.  This contravenes **the State of Texas's sovereign authority to verify ClubCorp's compliance with Texas unclaimed property law and to recover property which has been unclaimed or abandoned** by its lawful Texas owner in excess of the dormancy period.  **The State's rights are superior [sic] the rights of the holder.  *See Texas v. New Jersey*, 85 S. Ct. 626 (1965); *Delaware v. New York*, 113 S. Ct. 1550 (1993)**.

(*Id*. ¶ 69 (emphasis added).)

15.    If, under the federal common law referenced in the Petition, Plaintiff is unable to establish that it has the right, power, and jurisdiction to escheat the membership initiation deposits at issue, then all of Plaintiff's claims necessarily fail as a matter of federal law.

16.    A claim "aris[es] under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689–90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27–28 (1983)).   As far as the latter situation, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues" or "turn on substantial questions of federal law." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005).   In such cases, like this one, federal-question jurisdiction exists when the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.   This rule of decision "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

17.    It is axiomatic that federal common law is developed through decisions of federal courts.   *See Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 156–57 (1985) (Brennan, J., concurring); *see also D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 472 (1942) (Jackson, J., concurring) ("federal courts are free to apply the traditional common-law technique of decision and draw upon sources of the common law"); *City of Milwaukee,* 406 U.S. at 105 n.6 ("[W]here

there is an overriding federal interest in the need for a uniform rule of decision or where the controversy touches basic interests of federalism, we have fashioned federal common law.").[2]

18.     In *Texas v. New Jersey,* the United States Supreme Court established rules to determine when a State has the "right and power"—i.e., the jurisdiction—to escheat unclaimed property.  379 U.S. at 675, 680.  The Court pronounced what has become known as the "primary rule": "each item of property in question . . . is subject to escheat only by the State of the last known address of the creditor, as shown by the debtor's books and records."  *Id*. at 681–82.  The Court also established a "secondary rule": if the last known address of the creditor is unknown, then the "State of corporate domicile" of "the debtor" has the jurisdiction to escheat property.  *Id*. at 682.

19.     Subsequently, in *Delaware v. New York,* the Supreme Court explained that the jurisdictional escheat rules created in *Texas v. New Jersey* "cannot be severed from the law that creates the underlying creditor-debtor relationships."  507 U.S. at 503.  The Court thus held that disputes regarding "the right to escheat intangible personal property" must be resolved in the following three steps:

> First, we must determine the precise debtor-creditor relationship as defined by the law that creates the property at issue.  Second, because the property interest in any debt belongs to the creditor rather than the debtor, the primary rule gives the first opportunity to escheat to the State of "the creditor's last known address as shown by the debtor's books and records."  Finally, if the primary rule fails because the debtor's records disclose no address for a creditor or because the creditor's last known address is in a State whose laws do not provide for escheat, the secondary rule awards the right to escheat to the State in which the debtor is incorporated.

507 U.S. at 499–500 (internal citation omitted).

---

[2] A federal forum and the application and development of a uniform body of federal common law is particularly appropriate where, as here, Defendants could potentially "be at risk of facing competing escheatment claims" by Texas and other states.  *See, e.g.*, *Marathon Petroleum Corp. v. Sec'y of Fin. for Del.*, 876 F.3d 481, 485 (3d Cir. 2017).

20.     The jurisdictional escheat rules set forth in *Texas v. New Jersey* and *Delaware v. New York* constitute federal common law.  *See City of Milwaukee,* 406 U.S. at 105–06 (citing *Texas v. New Jersey* as an example of federal common law); *Marathon Petroleum Corp. v. Sec'y of Fin. for Del.*, 876 F.3d 481, 484 (3d Cir. 2017) (explaining that Supreme Court decisions outlining states' authority to "escheat abandoned property" has been "[c]onstructed as federal common law"); *N.J. Retail Merchants Ass'n,* 669 F.3d at 391–93 (recognizing that jurisdictional "escheat rules" under *Texas v. New Jersey*, *Pennsylvania v. New York*, and *Delaware v. New York* constitute federal common law).  This body of federal common law—which determines whether a state has the right to escheat intangible personal property in any particular case—is not only applicable to "disputes among states," but also "directly applicable to disputes between a private individual and a state."  *Marathon*, 876 F.3d at 494; *Am. Petrofina Co. of Tex. v. Nance*, 859 F.2d 840, 842 (10th Cir. 1988).

21.     In *Delaware v. New York*, the Supreme Court emphasized the supremacy of federal law in this area with the categorical statement that "no State may supersede" these federal common law rules.  507 U.S. at 500 (citation omitted).  Thus, a state (here, Texas) must first establish, as a threshold issue, that it has the right, power, and jurisdiction to escheat under the federal common law rules.  *See Marathon*, 876 F.3d at 485, 499–500 (analyzing threshold issue of whether Delaware had "authority to escheat property" under federal common law).  Only if the state can make that required showing under federal law will the state's own unclaimed property laws become applicable to determine if state law requires the escheat of such property.

22.     Here, Plaintiff's "right to relief necessarily depends on resolution of [] substantial question[s] of federal law."  *Franchise Tax Bd.,* 463 U.S. at 28.  Those questions are disputed and substantial because Plaintiff's entire case hinges on first establishing that it has the right,

power, and jurisdiction to escheat the membership initiation deposits that are the subject of the Petition.  More specifically, Plaintiff's claims and right to relief turn on the resolution of at least three substantial questions of federal common law.

23.     ***First***, the Petition raises a substantial question under federal common law because it is built on the legal premise that "any ClubCorp entity [referring to any of the Defendants] that is in **possession** of" money from membership initiation deposits "now is a holder" of unclaimed property that is reportable to Texas.  (Pet. ¶ 66 (emphasis in original).)  But this legal premise ignores the predicate step in determining whether Plaintiff has jurisdiction to escheat under federal common law.  As *Delaware v. New York* makes clear, the initial inquiry for assessing whether a state has a right to escheat intangible personal property is determining whether there is a "debtor-creditor relationship" and, if so, who **the debtor** is.  507 U.S. at 499–500; *Marathon*, 876 F.3d at 499 ("the Supreme Court has noted that the first step in determining the right to escheat property involves a determination of the precise debtor-creditor relationship") (internal quotations omitted).  Thus, Plaintiff must plead and prove that there is a "debtor-creditor relationship" with respect to the membership initiation deposits at issue and that each Defendant is a "debtor."

24.     For the membership initiation deposits at issue in this case, the precise debtor-creditor relationship—if one exists at all—is between the club and its member by function of their contractual relationship.  (*See, e.g.*, Pet. ¶ 46 ("if an individual ClubCorp club signed a contract with a member, that individual club is indebted to the member"); *id.* ¶ 56 ("the individual clubs contracted for and originally received the deposits from the members and former members").)  Thus, if there is a debtor-creditor relationship, which Defendants do not concede,

then these individual clubs would be the **"debtors"** with the contractual obligation to their respective club members, if any.

25.     Plaintiff nevertheless alleges that, in addition to the parties that might be debtors, any other entity "in possession" of the money also must escheat the membership initiation deposits under Texas's unclaimed property law.  (Pet. ¶¶ 46, 53, 66, 73.)  Plaintiff relies on a Texas Property Code provision that purports to qualify as a "holder" of unclaimed property any person who is "in possession of property that belongs to another" *or* "indebted to another on an obligation."  (*See, e.g., id.* ¶¶ 45, 46, 53, 66, 73 (citing and relying on TEX. PROP. CODE § 72.001(e)(1)).)  In *Delaware v. New York*, however, "the Court rejected any efforts to loosen or change the [federal common law] rules by broadening the concept of a property-holding 'debtor.'"  *Marathon*, 876 F.3d at 490.  And yet that is exactly what Plaintiff seeks to do here.

26.     By alleging that a Defendant in "possession" of property must escheat, Plaintiff ignores the threshold jurisdictional question under federal common law as to whether each Defendant is a "debtor" to a club member.  If Defendants are not "debtors," then Plaintiff lacks jurisdiction under federal common law to require Defendants to escheat the membership initiation deposits to Texas.  Put differently, the definition of a "holder" of unclaimed property under Texas's unclaimed property law does not become relevant until **after** Plaintiff establishes that it has the right and power to escheat the membership initiation deposits from Defendants under applicable federal common law.  If Plaintiff cannot make that showing, then Plaintiff lacks the jurisdiction to escheat the membership initiation deposits and Texas's unclaimed property law is not applicable.

27.     **Second**, the Petition raises a substantial question of whether—under federal common law—there is even a "debt" in relation to the membership initiation deposits that is

10

potentially subject to escheat by Plaintiff under Texas's unclaimed property laws. Here again, Plaintiff ignores its burden of first establishing that it has the right and power to escheat these membership initiation deposits under federal common law.

28.    This threshold inquiry under federal common law is critical: If there is no debt, then there is no property potentially subject to escheat, and Texas's unclaimed property laws cannot apply. Indeed, in *Delaware v. New York*, the Court stated that "**the holder's legal obligations . . . define[] the escheatable property at issue.**" 507 U.S. at 503 (emphasis added); *see also Texas v. New Jersey,* 379 U.S at 680 (referring to the unclaimed property as a "debt" that is a "liability" and the "property of the creditor").

29.    Based on the contractual relationship and course of dealing between a club and its members, and on other applicable laws impacting the debtor-creditor relationship, certain conditions may need to be satisfied before a club member is entitled to return of a membership initiation deposit. The Petition glosses over this fact and instead asserts that, under Texas's unclaimed property laws, the membership initiation deposits must be reported and transferred to Texas, regardless of whether or not the club has a "debt" owed to its club member. (*See, e.g.*, Pet. ¶¶ 16–17.) For example, the membership initiation deposit is not payable—i.e., a refund is not obtainable—until after the stipulated passage of time and the member makes a request or demand to the club. Moreover, a member may not be entitled to a refund of the membership initiation deposit if the member is in breach of a contractual relationship the member has with the club. But the Petition ignores these and other requirements. Plaintiff thus simply skips over the threshold inquiry of whether Plaintiff has the right to escheat the membership initiation deposits under federal law, which requires an examination of the "precise" underlying debtor-creditor relationship, and assumes that Texas's unclaimed property law is applicable. *Delaware v. New*

*York*, 507 U.S. at 499–500.  Plaintiff's requested relief would require Defendants to escheat funds to Texas even though there is no "debt" owed.

30.     Plaintiff's position is contrary to the federal common law principles set forth in the *Texas v. New Jersey* line of cases.  Under those cases, only the actual "debt" may be claimed by the state—nothing more.  Consequently, if no legal obligation to pay exists, then Plaintiff lacks jurisdiction to escheat the membership initiation deposits under federal common law.

31.     ***Third***, even if the membership initiation deposits are "debts" and each Defendant is a "debtor," which Defendants do not concede, the Petition raises another substantial question of federal common law: whether Plaintiff can establish jurisdiction to escheat the membership initiation deposits by showing that the primary rule or the secondary rule is satisfied.  *Delaware v. New York*, 507 U.S. at 499–500 ("[T]he primary rule gives the first opportunity to escheat to the State of 'the creditor's last known address as shown by the debtor's books and records.'  Finally, if the primary rule fails because the debtor's records disclose no address for a creditor or because the creditor's last known address is in a State whose laws do not provide for escheat, the secondary rule awards the right to escheat to the State in which the debtor is incorporated.") (internal citation omitted); *see also Pennsylvania v. New York*, 407 U.S. at 215–16 (requiring New York to prove that Western Union had no addresses for owners of unclaimed money orders, before New York would have the jurisdiction to escheat under the secondary rule).

32.     The Petition itself acknowledges that Plaintiff must establish that either the primary rule or secondary rule applies—citing *Texas v. New Jersey* and alleging that "the property is subject to claim by Texas, as the state of the owners' last known address." (Pet. ¶ 62.)  Plaintiff also alleges that under Texas law, the primary rule can be satisfied if "the records of the holder do not disclose the identity of the person entitled to the property, and it is established that

12

the last known address of the person entitled to the property is in this state." (*Id.* ¶ 43.)  But

under the primary rule, Plaintiff has jurisdiction to escheat only if "the last known address of the

creditor, **as shown by the debtor's books and records**," is in Texas.  *Texas*, 379 U.S. at 681–82

(emphasis added).

33.     Indeed, in *Texas v. New Jersey*, the Court emphasized that "since our inquiry here

is not concerned with the technical domicile of the creditor, and since ease of administration is

important where many small sums of money are involved, **the address on the records of the**

**debtor, which in most cases will be the only one available, should be the only relevant last-**

**known address.**"  *Id*. at 681 n.11 (emphasis added).  Again, "no State may supersede" these

federal common law rules.  *Delaware,* 507 U.S. at 500 (citation omitted).  By attempting to

expand the scope of the primary rule, Plaintiff thus unlawfully seeks to take custody of property

that it lacks jurisdiction to escheat under federal law.[3]

34.     Thus, Plaintiff's right to relief necessarily depends on resolution of substantial

and disputed questions of federal common law.  Plaintiff has a threshold burden to establish its

jurisdiction to escheat.    Plaintiff cannot prevail on any escheatment claim under Texas's

unclaimed property law until after Plaintiff has established that (i) each Defendant is a "debtor"

---

[3] This appears to be a substantial issue in the Petition.  On the one hand, Plaintiff alleges that
Defendants' records show approximately $5.8 million of membership initiation deposits owed to
Texas residents.  (Pet. ¶ 38.)  On the other hand, Plaintiff claims that approximately $53 million
of membership initiation deposits are escheatable to Texas.  (*Id*. at p. 2.)  The difference is
apparently due to Plaintiff's attempt to unlawfully broaden the scope of the primary rule.
Furthermore, Plaintiff also acknowledges that it "estimated" the $53 million amount to be due
"based on information disclosed in ClubCorp's SEC filings and ClubCorp's filings with the
comptroller."  (*Id*. at p. 2 and ¶ 39.)  In *Delaware v. New York*, however, the Supreme Court
expressly rejected a state's attempt to estimate the location of owners of property and the
corresponding amount that could potentially be escheated by the state.  *Delaware*, 507 U.S. at
509 (refusing "'to vary the application of the [primary] rule according to the adequacy of the
debtor's records'" (citing *Pennsylvania v. New York*, 407 U.S. at 215)).

under federal common law; (ii) the membership initiation deposits are "debts" under federal common law; and (iii) Plaintiff has jurisdiction to escheat the membership initiation deposits under either the primary rule or the secondary rule.

35.    These questions of federal common law—and similar questions of federal common law, also related to the *Texas v. New Jersey* rules—are critical, dispositive issues in this case.[4]  Plaintiff's right to relief necessarily depends on resolution of these substantial questions of federal law.  *Empire Healthchoice,* 547 U.S. at 689–90 (quoting *Franchise Tax Bd.,* 463 U.S. at 27–28).  Plaintiff cannot prevail on its claims under Texas's unclaimed property laws, which do not even become applicable, unless Plaintiff first prevails on these substantial, dispositive questions of federal law.

36.    This Court may "entertain [these questions] without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons,* 545 U.S. at 314.  Indeed, because federal common law is developed only through decisions of the federal courts, these questions should be addressed in a federal forum, not in the courts of any individual state.  *Mass. Mut. Life,* 473 U.S. at 156-57; *D'Oench, Duhme,* 315 U.S. at 472.

37.    For the reasons set out above, all of the claims asserted in the Petition are within this Court's original federal-question jurisdiction.  But even if particular claims were not subject to original federal-question jurisdiction, those claims would be within this Court's jurisdiction

---

[4] The Petition also raises other substantial questions concerning Plaintiff's jurisdiction to escheat any particular membership initiation deposit, including (1) whether Plaintiff has the right to escheat the membership initiation deposit under the primary rule if the member's address is no longer valid; (2) whether Plaintiff has the right to escheat the membership initiation deposit under the primary rule if the member's address is incomplete; and (3) whether Plaintiff has the right to escheat the membership initiation deposit under the secondary rule if, as the Petition alleges, the debtor has merged into a non-Texas entity.  (Pet. ¶ 32.)

under 28 U.S.C. § 1367(a) because they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

## IV.    THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

38.    Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Removal of this action is therefore proper under 28 U.S.C. § 1441 and § 1446.

39.    The United States District Court for the Western District of Texas, Austin Division, is the appropriate venue for removal pursuant to 28 U.S.C. § 1441(a), because it embraces the place where Plaintiff originally filed this case—in Travis County, Texas.   28 U.S.C. § 124(d)(1); 28 U.S.C. § 1441(a).

40.    True and correct copies of all process, pleadings, and orders served on Defendants to date are attached collectively to this Notice of Removal as **Exhibit A**.  28 U.S.C. § 1446(a).

41.    Upon filing this Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice of Removal with the Clerk of the 261st Civil District Court of Travis County, Texas, in accordance with 28 U.S.C. § 1446(d).

42.    In filing this Notice of Removal, Defendants expressly reserve and do not waive all defenses available to them, including their defenses under Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, this action is hereby removed from the 261st Civil District Court of Travis County, Texas, to the United States District Court for the Western District of Texas.  The undersigned Defendants respectfully request that this Court take jurisdiction of this action to the exclusion of further proceedings in said state court and that this action proceed in this Court as a properly removed action.

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, Texas  78701
Phone: (512) 495-6300
Fax: (512) 495-6399

By: */s/ Stephen E. McConnico*
    Stephen E. McConnico
    State Bar No. 13450300
    smcconnico@scottdoug.com
    Kennon L. Wooten
    State Bar No. 24046624
    kwooten@scottdoug.com

Ralph H. Duggins
State Bar No. 06183700
rduggins@canteyhanger.com
Philip A. Vickers
State Bar No. 24051699
pvickers@canteyhanger.com
Cantey Hanger LLP
600 West 6th Street, Suite 300
Fort Worth, Texas  76102
Phone: (817) 877-2800
Fax: (817) 877-2807


*Attorneys for Defendants Richardson Country Club Corp. d/b/a Canyon Creek Country Club, OK Century II Club, Inc., Walnut Creek Management Corp., Kingwood Country Club, Inc., OK University Club of Houston, Inc., OK Cipango Management Corporation, OK Forest Oak Country Club, Inc., Hill Country Golf, Inc. d/b/a Lost Creek Country Club, OK The Relay House Corporation d/b/a The Relay House, The Downtown Club, Inc. d/b/a The Plaza Club at Downtown, OK 2001 Bryan Tower Club Inc., OK Vita Center Management Corp., Citrus Club, Inc. d/b/a Citrus Club or Citrus Athletic Club, OK Pre 12-30-98 Operator of Halifax Club, Inc. d/b/a Halifax Club, Inc. or Halifax Investment Club, OK Pre 12-23-99 Owner Lafayette Club d/b/a Lafayette Club, Inc., The*

16

*Metropolitan Club of Chicago, Inc., d/b/a The Plaza, University Club of Jackson, MISS d/b/a University Club of Jackson, OK Jefferson Club Management Corporation d/b/a Jefferson Club, Inc., The Plaza Club of San Antonio, Inc., Tower Club, Inc., OK Akron Club Management Corp., OK Atlanta City Club, Inc., OK Atrium Club, Inc., and OK Heritage Club, Inc.*

**The following Defendants hereby consent to this removal:** Defendants ClubCorp Holdings, Inc., Brookhaven Country Club, Inc., ClubCorp Porter Valley Country Club, Inc. d/b/a Porter Valley Country Club, Inc., and ClubCorp Braemar Country Club, Inc.

By: */s/ Stephen E. McConnico*
Stephen E. McConnico
State Bar No. 13450300
smcconnico@scottdoug.com
Kennon L. Wooten
State Bar No. 24046624
kwooten@scottdoug.com

Ralph H. Duggins
State Bar No. 06183700
rduggins@canteyhanger.com
Philip A. Vickers
State Bar No. 24051699
pvickers@canteyhanger.com

*Attorneys for Defendants ClubCorp Holdings, Inc., Brookhaven Country Club, Inc., ClubCorp Porter Valley Country Club, Inc. d/b/a Porter Valley Country Club, Inc., and ClubCorp Braemar Country Club, Inc.*

17

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Notice of Removal has been served

on the following counsel of record for Plaintiff via U.S. Mail and email, on February 21, 2019.

Ann Hartley, Assistant Attorney General
Financial Litigation and Charitable Trusts Division
PO Box 12548
Austin, Texas 78711-2548
Phone: (512) 936-1313
Fax: (512) 477-2348
ann.hartley@oag.texas.gov

Brittany B. Long, Assistant Attorney General
Financial Litigation and Charitable Trusts Division
PO Box 12548
Austin, Texas 78711-2548
Phone: (512) 475-2467
Fax: (512) 477-2348
brittany.long@oag.texas.gov

Joshua A. Eames-Cepero, Assistant Attorney General
Financial Litigation and Charitable Trusts Division
PO Box 12548
Austin, Texas 78711-2548
Phone: (512) 936-0562
Fax: (512) 477-2348
joshua.eames-cepero@oag.texas.gov

*/s/ Kennon L. Wooten*
Kennon L. Wooten