Case No. 1:19-cv-00171

# EXHIBIT A

**TRAVIS COUNTY District Clerk**
**DMS Case Document List**

Cause Number: D-1-GN-19-000119

| File Date | Category | Description | Additional Info |
|---|---|---|---|
| 1/7/2019 | TDC - Civil - Pleading | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73363 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73362 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73364 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73353 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73355 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73352 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73350 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73351 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73356 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73354 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73361 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |



**TRAVIS COUNTY District Clerk**
**DMS Case Document List**

Cause Number: D-1-GN-19-000119

| File Date | Category | Description | Additional Info |
|-----------|----------|-------------|-----------------|
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73357 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73358 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73360 ISSUED BY RUBEN TAMEZ (47D1) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73359 ISSUED BY RUBEN TAMEZ (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER PD1-73366 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73369 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73374 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-7337S ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73367 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73370 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73371 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73372 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |

**TRAVIS COUNTY District Clerk**
**DMS Case Document List**

Cause Number D-1-GN-19-000119

| File Date | Category | Description | Additional Info |
|---|---|---|---|
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73368 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/10/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73373 ISSUED BY VICTORIA BENAVIDES (4701) ISS:CITATION |
| 1/11/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-BROOKHAVEN COUNTRY CLUB INC |
| 1/15/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73451 ISSUED BY CARRISA ESCALANTE (4701) ISS:CITATION |
| 1/15/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73450 ISSUED BY CARRISA ESCALANTE (4701) ISS:CITATION |
| 1/15/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73449 ISSUED BY CARRISA ESCALANTE (4701) ISS:CITATION |
| 1/15/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73452 ISSUED BY CARRISA ESCALANTE (4701) ISS:CITATION |
| 1/15/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-73481 ISSUED BY CARRISA ESCALANTE (4701) ISS:CITATION |
| 1/18/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-CLUBCORP HOLDINGS INC. |
| 1/22/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | |
| 1/22/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT- CLUBCORP BRAEMAR COUNTRY CLUB, INC. |
| 1/25/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-RICHARDSON COUNTRY CLUB CORP |
| 1/25/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-DOWNTOWN CLUB, INC. |

## TRAVIS COUNTY District Clerk
## DMS Case Document List

Cause Number: D-1-GN-19-000119

| File Date | Category | Description | Additional Info |
|---|---|---|---|
| 1/25/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-PLAZA CLUB OF SAN ANTONIO INC |
| 1/25/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-KINGWOOD COUNTRY CLUB INC |
| 1/25/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-WALNUT CREEK MANAGEMENT CORP |
| 1/25/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-HILL COUNTRY GOLF INC |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVITOK THE RELAY HOUSE CORPORATION D/B/A THE RELAY HOUSE |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-OK JEFFERSON CLUB MANAGEMENT COR PORATION |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-OK UNIVERSITY CLUB OF HOUSTON IN C |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-OK CENTURY II CLUB INC |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIOAVIT | RETURN OF SERVICE AFFIDAVIT- OK CIPANGO MANAGEMENT CORPORATI ON |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | |



**TRAVIS COUNTY District Clerk**
**DMS Case Document List**

Cause Number:   D-1-GN-19-000119

| File Date | Category | Description | Additional Info |
|---|---|---|---|
| 1/29/2019 | TDC – Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT- CLUBCORP PORTER VALLEY COUNTRY CLUB, INC. |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-OK ATLANTA CITY CLUB INC |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-OK ATRIUM CLUB INC |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-OK 2001 BRYAN TOWER CLUB INC. |
| 1/29/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-OK AKRON CLUB MANAGEMENT CORP |
| 1/31/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT-OK FOREST OAK COUNTRY CLUB INC |
| 1/31/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT- OK HERITAGE CLUB, INC. |
| 1/31/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | CITATION-OK PRE 12-23-99 OWNDER LAFAYETTE CLUB, ALSO D/B/A LAFAYETTE CLUB, INC. OR THE LAFAYETTE CLUB, INC. |
| 2/14/2019 | TDC – Civil - Other | LETTER/EMAIL/CORR | VACATION LETTER |
| 2/19/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | DECLARATION-UNIVERSITY CLUB OF JACKSON, MISS ALSO D/B/A UNIVERSITY CLUB OF JACKSON |
| 2/19/2019 | TDC - Civil - Issuance | RETURN OF SERVICE AFFIDAVIT | RETURN OF SERVICE AFFIDAVIT- OK THE RELAY HOUSE CORPORATION |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on ___2/19/19___

VELVA L. PRICE
DISTRICT CLERK
By Deputy:



1/7/2019 2:43 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-000119
Carrisa Stiles

CAUSE NO. **D-1-GN-19-000**119

| | | |
|---|---|---|
| STATE OF TEXAS, | § | IN THE DISTRICT COURT OF |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| V. | § | |
| | § | |
| CLUBCORP HOLDINGS, INC.; BROOKHAVEN | § | |
| COUNTRY CLUB, INC.; RICHARDSON | § | |
| COUNTRY CLUB CORP. D/B/A CANYON | § | |
| CREEK COUNTRY CLUB; OK CENTURY II | § | |
| CLUB, INC., WALNUT CREEK MANAGEMENT | § | |
| CORP.; KINGWOOD COUNTRY CLUB, INC.; | § | |
| OK UNIVERSITY CLUB OF HOUSTON, INC.; | § | |
| OK CIPANGO MANAGEMENT | § | |
| CORPORATION; OK FOREST OAK COUNTRY | § | |
| CLUB, INC.; HILL COUNTRY GOLF, INC. | § | |
| D/B/A LOST CREEK COUNTRY CLUB; | § | |
| CLUBCORP PORTER VALLEY COUNTRY | § | |
| CLUB, INC. D/B/A PORTER VALLEY | § | |
| COUNTRY CLUB, INC.; OK THE RELAY | § | |
| HOUSE CORPORATION D/B/A THE RELAY | § | TRAVIS COUNTY, TEXAS |
| HOUSE; THE DOWNTOWN CLUB, INC. D/B/A | § | |
| THE PLAZA CLUB AT DOWNTOWN; OK 2001 | § | |
| BRYAN TOWER CLUB INC.; OK VITA CENTER | § | |
| MANAGEMENT CORP.; CITRUS CLUB, INC. | § | |
| D/B/A CITRUS CLUB OR CITRUS ATHLETIC | § | |
| CLUB; OK PRE 12-30-98 OPERATOR OF | § | |
| HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, | § | |
| INC. OR HALIFAX INVESTMENT CLUB; OK | § | |
| PRE 12-23-99 OWNER LAFAYETTE CLUB | § | |
| D/B/A LAFAYETTE CLUB, INC.; THE | § | |
| METROPOLITAN CLUB OF CHICAGO, INC. | § | |
| D/B/A THE PLAZA; UNIVERSITY CLUB OF | § | |
| JACKSON, MISS D/B/A UNIVERSITY CLUB OF | § | |
| JACKSON; OK JEFFERSON CLUB | § | |
| MANAGEMENT CORPORATION D/B/A | § | |
| JEFFERSON CLUB, INC.; THE PLAZA CLUB | § | |
| OF SAN ANTONIO; TOWER CLUB, INC.; | § | |
| OK AKRON CLUB MANAGEMENT CORP.; OK | § | |
| ATLANTA CITY CLUB, INC.; OK ATRIUM | § | |
| CLUB, INC.; OK HERITAGE CLUB, INC.; | § | |
| CLUBCORP BRAEMAR COUNTRY CLUB, | § | |
| INC., | § | |
| | § | |
| *DEFENDANTS*. | § | **261ST** JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

## PLAINTIFF'S ORIGINAL PETITION

Comes now the State of Texas, Plaintiff, seeking judgment against Defendants ClubCorp Holdings, Inc. and other ClubCorp related entities (referred to collectively as "ClubCorp"), requiring that ClubCorp (1) allow the State of Texas to perform an unclaimed property audit of ClubCorp's books and records; (2) file statutorily required reports disclosing all unclaimed property it holds, as required by Texas law; (3) deliver to the State of Texas all unclaimed property it holds, including the unclaimed membership deposits belonging to its former Texas members in an amount estimated to be over $53,000,000.00; (4) pay statutory penalties and interest; and (5) pay attorney fees.

The State of Texas seeks monetary relief over $1,000,000, which is within the jurisdictional limits of the Court.

At issue in this lawsuit is ClubCorp's refusal to allow a full and complete examination of its books and records to determine whether ClubCorp is in possession of unclaimed property that has not been reported and remitted to the state, as required under Chapters 72 and 74 of the Texas Property Code. This includes an audit of millions of dollars that ClubCorp collected, decades ago, from its then-members, promising to unconditionally refund it after 30 years. This money is designated in ClubCorp's SEC filings as "initiation deposits" or "membership deposits." Instead of refunding this money, ClubCorp has kept it in violation of Texas unclaimed property law. ClubCorp sometimes refers to this money as an "interest free loan" or "forgivable loan" from its members and former members,

though ClubCorp has made no apparent provision to repay these "loans" after they matured, forgivable or not. In addition, ClubCorp has stated its intent not to turn this money over to the state unless forced to do so. Overall, ClubCorp has collected and is holding over $717 million in membership initiation deposits,[1] approximately $178 million of which ClubCorp acknowledges has matured.[2] This lawsuit concerns only membership deposits that have matured.

The purpose of this suit is to enforce the state's sovereign power to take possession of the initiation deposits attributable to Texas that are presumed abandoned, and to force ClubCorp to comply with state law requiring ClubCorp to allow audits of its books and records and to report and deliver unclaimed property to the state. These statutory obligations recur every year. ClubCorp has continuously defaulted on its legal duties owed to the state and has made clear its intent to "vigorously defend" its position until forced to comply with Texas unclaimed property laws.

## I. DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.

---

[1] *See* the 2016 10-K filed February 27, 2017, by ClubCorp Holdings, Inc. (hereafter "ClubCorp Holdings, Inc. 2016 10-K"), discussing "Contractual Obligations," pp. 72-73.

[2] *See* Form 10-Q for ClubCorp Holdings, Inc., filed July 19, 2017, (p. 5) https://www.sec.gov/Archives/edgar/data/1577095/000157709517000127/holdings-20𝟷𝟽𝟶𝟼𝟹𝟶x10q.htm (hereafter "ClubCorp Holdings, Inc. 2017 10-Q").

## II. PARTIES

2.     Plaintiff is the **State of Texas**, suing at the request of Glenn Hegar, Texas Comptroller of Public Accounts. As comptroller, Hegar is responsible for carrying out and enforcing Texas law related to unclaimed property. *See generally*, Texas Property Code, Chapters 72 and 74.

3.     Defendants are entities, affiliated with or owned by ClubCorp, that are holders of property belonging to others under Texas law.[3] ClubCorp is "a leading owner operator of private golf and country clubs and business, sports and alumni clubs in North America."[4] ClubCorp's headquarters is in Dallas, Texas, and Defendants do or did engage in and conduct substantial business in the state.

4.     Effective September 18, 2017, ClubCorp Holdings, Inc., a Nevada corporation that was publicly traded on the New York Stock Exchange (NYSE:MYCC), was acquired by Constellation Club Parent, Inc., a Delaware corporation. The surviving company is ClubCorp Holdings, Inc. When the merger became effective,

> **all** the **properties**, rights, privileges, immunities, powers, and franchises of the Company [ClubCorp] and Merger Sub [Constellation Merger Sub, Inc., a Nevada corporation and wholly owned subsidiary of Constellation Club Parent, Inc., a Delaware corporation] shall vest in the Company as the Surviving Corporation **and all** claims, obligations, **debts**,

---

[3] ClubCorp Holdings, Inc. 2016 10-K, p. 4, discusses the financial dealings of these affiliates together and stated that, "Throughout this annual report on Form 10-K ('Form 10-K'), we refer to ClubCorp Holdings, Inc., together with its subsidiaries, as 'we,' 'us,' 'our,' 'ClubCorp' or the 'Company.'"

[4] ClubCorp Holdings, Inc. 2016 10-K, p. 4.

> **liabilities** and duties of the Company and Merger Sub shall become the claims, obligations, debts, liabilities and duties of the Company as the Surviving Corporation.[5] (Emphases added).

ClubCorp Holdings, Inc. is thus, by terms of the merger agreement, a "holder" under Texas law for any unclaimed property held by the pre-merger ClubCorp or by its individual affiliated entities.

5.   The term "ClubCorp" in this pleading refers to the entities affiliated with or owned by ClubCorp Holdings, Inc. that are "holders" under Texas law. Specific ClubCorp entities are referred to by their legal name.

6.   ClubCorp defendants presently known to the State are:

a.   **ClubCorp Holdings, Inc.** is a Nevada corporation that is "the largest owner of private golf and country clubs in the United States."[6] Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. It may be served by service on its registered agent CSC Services of Nevada, Inc. at 2215-B Renaissance Drive, Las Vegas, Nevada 89119.

b.   **Brookhaven Country Club, Inc.** is a Texas corporation that operates Brookhaven Country Club at 3333 Golfing Green Dr., Farmers Branch, Texas 75234. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas,

---

[5] *See* Form 8-K for ClubCorp Holdings, Inc., filed with the SEC July 10, 2017, Article 2.1 of the Agreement and Plan of Merger, by and among ClubCorp Holdings, Inc., Constellation Club Parent, Inc. and Constellation Merger Sub, Inc., attached as Exhibit 2.1 to the Form 8-K.

[6] *See* Schedule 14A Introduction, Proxy Statement issued August 8, 2017, by ClubCorp Holdings, Inc.

[https://www.sec.gov/Archives/edgar/data/1577095/000104746917005072/a2232921zd efm14a.htm#mg79801_annex_b]

Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

      c.    **Richardson Country Club Corp.**, also d/b/a Canyon Creek Country Club, is a Texas corporation that operates Richardson Country Club at 625 West Lookout Drive, Richardson, Texas 75080. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

      d.    **OK Century II Club, Inc.**, an Oklahoma corporation, may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

      e.    **Walnut Creek Management Corp.** is a Texas corporation that operates Walnut Creek Country Club at 1151 Country Club Drive, Mansfield, Texas 76063. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

      f.    **Kingwood Country Club, Inc.** is a Texas corporation that operates The Clubs of Kingwood at 1700 Lake Kingwood Trail Kingwood Clubhouse, Kingwood, Texas 77339. Its principal office is located at 3030 LBJ Freeway, Suite

600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

g.    **OK University Club of Houston, Inc.** is an Oklahoma corporation that operates the Houston Club at 910 Louisiana Street One Shell Plaza, Suite 4900, Houston, Texas 77002. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

h.    **OK Cipango Management Corporation**, an Oklahoma corporation, may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

i.    **OK Forest Oak Country Club, Inc.**, an Oklahoma corporation, may be served by service on its registered agent Corporation Service Company at 10300, Greenbriar Pl. Oklahoma City, Oklahoma 73159-7653.

j.    **Hill Country Golf, Inc.**, also d/b/a Lost Creek Country Club, is a Texas corporation that operates Lost Creek Country Club at 2612 Lost Creek Boulevard, Austin, TX 78746. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

k. **ClubCorp Porter Valley Country Club, Inc.**, also d/b/a Porter Valley Country Club, Inc., is a Delaware corporation that operates Porter Valley Country Club at 19216 Singing Hills Drive, Northridge, California 91326. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808 and Corporation Service Company, In California as CSC - Lawyers Incorporating Service (C1592199) at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

l. **OK The Relay House Corporation**, also d/b/a The Relay House, an Alabama corporation, may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653 and CSC Lawyers Incorporating Service, Inc. at 150 S. Perry St., Montgomery, Alabama 36104-4227.

m. **The Downtown Club, Inc.**, also d/b/a The Plaza Club at Downtown, is a Texas corporation that operates the Downtown Club at MET 340 West Dallas Street, Houston, Texas 77002. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

n. **OK 2001 Bryan Tower Club Inc.** is an Oklahoma corporation that operates Tower Club Dallas at 1601 Elm Street Thanksgiving Tower 48th Floor,

Dallas, Texas 75201. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

      o.    **OK Vita Center Management Corp.**, also d/b/a Vita Center Management Corp., an Oklahoma corporation, may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

      p.    **Citrus Club, Inc.**, also d/b/a Citrus Club or Citrus Athletic Club, is a Florida corporation that operates 255 South Orange Avenue, Suite 1800, Orlando, Florida 32801. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company at 1201 Hays Street, Tallahassee, Florida 32301-2525.

      q.    **OK Pre 12-30-98 Operator of Halifax Club, Inc.**, also d/b/a Halifax Club, Inc. or Halifax Investment Club, an Oklahoma corporation, may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

      r.    **OK Pre 12-23-99 Owner Lafayette Club**, also d/b/a Lafayette Club, Inc. or The Lafayette Club, Inc., an Oklahoma corporation, may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

s.      **The Metropolitan Club of Chicago, Inc.**, also d/b/a The Plaza, is an Illinois corporation that operates The Metropolitan at 233 South Wacker Drive Willis Tower, 67th Floor Chicago, Illinois 60606. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Illinois Corporation Service at 801 Adlai Stevenson Dr., Springfield, Illinois 62703-4261.

t.      **University Club of Jackson, MISS**, also d/b/a University Club of Jackson, a Mississippi corporation, may be served by service on its registered agent Corporation Service Company at 5760 I 55 N., Suite 150, Jackson, Mississippi 39211-2654.

u.      **OK Jefferson Club Management Corporation**, also d/b/a Jefferson Club, Inc., is a Virginia corporation that operates Traditions of Braselton at 350 Traditions Way, Jefferson, Georgia 30549. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company at 100 Shockoe Slip, FL 2, Richmond, Virginia 23219-4100.

v.      **The Plaza Club of San Antonio, Inc.** is a Texas corporation that operates the Plaza Club at 100 West Houston Street, 21st Floor, San Antonio, Texas 78205. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

w.     **Tower Club, Inc.** is a Florida corporation, that operates Tower Club, Ft. Lauderdale at 100 SE Third Avenue One Financial Plaza, Regions Bank Bldg., 28th Floor, Fort Lauderdale, Florida 33394. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation can be served by service on its registered agent Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

x.     **OK Akron Club Management Corp.** is an Oklahoma corporation. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

y.     **OK Atlanta City Club, Inc.** is an Oklahoma corporation. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

z.     **OK Atrium Club, Inc.** is an Oklahoma corporation. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

aa.     **OK Heritage Club, Inc.**  is an Oklahoma corporation. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The

corporation may be served by service on its registered agent Corporation Service Company at 10300 Greenbriar Pl., Oklahoma City, Oklahoma 73159-7653.

bb.   **ClubCorp Braemar Country Club, Inc.** is a Delaware corporation. Its principal office is located at 3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. The corporation may be served by service on its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

## III. Venue & Jurisdiction

7.     Venue and jurisdiction are proper in this Court under Texas Property Code Section 74.709(a) and (b). (On request of the comptroller, the attorney general shall bring an action in district court, in the name of the state, to compel a holder to deliver property or to file a property report. Venue for a suit brought under this section is in Travis County.)

## IV. Introduction

8.     ClubCorp holds and intends to keep millions of dollars that belong to its current and former members—in violation of Texas law. ClubCorp acknowledged in its 2016 10-K that initiation deposits totaling **$170.4 million** were "eligible to be refunded **currently** within the next twelve months" (as of December 27, 2016). As of June 13, 2017, ClubCorp reported the liability had risen to $178,086,000.[7] ClubCorp also declared its intention to "vigorously defend ourselves in any legal proceedings under applicable state laws seeking to have us remit initiation deposits eligible to be

---

[7] ClubCorp Holdings, Inc. 2017 10-Q, p. 5.

refunded to any of our members that have not been previously refunded. . . ." This lawsuit is such a "legal proceeding under applicable state law."

9.     Texas, like every other state, limits how long one person (including a corporation) may hold another person's property before it is presumed abandoned. Typically, businesses holding unclaimed property ("holders") must turn the property over to the state after a statutorily defined dormancy period expires. The state will then hold the unclaimed property in a custodial capacity until the owner claims it.

10.     The purpose of unclaimed property laws is to protect consumers by ensuring money owned by, or owed to, them is remitted to the state so it can be returned to the owners, rather than remaining permanently in private hands, with financial institutions, business associations, governments, and other entities.[8] Title 6 of the Texas Property Code[9] sets out the law for any person holding Texas unclaimed property—which generally means property owned by a person last known to be in Texas.

11.     The U.S. Supreme explained the basis of state (New Jersey) control over unclaimed property in 1951:

> As a broad principle of jurisprudence rather than as a result of the evolution of legal rules, it is clear that a state, subject to constitutional limitations, may use its legislative power to dispose of property within its reach, belonging to unknown persons. Such property thus escapes seizure by would-be possessors and is used for the general good rather than for the

---

[8] "What is Unclaimed Property," National Association of Unclaimed Property Administrators, at **https://www.unclaimed.org/what/**

[9] Chapters 71 through 75.

chance enrichment of particular individuals or organizations. Normally the obligor or holder and the obligee or owner of abandoned property would, as here, have **no contractual arrangement between themselves for its disposition in case of the owner's failure to make claim**. As the disposition of abandoned property is a function of the state, no implied contract arises between obligor and obligee to determine the disposition of such property. Consequently, there is no impairment of contract by New Jersey's statute, enacted subsequent to the creation of the obligations here under examination, but only the exercise of a regulatory power over abandoned property.

*Standard Oil Co. v. State of N.J., by Parsons*, S. Ct. 822, 827 (1951) (Emphasis added).

As in *Standard Oil*, ClubCorp has no contractual arrangement with its members for disposition of the members' or former members' money if they do not claim their refundable deposits. ClubCorp does not get to keep it just because its members or former members have not claimed it.

12.    In Texas, holders of personal property that is presumed abandoned are statutorily required to account for, report, and deliver such property to the comptroller by July 1st of each year.[10] The state then assumes custody of the property and is responsible for its safekeeping until the reported owner, or another authorized claimant, makes a claim for the property.[11] The state delivers it when an owner claims it and satisfies the comptroller's requirement to establish his or her right to the property. ("The comptroller shall review the validity of each claim filed under this

---

[10] ". . . [E]ach holder who on March 1 holds property that is presumed abandoned under Chapter 72, 73, or 75 shall deliver the property to the comptroller on or before the following July 1 accompanied by the report required to be filed under Section 74.101." Tex. Prop. Code § 74.301(a).

[11] Tex. Prop. Code § 74.304.

section. If the comptroller determines that a claim is valid, the comptroller or the comptroller's authorized agent shall approve the claim. If the claim is for money and has been approved under this section, the comptroller shall pay the claim. . . .") TEX. PROP. CODE § 74.501(a), (b). There is no time limit for owners (or their descendants) to claim their property from the comptroller.

13.     Texas' regulatory scheme relies on holders to identify and report unclaimed property, in addition to delivering it. Holders are required to provide certain information regarding the property to assist the comptroller in reuniting owners with their property. *See* TEX. PROP. CODE § 74.101. Also fundamental to effective regulation and compliance is the comptroller's authority to examine the books and records of any holder to enforce compliance with the state unclaimed property laws. *See* TEX. PROP. CODE § 74.702

14.     The comptroller maintains a website, **ClaimitTexas.org**, on which users can search for and claim their property. ("I encourage everyone to go online, take a look around and see if there is money waiting for you or your loved ones.")[12] Texas has returned more than $2 billion in unclaimed property to its rightful owners, and the Comptroller paid out $281,000,000.00 in claims during 2017.[13]

---

[12] Glenn Hegar. Press release December 18, 2017, **Texas Comptroller's Office Unveils New Unclaimed Property Website** https://comptroller.texas.gov/about/media-center/news/2017/171218-unclaimed-property.php.

## V. BACKGROUND AND FACTS

**ClubCorp's History**

15.     Founded in 1957, ClubCorp is "a membership-based leisure business and a leading owner-operator of private golf and country clubs and business, sports and alumni clubs in North America."[14] (As of June 13, 2017, ClubCorp's portfolio included 204 owned or operated clubs, with over 184,000 memberships, and served over 430,000 individual members. ClubCorp's facilities are located in 27 states, the District of Columbia and two foreign countries.)[15]

16.     Generally, since ClubCorp was founded, new members have been expected to pay an initiation fee and/or an initiation deposit upon their acceptance as a member of the club. Initiation fees are generally not refundable, while deposits are. The new members generally agree, in writing, that ClubCorp can hold their deposits for thirty years, after which the deposit is to be refunded. *See* **Exhibit A**, exemplars of a Membership Acceptance contract signed by ClubCorp members in 1984, redacted to remove any identifying information about the member. This contract states that, "It is further understood and agreed that thirty (30) years from the date of acceptance, the [Club] will **unconditionally** repay applicant 100% of the initiation deposit made by applicant herewith." (Emphasis added). ClubCorp has amended these contracts over the years, but the fundamental 30-year deposit, subject to unconditional refund, has been preserved. A 1995 version added a requirement to the "unconditional"

---

[14] ClubCorp Holdings, Inc. 2017 10-Q, p. 30.



refund that the former member must make a "written demand" for return of the deposit. ("It is further agreed and understood that thirty (30) years from the date of acceptance, and upon written demand of Applicant, Owner will unconditionally repay Applicant one hundred percent (100%)" of the initiation deposit made by Applicant to Owner."). *See* **Exhibit B**. However, the U.S. Supreme court ruled in 1948 that failure of a condition precedent to payment under a contract does not bar states from collecting the proceeds as unclaimed property under their modern custodial unclaimed property laws.[16]

17.     In fact, states exercise their sovereignty daily to recover and collect billions of dollars without complying with the underlying terms and conditions of the agreements contractual instruments when administering state unclaimed property laws. ClubCorp's written-demand requirement is not enforceable against the state.

18.     Since its inception, ClubCorp has relied on membership initiation deposits to help fund club development and acquisitions. As ClubCorp founder Robert H. Dedman, Sr. explained in his autobiography,[17] "To be a good entrepreneur, you have to know how to intelligently use what we call OPM, 'Other People's Money. . . .' If we didn't sell memberships, we couldn't meet our construction payments on the subsequent phases."

---

[16] "When the state undertakes the protection of abandoned claims, it would be beyond a reasonable requirement to compel the state to comply with conditions that may be quite proper as between the contracting parties. The state is acting as a conservator, not as a party to a contract." *Connecticut Mut. Life Ins. Co. v. Moore*, 68 S. Ct. 682, 686 (1948).

[17] *King of Clubs: Grow Rich in More Than Money* (Taylor Publishing Company, 1999), Dedman, Robert H. ("*King of Clubs*"), p. 172.

19.     Mr. Dedman joked about ClubCorp's successful use of OPM. His autobiography discusses—humorously—the "developer's creed:" "A dollar borrowed is a dollar earned. A dollar refinanced is a dollar saved. And a dollar paid back is a dollar lost forever." *King of Clubs* at page 86. In another joke, he shares the "CEO's creed"—"Debt that does not become due before I retire or sell my stock is equity." *King of Clubs* at page 86.

20.     It is not a joke, however, that from the beginning ClubCorp has relied on membership deposits to fund its operations and expansion:

> This dependency on memberships coined a familiar question for our executives. On a daily basis, I'd ask, "Partner, what's your CIFs for today?" That stood for "Cash in Fist." CIFs were our bread and butter while Brookhaven was under construction.[18]

21.     Over the sixty years of its existence, ClubCorp has collected over $717,100,000 in initiation fees[19] and continues to interpose its own private escheat practice to enjoy the windfall of using unsecured *matured* initiation deposit debt totaling at least **$170,000,000.00** currently owed to its members and former members, their successors or heirs, for the financial benefit of ClubCorp.

---

[18] *King of Clubs*, p. 174.

[19] The ClubCorp Holdings, Inc. 2016 10-K, p. 72, stated the following: "As of December 27, 2016, we have redeemed approximately 2.1% of total initiation deposits received, including those due on demand. The present value of the initiation deposits received is recorded as a liability on our consolidated balance sheets and accretes over the nonrefundable term using the effective interest method. At December 27, 2016, **the gross amount of the initiation deposits recorded as a liability was $717.1 million**." (Emphasis added). (*See* this at https://www.sec.gov/Archives/edgar/data/1577095/000157709517000061/holdings-20161227x10k.htm).

**Original Promise of Unconditional Refund—When 30 Years was Forever.**

22.     Thirty-plus years ago, ClubCorp promised it would "unconditionally repay" the deposit after thirty years. Today, ClubCorp says a deposit may be "eligible" to be refunded after a member or former member overcomes unspecified conditions subsequently imposed by ClubCorp.

23.     ClubCorp used to plainly refer to its duty to refund this money as an "obligation," even if the present value of the future obligation was deemed immaterial. However, as the membership deposits continued to grow over time ClubCorp's view of its responsibility regarding this money has changed. For example, the ClubCorp International 1996 10-K[20] says (pp. 6–7) that the company, "receives membership deposits that constitute an important source of cash flows [. . . .] Membership deposits are included in cash flows and are accounted for as **obligations** of the Company." (Emphasis added)

24.     In its discussion of liquidity and capital resources, the 1996 10-K says:

> Membership deposits represent non-interest-bearing advance initiation deposits paid by members when they join a club and are generally **due and payable 30 years** from the date of acceptance. **Management does not consider maturities of**

---

[20] *See* Form 10-K for ClubCorp International, filed with the SEC March 27, 1997, p. 4 ("ClubCorp International 1996 10-K") ("The predecessor corporation to ClubCorp was organized in 1957 under the name Country Clubs, Inc. All references herein to ClubCorp shall also include Country Clubs, Inc. and its successor corporations. For purposes of this document, references to the "Company" include ClubCorp's various subsidiaries. However, each of ClubCorp and its subsidiaries is careful to maintain its separate legal existence, and general references to the Company should not be interpreted in any way to reduce the legal distinctions between the subsidiaries or between ClubCorp and its subsidiaries."). This 1996 10-K can be read at https://www.sec.gov/Archives/edgar/data/929455/0000929455-97-000003-index.htm[]

> **membership deposits over the next five years to be material**.

*See* 1996 10-K for ClubCorp International, p. 28. (Emphases added).

**Now, "Unconditionally" Refundable Deposits are Refundable *IF*.**

25.    Since 1996, the maturity of membership deposits has become increasingly material. ClubCorp has refused to disclose the amount of initiation deposits owed to its current and former Texas members, but its SEC filings are nevertheless informative. In 2010, the amount *currently* due (within one year or less) to all its members and former members, according to ClubCorp, was **$51,704,000**.[21] Its most recent 10-K filed with the SEC[22] stated that, for the entire ClubCorp operation,[23] **$170,355,000** was refundable within a year of December 27, 2016. As of ClubCorp's latest SEC filing, for the period ending June 13, 2017, the total amount of matured initiation deposits *currently due* to all of ClubCorp's current and former members, had grown to **$178,086,000**.[24]

26.    ClubCorp's characterization of the deposits has shifted accordingly to acknowledge the impact returning such deposits would have on its operation:

---

[21] *See* Form S-4 for ClubCorp Club Operations, Inc., p. 28, filed March 28, 2011. https://www.sec.gov/Archives/edgar/data/1515382/000104746911002747/a2202241zs-4.htm.

[22] *See* ClubCorp Holdings, Inc. 2016 10-K p. 72 ("Contractual Obligations," Membership initiation deposits).

[23] *See* ClubCorp Holdings, Inc. 2016 10-K p. 4, Item 1, Business: "Throughout this annual report on Form 10-K ("Form 10-K"), we refer to ClubCorp Holdings, Inc., together with its subsidiaries, as "we," "us," "our," "ClubCorp," or the "Company."

[24] *See* ClubCorp Holdings, Inc. 2017 10-Q (p. 5), https://www.sec.gov/Archives/edgar/data/1577095/000157709517000127/holdings-20170613x10q.htm

> If the number of refunds dramatically increases in the future, our financial condition could suffer and the funding requirement for such refunds could strain our cash on hand or otherwise force us to reduce or delay capital expenditures, reduce or eliminate planned dividend payments, sell assets or operations or seek additional capital in order to raise the cash necessary to make such refunds.[25]

27.     ClubCorp's recent SEC filings reflect the fact that it now intends to *not* "unconditionally repay" its members and former members but instead to repay only after 30 years *and* "upon the occurrence of other contract-specific conditions."[26] ("While we will make a refund to any member whose initiation deposit is *eligible* to be refunded, we **may be** subject to various states' escheatment laws with respect **to initiation deposits that have not been refunded to members.** [. . .]")

28.     The fact that a deposit has matured and is "*eligible to be* refunded" thus does not mean that ClubCorp actually intends to either refund it or deliver it to the comptroller.

29.     While ClubCorp originally acknowledged its obligation to "unconditionally repay" 100% of the initiation deposit, its position has evolved to the point that now, ClubCorp admits[27] that "as of December 27, 2016, **we have redeemed approximately 2.1%** of total initiation deposits received, including those due on demand." (Emphasis added). More to the point, ClubCorp intends to hold this money until forced to release it—regardless of the contractual obligations it

---

[25] *See* ClubCorp Holdings, Inc. 2016 10K (p. 23).

[26] *Id.*

[27] *See* ClubCorp Holdings, Inc. 2016 10-K, p. 72, note (3).

previously recognized—because honoring the refund obligation "could strain our cash on hand. . . ."[28]

30.    Instead of complying with state laws regarding unclaimed property, ClubCorp has stated its intent to *not* remit the refundable initiation deposits. ("*We currently do not remit to states any amounts relating to initiation deposits that are eligible to be refunded to members based upon our interpretation of the applicability of such laws to initiation deposits.*")[29]

**ClubCorp Refuses to Provide Information.**

31.    It is fundamental that the comptroller should be, and is, authorized to examine the books and records of entities that hold other people's property. TEX. PROP. CODE § 74.702. ClubCorp has refused to allow an audit that would show whether it is holding its members' and former members' unclaimed property—and how much. In 2008, the comptroller advised ClubCorp that the state was commencing a non-voluntary audit and examination of the books and records of ClubCorp, Inc. and all related subsidiary entities, to determine compliance with the state's unclaimed property statutes. *See* **Exhibit C**, a July 17, 2008, letter to Mr. Eric Affeldt, Chief Executive Office and President of ClubCorp.

---

[28] *See* ClubCorp Holdings, Inc. 2016 10-K, p. 23, Item 1A, Risk Factors: "We could be required to make material cash outlays in future periods if the number of initiation deposit refunds requests we receive materially increases or if we are required to surrender unclaimed initiation deposits to state authorities under applicable escheatment laws."



32. Rather than comply, on or around August 26, 2009, Mr. Affeldt created 27 Oklahoma entities, then under individual plans of merger executed documents to merge the 27 Texas-chartered ClubCorp entities into newly created Oklahoma entities with similar names. The Oklahoma entities were the survivors of the mergers and continue to exist. According to the merger documents all ownership shares of the Texas entities were converted to shares in the Oklahoma entities. ClubCorp slashed the amount of unclaimed property held by Texas-chartered entities within the state, but this act by ClubCorp did *not* extinguish the members' or former members' ownership rights in their property, or ClubCorp's liability for the unclaimed property now in the possession of the resulting entities, wherever they are today, as long as they hold the unclaimed refundable membership deposits of any Texas member or former member. *See* **Exhibit D**, August 26, 2009, Articles of Merger of University Club of Dallas, Inc., into OK University Club of Dallas, Inc., signed by Eric Affeldt, President of both.

33. ClubCorp has shared with the Texas comptroller only select information about the refundable deposits it holds, limiting its disclosures to Texas-chartered entities and omitting the formerly-Texas-chartered entities now merged into Oklahoma corporations. ClubCorp has steadfastly refused to produce information about deposits held in other states, contending such information is irrelevant to concerns of the Texas comptroller, and that ClubCorp is not a "holder." Even so, ClubCorp in 2015 provided the comptroller with a database entitled

**ClubCorp**
**Texas Unclaimed Property Audit**
**Matured (and dormant) Member Loan Payments.**

This database provided the name and address of certain Texas members along with
the club, date of the "maturity" of the deposit and the amount. Although ClubCorp's
lawyer, who provided the database, advised that it was "preliminary subject to
additional work," this initial list showed **13,131** Texas members (or former members)
for whom ClubCorp was holding "matured" (over 30 years old), and "dormant" (held
by ClubCorp an additional three years) money. The last page of this database, with
names and addresses of members redacted, is attached as **Exhibit E.** (According to
ClubCorp's records, it, or its identified entities, was holding at least **$5,835,005.02** in
matured, dormant deposits for 13,131 Texas members or former members as of
October 2015.)

34.    On June 1, 2010, a representative of ClubCorp wrote to the state's
auditor seeking information that, "[A]s we have discussed before, the membership
deposits that you refer to in your letter are atypical and it is ClubCorp's position that
they do not fall within the state unclaimed property laws." See **Exhibit F.** ClubCorp's
lawyer stated in an email (October 29, 2010) that

> ClubCorp continues to believe that none of the initiation
> payments it receives from members constitutes unclaimed
> property. . . simply because the members are not unknown to
> ClubCorp. As you no doubt appreciate Texas Property Code
> Section 72.101(a) requires an owner of property to be unknown to
> the holder of property before it can be classified as abandoned.
> The vast majority of initiation payments received from ClubCorp
> are from known members.

35.    ClubCorp has refused to provide information for the audit the comptroller has sought to verify ClubCorp's assertions that its members and former members are "not unknown to ClubCorp." (If ClubCorp has notified the members and former members it supposedly knows how to contact about their refundable deposits, ClubCorp has not informed the comptroller.) Instead, ClubCorp has shared only select, limited information.

36.    In July 2015, ClubCorp's lawyer sent a memo explaining the company's legal position. *See* **Exhibit G**. ClubCorp argued that the "course of dealing" between ClubCorp and its members "strongly illustrates that the initiation deposits have been treated as *forgivable loans and not deposits.*" (Emphasis added).

### ClubCorp Will "Vigorously Defend," Won't Refund Refundable Deposits.

37.    In September 2015, the comptroller responded with an offer to settle "all unclaimed property liability for initiation deposits due and held by ClubCorp." *See* **Exhibit H**. The offer did not require ClubCorp to pay all matured initiation deposits—to its members and former members, or to the comptroller. It invited ClubCorp to demonstrate the legitimacy of its claim that its members and former members, in fact, considered the initiation deposits they had paid over thirty years ago to be forgivable loans. The offer called on ClubCorp to send each Texas member an election form in which the member would choose whether the matured initiation deposit would be "returnable to the member or may be retained by ClubCorp." ClubCorp would also have been required to pay the unclaimed deposits for members who did not respond to the election form and begin reporting (paying) the deposits

coming due every year. The offer required ClubCorp to allow an audit of the records of all operating affiliates with Texas members.

38.    ClubCorp did not accept this offer. Despite numerous requests, ClubCorp failed to provide the membership initiation deposit records required to enable the Texas comptroller to complete an audit of this property. At ClubCorp's request, the comptroller sent two staff members to ClubCorp's office in one more effort to obtain the information.  "Unfortunately, during that meeting, ClubCorp failed to provide our staff with the requested membership deposit source information. Without being able to review source documents and complete membership account, we cannot determine the accuracy of the $5.8 million amount ClubCorp quoted as abandoned membership deposit funds due to Texas." *See* **Exhibit I**. A February 2016, letter from the comptroller extended yet another offer "giving ClubCorp a final opportunity to comply with the auditor and comptroller requests for the membership source information."[30]

39.    Additional efforts to obtain this information from ClubCorp were unsuccessful, and in December 2017, the comptroller made a demand on ClubCorp for $53,425,800.00, based on information disclosed in ClubCorp's SEC filings and ClubCorp's filings with the comptroller. *See* **Exhibit J**. The comptroller offered to waive penalties ($5,342,580.00) and interest ($25,534,564.30) if ClubCorp made full payment and delivered complete reports by February 19, 2018.

40.    ClubCorp rejected the comptroller's offer, sending a letter dated February 9, 2018, explaining its legal argument, beginning with a complaint that the comptroller was directing its demand to the wrong entity—the parent company (ClubCorp Holdings, Inc.) rather than each individual club. The letter explains that ClubCorp "assists with the maintenance of the books and records for the individual subsidiary clubs, provides administrative services to the clubs, and facilitates any audits of the clubs. ClubCorp also implements a centralized cash-management process that results in cash received by clubs passing through ClubCorp's bank account. Intercompany movement of money is documented on ClubCorp's records and on the individual clubs' records." The letter concludes that "ClubCorp is not the 'holder' of the initiation payments and cannot be deemed as such simply because of its relationship to individual clubs." *See* **Exhibit K.**

41.    This lawsuit seeks to stop ClubCorp from continuing to withhold information—and owners' money. Whether its members' or former members' unrefunded deposits or any other property remains at the local subsidiary club level or is controlled by a parent/management/operation/holding company, ClubCorp is required to allow the comptroller to perform an audit and to turn over to the State of Texas the money it now holds that belongs to its former members.

## VI. TEXAS LAW APPLICABLE TO UN-REFUNDED DEPOSITS HELD BY CLUBCORP.

### Authority

42.    The comptroller, along with the attorney general, is charged with enforcing Texas unclaimed property laws.

To enforce this chapter and to determine whether reports have been made as required by this chapter, the comptroller, the attorney general, or an authorized agent of either, at any reasonable time, may examine the books and records of any holder.

TEX. PROP. CODE § 74.702(a) (Examination of Records).

The comptroller and the attorney general may employ, in the office of either official, additional personnel necessary to enforce this title.

TEX. PROP. CODE § 74.703(a) (Additional Personnel).

(a)     On request of the comptroller, the attorney general shall bring an action in district court, in the name of the state, to compel a holder to deliver property or to file a property report.

(b)     Venue for a suit brought under this section is in Travis County.

(c)     The fact that a suit seeks enforcement of this section from more than one holder is not grounds for an objection concerning misjoinder of parties or causes of action.

(d)     When introduced into evidence, the verified property report, unless rebutted, is sufficient evidence that the property is abandoned and subject to delivery under this chapter and for entry of a judgment transferring custody of the property to the comptroller.

(e)     The attorney general, on behalf of the comptroller, may recover reasonable attorney's fees from the holder in addition to recovery of any unclaimed property accrued or a penalty or interest due.

(f)     In addition to a penalty or interest assessed on delinquent property, a holder who fails to pay or deliver property or who fails to file a property report within the time prescribed by this chapter is subject to a civil penalty not to exceed $100 for each day of violation.

TEX. PROP. CODE § 74.709 (Suit to Compel Delivery of Property and Civil Penalties.)

43.   Abandoned property is subject to Chapter 72 of the Property Code if:

(1)   the last known address of the apparent owner, as shown on the records of the holder, is in this state;

(2)   the records of the holder do not disclose the identity of the person entitled to the property, and it is established that the last known address of the person entitled to the property is in this state;

(3)   the records of the holder do not disclose the last known address of the apparent owner, and it is established that:

   (A)   the last known address of the person entitled to the property is in this state; or

   (B)   the holder is a domiciliary or a government or governmental subdivision or agency of this state and has not previously paid or delivered the property to the state of the last known address of the apparent owner or other person entitled to the property;

(4)   the last known address of the apparent owner, as shown on the records of the holder, is in a state that does not provide by law for the escheat or custodial taking of the property or is in a state in which the state's escheat or unclaimed property law is not applicable to the property, and the holder is a domiciliary or a government or governmental subdivision or agency of this state;

(5)   the last known address of the apparent owner, as shown on the records of the holder, is in a foreign nation and the holder is a domiciliary or a government or governmental subdivision or agency of this state; or

(6)   the transaction out of which the property arose occurred in this state and:

   (A)   the last known address of the apparent owner or other person entitled to the property is:

      (i)   unknown; or

        (ii)    in a state that does not provide by law for the escheat or custodial taking of the property or in a state in which the state's escheat or unclaimed property law is not applicable to the property; and

     (B)    the holder is a domiciliary of a state that does not provide by law for the escheat or custodial taking of the property or a state in which the state's escheat or unclaimed property law is not applicable to the property.

TEX. PROP. CODE § 72.001(a). (Application of Chapter.)

44.    A holder of property presumed abandoned is subject to the procedures of Property Code Chapter 74. TEX. PROP. CODE § 72.001(d).

**What is a "Holder?"**

45.    A "holder" under Texas law is a person, wherever organized or domiciled, who is (1) in possession of property that belongs to another; (2) a trustee; or (3) indebted to another on an obligation. TEX. PROP. CODE § 72.001(e).

46.    A person does not shed the obligations of a holder by transferring property to an affiliate or spending it. Any person holding property on March 1 of any year becomes a trustee "for the benefit of the state on behalf of the missing owner and is liable to the state for the full value of the property, plus any accrued interest and penalty." TEX. PROP. CODE § 74.708. Likewise, if an individual ClubCorp club signed a contract with a member, that individual club is indebted to the member, and if the individual club transferred the member's deposit to another ClubCorp affiliate, that affiliate is a holder by virtue of being in possession of the money. Even under ClubCorp's theory that its members have extended forgivable, interest-free thirty-

year loans, the money is still presumed abandoned, and ClubCorp is still a "holder,"

subject to Texas unclaimed property law.

**What is "Abandoned Property?"**

47.    Generally, personal property is presumed abandoned if, for longer than

three years:

> (1) the existence and location of the owner of the property **is** unknown to the
> holder of the property; and (2) according to the knowledge and records of the
> holder of the property, a claim to the property has not been asserted or an act
> of ownership of the property has not been exercised.

TEX. PROP. CODE §72.101(a) (emphasis added).

48.    The fact that thirty years ago ClubCorp knew the "existence and

location" of people who paid refundable membership deposits is not the test: If

ClubCorp does not *now* know this information for a current or former member, then

that member's refundable deposit is abandoned property under Section 72.101.

**What is the Legal Obligation of a Holder of Abandoned Property?**

49.    The legal obligation of anyone holding someone else's abandoned

property is set out in Property Code Section 74.708:

> A holder who on March 1 holds property presumed abandoned under
> Chapters 72–75 holds the property **in trust** for the benefit of the state
> on behalf of the missing owner and is **liable to the state for the full
> value of the property, plus any accrued interest and penalty**. A
> holder is not required by this section to segregate or establish trust
> accounts for the property provided the property is timely delivered to
> the comptroller in accordance with Section 74.301.

TEX. PROP. CODE § 74.708 (Property Held in Trust) (Emphases added).

50.    Banks, utility companies, insurance companies—these entities typically

hold other people's money for long periods without having to report it as abandoned

property. The key to this exception is twofold: (1) the entity knows where the property owners are, and (2) the property owners communicate with the entity and assert some act of ownership over the property.

51.     ClubCorp could easily avoid being forced to "remit" its members' money to the comptroller by simply showing that the former and current members have been properly informed that ClubCorp holds their money which can be immediately refunded and that those former members have authorized ClubCorp to continue holding it. ClubCorp has declined to do so, however, resulting in ClubCorp enjoying use of its current and former members' deposit money not just for thirty-plus years but forever, unless the members (or their descendants) make a written claim to ClubCorp that satisfies whatever procedural requirements ClubCorp has most recently imposed as a condition for repayment of the "unconditional" refund.

52.     ClubCorp allows that it "*may* be subject to various states' escheatment laws with respect to initiation deposits that have not been refunded to members."[31] (Emphasis added). In fact, ClubCorp, like any other holder of other people's property, *is* subject to Texas law "with respect to initiation deposits that have not been refunded to members." However, ClubCorp, in contravention of Texas' unclaimed property laws, has chosen to enrich itself at the expense of its current and former members by quietly keeping millions of dollars in mature membership deposits rather than repaying the money or, in the alternative, reporting and delivering the property to the state, as required by law.

---

[31] *See* ClubCorp Holdings, Inc. 2016 10-K, p. 23.

**How Does ClubCorp Explain its Position?**

53.    ClubCorp, either through its individual clubs or its parent/holding/managing/operations entities, holds the millions of dollars collected from its members and former members as refundable initiation deposits. Whether that money has been moved among or between various ClubCorp entities does not change the fact that any person or entity in possession of that money, indebted to the owner, or a trustee by virtue of holding the money on March 1 of any year (TEX. PROP. CODE § 74.708), is a "holder" under TEX. PROP. CODE § 72.001 and subject to Texas unclaimed property law.

54.    ClubCorp has determined that it is not subject to the law in Texas, and other states, requiring that a person may not hold another person's property forever. ClubCorp refers to these laws, erroneously, as "escheatment laws." When property escheats to the state, the state acquires title to that property.[32] The money at issue in this case does not escheat to the state; it remains the property of the people who paid the initiation deposits or, if they are deceased, their heirs and devisees. TEX. PROP. CODE § 74.501. This money will be held in the custodial care of the comptroller for the reported owners until claimed.

55.    ClubCorp has stated its intention to keep its members' and former members' money. ("*We currently do not remit to states any amounts* relating to

---

[32] See Chapter 71 of the Texas Property Code. (If an individual dies intestate and without heirs, the real and personal property of that individual is subject to escheat. "Escheat" means the vesting of title to property in the state in an escheat proceeding.   § 71.001, TEX. PROP. CODE.)

initiation deposits that are eligible to be refunded to members *based upon our interpretation of the applicability* of such laws to initiation deposits. . . ."[33] [Emphases added].

56. ClubCorp's "interpretation of the applicability" of Texas law to the deposits its clubs hold is that the law does not apply to ClubCorp Holdings, Inc. (which it deems an "indirect parent company") because ClubCorp Holdings, Inc. is not a "holder." ClubCorp has advised[34] that "the Comptroller is pursuing the wrong entity here to obtain the property it contends is abandoned and subject to Chapter 74. . . ." ClubCorp claims that only the individual clubs are the holders—because the individual clubs contracted for and originally received the deposits from the members and former members.

57. ClubCorp also argues, however, that the property is not presumed abandoned because the "existence and location of" its long-ago members is (or was) known by ClubCorp, so the money is not presumed abandoned under Property Code Section 72.101.[35] This theory is undermined by ClubCorp's own research showing that members maintain active golf club memberships for only seven years (three years for other clubs). The ClubCorp Holdings, Inc. 2016 10-K, under "Revenue

---

[33] *See* Form 10-K for ClubCorp Holdings, Inc., filed February 27, 2017, p. 23, Item 1A.

[34] See **Exhibit J**, a February 9, 2018, letter from Curtis Osterloh to Joani Bishop.

[35] [. . . P]ersonal property is presumed abandoned if, for longer than three years: (1) the existence and location of the owner of the property is unknown to the holder of the property; and (2) according to the knowledge and records of the holder of the property, a claim to the property has not been asserted or an act of ownership of the property has not been exercised. TEX. PROP. CODE § 72.101(a).

Recognition," says: "The expected lives of active memberships are calculated annually using historical attrition rates. . . . During [fiscal years 2014-2016,]. . . the weighted-average expected life of a golf and country club membership was approximately **seven years** and the expected life of a business, sports and alumni club membership was approximately **three years."** [36] This means, based on the reported weighted averages, that ClubCorp members resign their membership and terminate their business activities with ClubCorp approximately 23 to 27 years prior to becoming eligible to recover their membership deposit. So, ClubCorp's claim that it maintains up-to-date contact information on former members that have had no business activity with the company for approximately two decades, is an extraordinary claim. And if ClubCorp knows how to inform its former members that their refundable deposits are in fact eligible for refund, it could do so today.

58.     Even if ClubCorp once knew the name and address of each member, thirty-three years ago, that fact does not preclude the initiation deposit from being presumed abandoned today. *See Melton v. State*, 993 S.W.2d 95, 98 (Tex. 1999).[37]

59.     Another argument ClubCorp presents is that the unconditionally refundable membership deposits are actually *loans* from the members and former members, **and** that repayment of these loans has been forgiven by the members and

---

[36] *See* ClubCorp Holdings, Inc., 2016 10-K, p. 74. (Emphases added).

[37] "The fact that the defendant's "existence and location" may have been "known" when the [bail] bond was filed does not mean that it is "known" after the passage of more than three years with no request from the defendant for the bond's release."

former members. The comptroller rejects this proposition.[38] Whatever C;ubCorp's

justification is for holding its members' and former members' money in perpetuity,

the comptroller seeks by this lawsuit to expose and stop it. ClubCorp states that it

would suffer financially if it honored its contractual obligations and were "forced to

remit" to the comptroller the money it owes its members and former members. It

intends to "vigorously defend" against any lawsuit "seeking to have us remit initiation

deposits eligible to be refunded to any of our members. . . ."

> However, if we are ultimately unsuccessful in arguing our right
> to continue holding such amounts, we may be **forced** to pay such
> amounts to the claiming states. While we believe we have strong
> arguments against claims for the escheatment of unclaimed
> initiation deposits made under state escheatment laws, if a
> material portion of the initiation deposits otherwise eligible to be
> refunded were awarded or remitted to any state(s), **our financial
> condition could be materially and adversely affected** and
> we may be required to reduce or delay capital expenditures,
> reduce or eliminate planned dividend payments, sell assets or
> operations, or seek additional capital in order to raise the
> corresponding cash required to satisfy such amounts.[39]

(Emphases added).

60.    In the 1996 10-K filed by ClubCorp International,[40] ClubCorp's

discussion of liquidity and capital said:

---

[38] If a ClubCorp member were to exercise an act of ownership of the money paid as a refundable membership deposit, such as clearly and in writing forgiving the specific and identified sum allegedly "loaned," the money would not be "abandoned property" under Property Code Section 72.101, and ClubCorp would have no liability to the state for that money. ClubCorp has presented zero evidence that this has ever happened.

[39] *See* ClubCorp Holdings, Inc., 2016 10-K, p. 23, Item 1A.

[40]    See   1996   ClubCorp   International   1996   10-K,   p.   28.
https://www.sec.gov/Archives/edgar/data/929455/0000929455-97-000003-index.html.

> Management does not consider maturities of membership deposits over the next five years to be material.

ClubCorp certainly did not warn its members, former members, or shareholders in 1996 that its financial condition "could be materially and adversely affected" if it were required to deliver its members' and former members' matured deposits to the states where its clubs are. [41] When ClubCorp was taken private in 2017, the Proxy Statement[42] revealed that consideration of state demands for audits, reporting, and disgorgement of unclaimed property were part of the potential buyers' due diligence process.

> During the period from February 21, 2017 through March 8, 2017, at the request of each of Party A, Party C, Party H, Party P, and Party Q, management held multiple due diligence sessions with each such party and their respective advisors, which sessions covered business, financial and legal matters, including with respect to **membership initiation deposits**.

Proxy Statement and Merger Agreement, p. 49. (Emphasis added)

> During the period from June 1, 2017 through June 27, 2017, at Apollo's request, management held multiple due diligence sessions with Apollo and its advisors covering risk management and insurance related matters, human resources matters, accounting, finance, tax, information technology and general legal matters, procurement and shared services matters, and **membership initiation deposits**.

---

[41] In fact, it is the former members who bear the risk of loss as the refundable membership deposits are unsecured, and ClubCorp's liability grows daily as deposits mature. These members have no recourse and no voice in ClubCorp's governance.

[42] *See* ClubCorp Holdings, Inc. Proxy Statement, including Merger Agreement, Form DEFM14A, pp. 49 and 52, filed August 8, 2017 ("Proxy Statement"). https://www.sec.gov/Archives/edgar/data/1577095/000104746917005072/a2232921zdefm14a .ht...

Proxy Statement and Merger Agreement, p. 52. (Emphasis added).

61.     In addition, when evaluating an appropriate share value for selling the company, ClubCorp assumed that the new, surviving entity would continue to keep, and not refund, members' membership deposits. (These calculations assumed "no additional cash outlays beyond historical levels" for paying the unconditionally refundable membership deposits.) (The ClubCorp Holdings, Inc. 2016 10-K (p. 23) acknowledged that "historically, only a small percentage of initiation deposits eligible to be refunded have been requested by members.") The "Financial Analysis" discussion in the Proxy Statement contained the following sentence, from each of two companies (Jefferies LLC ("Jefferies") and Wells Fargo Securities, LLC ("Wells Fargo Securities")) serving as financial advisors to ClubCorp in connection with the merger:

> Approximate implied equity value per share reference range derived for ClubCorp from the discounted cash flow analysis described below assumes **no additional cash outlays beyond historical levels for membership initiation deposit liabilities and no escheatment payments**.

Proxy Statement, p. 64 (Jefferies) p. 72 (Wells Fargo Securities).

62.     ClubCorp has no rights in the property at issue as the unclaimed property is an asset of the lost owners – its former Texas members – and the property is subject to claim by Texas, as the state of the owners' last known address. *See Texas v. New Jersey*, 85 S.Ct. 626 (1965). ClubCorp's actions demonstrate why unclaimed property laws exist—they protect owners of property by ensuring their property is returned to them rather than being converted and remaining permanently with the indebted entity.

63.    Alternatively, ClubCorp has argued that its obligation to make an unconditional refund arises only after the member or former member submits a written request. ClubCorp's attempt to circumvent Texas' unclaimed property law by imposing this requirement, even if by an amendment to a contract, is prohibited by law. A corporation may not act to take or divert funds or personal property by any method for the purpose of circumventing the unclaimed property process. TEX. PROP. CODE § 74.309 ("Private Escheat Agreements Prohibited.")

64.    Whatever justification ClubCorp chooses, however, its own 2016 Annual Report filed with the SEC stated that as of December 27, 2016, the amount of unrefunded initiation deposits *due* to its members and former members "*currently*" was **$170.4 million**. That liability increased to more than **$178 million** in June of 2017.[43]

### VII. CAUSES OF ACTION

65.    ClubCorp, through its individual entities or through its organizational control and management, holds property presumed abandoned and is, accordingly, subject to the procedures of Texas Property Code Chapters 72 and 74.

66.    Regardless of any transfers of its members' or former members' deposits ClubCorp has made over the years, between or among its various subsidiaries, affiliates, parents, or holding companies, any ClubCorp entity that is in **possession** of this money now is a holder, as is any ClubCorp entity that held the money in **trust** on March 1 of any year, or that is now **indebted** to these members and former

---

[43] ClubCorp Holdings, Inc. 2017 10-Q, p. 5.

members. TEX. PROP. CODE § 72.001(e). Texas law requires ClubCorp to preserve its former members' property and prohibits ClubCorp from transferring or otherwise reducing the value of the property it holds for its members or former members. TEX. PROP. CODE § 72.103.

67.     Based on the above-stated law and facts, the State of Texas seeks judgment for the following relief, against ClubCorp, including its subsidiaries and affiliates who are found to have violated the law:

**Judgment to Compel Examination of ClubCorp Books and Records**

68.     The comptroller and the attorney general, or an agent of either, is authorized to examine, at any reasonable time, the books and records of any holder. TEX. PROP. CODE § 74.702.

69.     ClubCorp has refused to permit a complete examination of its books and records. This contravenes the State of Texas's sovereign authority to verify ClubCorp's compliance with Texas unclaimed property law and to recover property which has been unclaimed or abandoned by its lawful Texas owner in excess of the dormancy period. The state's rights are superior the rights of the holder. *See Texas v. New Jersey*, 85 S.Ct. 626 (1965), *Delaware v. New York*, 113 S.Ct. 1550 (1993).

70.     The State of Texas seeks judgment requiring ClubCorp to allow full access, to its books and records, to the comptroller, the attorney general, or an agent of either, to perform a full and complete examination as mandated by TEX. PROP. CODE § 74.702.

**Judgment to Compel ClubCorp to Report Property**

71.     Each holder who on March 1 holds abandoned property "shall file a report of that property on or before the following July 1." TEX. PROP. CODE § 74.101.

72.     ClubCorp has, since 1990, failed to file any property reports on the membership initiation deposits it once promised to "unconditionally repay." ClubCorp thus holds, and has refused to report, property presumed abandoned under TEX. PROP. CODE § 72.101, in violation of TEX. PROP. CODE §§ 74.101 and 74.301. The comptroller seeks from ClubCorp the information that will allow correct calculation of the money ClubCorp owes to its members and former members. The obfuscation ClubCorp has employed for years prevents the comptroller from claiming an amount that accurately reflects the matured initiation deposits owed by ClubCorp to Texas residents, former Texas residents, or people otherwise entitled to money under Property Code Section 72.001(a).

73.     The State of Texas accordingly seeks judgment requiring any ClubCorp entity that is a holder by virtue of being (1) in possession of abandoned property, including but not limited to property in the form of refundable deposits owned by ClubCorp members and former members, (2) a trustee under Texas Property Code Section 72.001(e)(2), or (3) indebted to any ClubCorp member or former member for refundable membership deposits, or to any other person for any reason, to file a report for all such property presumed abandoned for each year from 1990 to the date of judgment.

**Judgment to Compel ClubCorp to Deliver Property**

74.     ClubCorp has refused to deliver abandoned property it holds that belongs to its current and former members, in violation of TEX. PROP. CODE § 74.301.

75.     The State of Texas accordingly seeks judgment requiring any ClubCorp entity that is a holder to deliver all property in its possession, including but not limited to membership deposits, that is presumed abandoned in an amount of at least $53,425,800.00 or such other amount as may be proven at trial.

## VIII. INTEREST

76.     The comptroller seeks interest at an annual rate of ten percent on the property found to be due under Chapter 74, starting on the date the property should have been paid or delivered until the date the property is actually paid or delivered. TEX. PROP. CODE §§ 74.705 and 74.709(e).

## IX. PENALTIES

77.     The comptroller seeks a penalty of five percent of the property found to be due under Chapter 74, plus an additional five percent of the value of the property found to be due for all property ClubCorp failed to pay or deliver before the 31st day after it was due. TEX. PROP. CODE §§ 74.706 and 74.709(e).

78.     The comptroller seeks against each defendant holder, in addition to any penalty or interest assessed on delinquent property, a penalty of $100 for each day the holder failed to pay or deliver property, or failed to file a property report, within the time prescribed by Chapter 74. TEX. PROP. CODE § 74.709(f).



## X. ATTORNEY FEES

79.    The State of Texas seeks reasonable attorney fees. TEX. PROP. CODE § 74.709(e).

## XI. PRAYER

80.    The State of Texas seeks monetary relief over $1,000,000, which is within the jurisdictional limits of the Court, judgment to compel examination of ClubCorp's books and records, judgment to compel ClubCorp to report and deliver property as required by law, judgment for interest, penalties and attorney fees, and judgment for all other relief to which the State of Texas is entitled.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN McCARTY
Deputy Attorney General for Civil Litigation

JOSHUA R. GODBEY
Division Chief
Financial Litigation and Charitable Trusts Division

*/s/ Ann Hartley*
ANN HARTLEY
Assistant Attorney General
State Bar No. 09157700
Financial Litigation and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Phone: (512) 936-1313



ann.hartley@oag.texas.gov

BRITTANY B. LONG
Assistant Attorney General
State Bar No. 24098011
Financial Litigation and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Phone: (512) 475-2467
brittany.long@oag.texas.gov

JOSHUA A. EAMES-CEPERO
Assistant Attorney General
State Bar No. 24109826
Financial Litigation and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Phone: (512) 936-0562
joshua.eames-cepero@oag.texas.gov

*Counsel for Plaintiff Glenn Hegar,*
*Texas Comptroller of Public Accounts*

## EXHIBITS TO PLAINTIFF'S ORIGINAL PETITION

**A**    1984 Membership Applications, club will "unconditionally repay."

**B**    1995 Membership Application, "upon written demand" club will "unconditionally repay."

**C**    July 17, 2008, letter from comptroller to ClubCorp CEO – notice of audit.

**D**    August 26, 2009, Articles of Merger of University Club of Dallas, Inc., into OK University Club of Dallas, Inc.

**E**    Last page of ClubCorp database provided to comptroller; holding $5,835,005.02 dormant deposits for 13,131 Texans.

**F**    October 29, 2010, email from ClubCorp lawyer to comptroller's auditor arguing money at issue is not unclaimed property.

**G**    July 8, 2015, letter and brief from ClubCorp's lawyer to comptroller re "forgivable loans," stating why Texas unclaimed property laws are not applicable.

**H**    September 30, 2015, letter from comptroller to ClubCorp's lawyer, offering to settle if ClubCorp notifies its members of money held, allows an audit, and starts filing reports.

**I**    February 29, 2016, letter from comptroller to ClubCorp's CPA, re ClubCorp failure to provide information and final settlement offer

**J**    December 15, 2017, demand letter from comptroller to ClubCorp's CEO offering to waive penalties and interest if ClubCorp turns over money and files required reports.

**K**    February 9, 2018, letter from ClubCorp's lawyer to CPA – initiation deposits not subject to unclaimed property law.



# EXHIBIT A



## MEMBERSHIP ACCEPTANCE

**ACCEPTANCE**

By my signature below, I hereby apply for membership in DEERWOOD CLUB, Inc.  I prefer that my name be placed on the membership roster as follows:

Name _____

Spouse's Name _____

Dependents (Name and Ages) _____

**COMMUNICATIONS AND STATEMENTS**

Home Address _____ Street _____ CRosby City _____ 77532 Zip Code __ Telephone: _____
Texas State

Business address __ TX State __ Street __ Houston City __ 77001 Zip Code __ Telephone: _____

Corporate Affiliation _____

Title _____

Type of Business _____

Other Club Affiliations _____

Please direct membership communications to my:
☑ Home Address                    ☐ Business Address

Please direct monthly statement to my:
☑ Home Address                    ☐ Business Address

My membership will be:
☑ Resident                        ☐ Junior            Birthdate _____

The membership will be owned by me individually.
☐ Corporate                       ☐ Senior            Birthdate _____
☐ Social

Although I am the currently approved membership designee, the membership will be owned by my company as follows:

**INITIATION DEPOSIT**

A deposit in the amount of $ _2,500.00_ is attached. I will pay the balance of my initiation deposit in the amount of $ _2500.00_ on _8-24-85_. It is agreed that if this application is disapproved by the Club, all funds deposited herewith shall be immediately refunded, and this agreement shall be cancelled and thereafter held for naught.

**NO ASSESSMENTS**

I understand that as a matter of contract with the Club my membership is nonassessable and that I am assuming no liabilities whatsoever in connection with my membership other than the payment of the sum set out above, the applicable membership dues and charges incurred by me, my family and guests in the use of the Club and that such membership does not confer upon me any ownership of the Club property or assets.

**REFUND AND RESIGNATION**

It is agreed that I may resign from the Club by giving thirty (30) days advance written notice to the Club and by paying all dues and other charges for which I may be liable and I shall not thereafter be subject to any further dues or other charges. It is further understood and agreed that thirty (30) years from the date of acceptance, DEERWOOD CLUB, Inc., will unconditionally repay applicant 100% of the initiation deposit made by applicant herewith; it being understood, however, that dues and charges may not be offset against the initiation deposit.

**TRANSFERABILITY**

A membership may be transferred to another individual acceptable to the Admissions Committee by payment of a transfer deposit of 50% of the initiation Deposit in effect at the time of transfer provided dues on the membership are kept current until the transferee commences the payment of dues.

**BY-LAWS**

As a member, I agree to conform to and be bound by the By-laws, rules and regulations of the Club, as they may be amended from time to time.

Applicant's Signature _____          Social Security Number _____

Date _8-24-84_                            Admission Committee _____

B-25

EXHIBIT
A

# canyon creek

*Z-122*

## COUNTRY CLUB

### MEMBERSHIP APPLICATION

Name: ████████████████ Birth Date ████████████

Wife's Name: ████████████ Birth Date ████████

Children's Names and Birth Dates: ████████████████████

Home Address: ████████████████ City *RICHARDSON* Zip Code *75080*

Former Home Address: _____ City _____ Zip Code _____

Business Name: _____ Title: _____

Business Address: ████████████ City *RICHARDSON* Zip Code *75080*

Home Telephone: ████████████ Business Telephone: ████████

Credit References — Name and Address of two:

1. (Bank) ████████████████████████

2. ████████████████████

Type of Membership for which applying: *RESIDENT*

X   I hereby agree to pay $ *2249.50* as initiation deposit to Canyon Creek Country Club.   X

**REFUND AND RESIGNATION**
It is understood and agreed that I may resign from the Club at any time by giving thirty (30) day advance written notice to the Club and by paying any dues and other charges for which I may be liable and I shall not thereafter be subject to any further dues or other charges. It is further understood and agreed that thirty (30) years from date of acceptance Canyon Creek Country Club will unconditionally repay applicant 100 per cent of the initiation deposit made by applicant herewith. It being understood, however, that dues and charges may not be offset against the initiation deposit.

**NO ASSESSMENTS**
I understand that as a matter of contract with the Club my membership is nonassessable and that I am assuming no liabilities whatsoever in connection with my membership other than the payment of the sum set out above, the applicable membership dues and charges incurred by me, my family and guests in the use of the Club and that such membership does not confer upon me any ownership of the Club property or assets.

**BY-LAWS**
As a member, I agree to conform to and be bound by the by-laws, rules and regulations of the Club as they may be changed from time to time.

Date: *12-1-84*   Applicant's Signature ████████████████

Date Accepted _____   By ████████████████



625 LOOKOUT DRIVE / RICHARDSON, TEXAS 75080
231-1456



*L-189*
*3978*

*F 39.00*
*(754-84)*

*61*

# Membership Application

**Name** _____

**Spouse's Name** _____   **Dependents' Names and Ages** _____

## Communications and Statements

**Home Address** _____

**City** _____ Houston _____   **State** _____ Texas _____ **Zip** 77030

**Business Address** _____

**City** _____ Bellaire _____   **State** _____ Texas _____ **Zip** 77401

**Home Telephone** _____   **Business Telephone** _____

**Corporate Affiliation** _____   **Title** _____

**Other Club Memberships** _____ None _____

Please direct monthly newsletter to my ☒ Home Address ☐ Business Address

Please direct monthly statement to my ☒ Home Address ☐ Business Address

## Membership

My membership will be: Corporate Resident ☒   Resident ☐   Corporate Associate ☐   Associate ☐
Corporate Non-Resident ☐   Non-Resident ☐   Corporate Social ☐   Social ☐

☒ The membership will be owned by me individually.

☒ Although I am the currently approved membership designee, the membership will be owned by my firm as follows:

_____

_____

(If designation is made above that this is a Corporate Membership, this application must be signed below by an officer of the company. Failure to have corporate authorization certified below will result in forfeiture of membership transferability.)

As a duly authorized officer of the company named above, I certify and agree that said company is the owner of this membership and will be responsible for payment of all dues and charges incurred hereunder.

**Signature** _____   **Title** _____   **Date** _____ March 12, _____ 198

## Initiation Deposit

My full deposit in the amount of $ _____ 3960 _____ accompanies this application.

## Refund and Resignation

If this application is disapproved by the Club, all funds deposited herewith shall be immediately refunded. It is agreed that I may resign from the Club by giving thirty (30) days advance notice to the Club and by paying all dues and other charges for which I may be liable and I shall not thereafter be subject to any further dues or other charges. It is further understood and agreed that thirty (30) years from the date of acceptance, The Houston City Club, Inc. will unconditionally repay applicant 100% of the initiation deposit made by applicant herewith; it being understood, however, that dues and charges may not be offset against the initiation deposit.

## No Assessments

I understand that as a matter of contract with the Club my membership is nonassessable and that I am assuming no liabilities whatsoever in connection with my membership other than the payment of the sum set out above, the applicable membership dues and charges incurred by me, my family and guests in the use of the Club and that such membership does not confer upon me any ownership of the Club property or assets.

## Bylaws

As a member, I agree to conform to and be bound by the bylaws, rules and regulations of the Club, as they may be amended from time to time.

Accepted this _____ 28 _____ day of _____ March _____, 19 _____ 84 _____   _____

_____
**Applicant's Signature**

THE HOUSTON CITY CLUB, INC.

By: _____ Sandra D. Hatcher _____
**Membership Secretary**

One City Club Drive
Nine Greenway Plaza

Houston, Texas 77046
(713) 840-1066

215

## FOUNDER ACCEPTANCE CERTIFICATE

I hereby accept the Board of Governors' invitation to founder membership in the Club and I understand I prefer that my name be placed on the membership roster as follows:

Name: _____  Please print your name

Communications and Statements

Home Address: _____ Texas 75062 _____

Business Address: _____

Spouse's Name: _____
Do you wish spouse to receive membership card?  ☒ Yes ☐ No

Corporate Affiliation: _____

Title: _____

Type of Business: _____

Minority Statement: ☐ Home Address ☒ Business Address

Texas 75062   Texas

Texas

## FOUNDER MEMBERSHIP

☐ I own the membership individually
☒ My company will own this membership, I am the corporate approved designee.

Company Name: _____

As a duly authorized officer of the company named, I certify that said company will be responsible for payment of all dues and charges incurred.

My deposit in the amount of $ 5,3550.00
this acceptance.

☐ Resident $2,000
☐ Life $7,500
☐ Non-Resident $500

1. Corporate Reduction,
3 or more members
   Resident      $1,675
   Title
   Non-Resident  $  240

NOTE: It is not necessary that all memberships from a firm be submitted at the same time to qualify for a Corporate reduction. A record of membership is kept in the Club office and responding refunds will be made. Please complete a separate acceptance for each membership.

TRANSFERABILITY, REVOCATION AND REFUND
Individually and corporately created memberships may be transferred to another individual, corporation or firm, subject to approval of the new membership candidate by the Admission Committee and remittance to the Club at the time of transfer of the applicable transfer deposit established by the Board of Governors of the Club, provided, however, no memberships may be transferred during the first two (2) years of Club operation.



L 0667

It is agreed that I may resign from the Club by giving thirty (30) days advance written notice to the Club and by paying all dues and other charges for which I may be liable and I shall not thereafter be subject to any further dues or other charges. It is further understood and agreed that thirty (30) years from the date of acceptance the Club will unconditionally repay applicant 100% of the initiation deposit made by applicant herewith. Further, any transfer deposit shall unconditionally be repaid to the transferee thirty (30) years from the date of its receipt by Club; it being understood, however, that dues and charges may not be offset against the initiation or transfer deposits.

## NO ASSESSMENTS

I understand that as a matter of contract with the Club my membership is nonassessable and that I am assuming no liabilities whatsoever in connection with my membership other than the payment of the sums set out above, the applicable membership dues and charges incurred by me, my family and guests in the use of the Club and that such membership does not confer upon me any ownership of the Club property or assets.

## BY LAWS

As a Member, I agree to conform to and be bound by the By-laws, rules and regulations of the Club, as they may be amended from time to time.

██████████████████            _11/19/84_
                                    Date

La Cima Club

Accepted this _20th_ day of _NOVEMBER_ . . . 19 _84_

By _Cynthia K. Orr_
        Membership

Copyright 1982
La Cima Club          _L-7     #123     CU_

*La Cima Club*
ON TOP OF LAS COLINAS

FOUNDER ACCEPTANCE CERTIFICATE



# EXHIBIT B



T S3 FULL Privileges

I accept my invitation to membership and provide the following for the use by the owner of the Club ("Owner") in establishing my membership account at the Club:

☑ Mr.  ☑ Mrs.  ☐ Ms.  ☐ Miss  ☐ Dr.

Name: ██████████████████████   Date of Birth: ██████████████

Home Address: ██████  ██████  ████████████

City _CoПPELL, TX. 75019_   State _TX._   Zip _75019_

Home Phone: ████████████████   Home FAX: ████████████

Marital Status:  ☐ Single   ☑ Married   ☐ Other

Social Security #: ████████████   Driver's License #: ████████████   State _TX_

Company Name: ████████████████████████

Type of Business: ████████████   Title: ████████████████

Length of Employment: _½_ (years)

Business Address: ████████████████████████

City _DALLAS_   State _TX._   Zip _75204_

Business Phone: ████████████████   FAX: ████████████

## SPOUSE INFORMATION

☐ Mr.   ☑ Mrs.   ☐ Ms.   ☐ Dr.

Spouse's Name: ████████████████████████   Date of Birth: ████████████

Social Security #: ████████████████████   State _TX._

Company Name: ████████████████████████

Type of Business: ████████████   Title: ████████████████

Length of Employment: _____ (years)

Business Address: ████████████████████████

City _DALLAS_   State _TX._   Zip _75247_

Business Phone: ████████████████   FAX: ████████████

## DEPENDENT INFORMATION

| Name(s)  (Under 21) | Date of Birth | Sex | Charge Privileges |
|---|---|---|---|
| — NONE — | /  / | | ☐ yes  ☑ no |
| | /  / | | ☐ yes  ☐ no |
| | /  / | | ☐ yes  ☐ no |
| | /  / | | ☐ yes  ☐ no |

EXHIBIT

B

## AFFILIATIONS

I am currently a member of the following clubs:

| Name | City | Length of Membership |
|------|------|---------------------|
| *April Sound Country Club* | *Montgomery, TX* | *13* yrs. |
| *( CCA Club - Resort )* | | yrs. |
| | | yrs. |

## REFERENCES

My Member Sponsor is: ████████████

Co-sponsor (if applicable): ████████████

Other personal references (can be non-Member):                        Business Phone

1. ████████████

2. ████████████

3. ████████████

## MEMBERSHIP INFORMATION

I am applying for Membership in the following class and category (refer to enclosed class and category descriptions and fees): *Full Privilege Crp*

Initiation Deposit: $ *3000 Relocation Value from April Sound · Paid $3000 Down*
                                                     *10/1/96: 3250 Due*
                                                     *10/1/97: 3250 Due*

I would prefer monthly statements to be mailed to: ☑ my home ☐ my business

I authorise Owner to check my credit and employment history and to obtain such information as Owner deems necessary to extend credit to me under the Membership account at the Club.

████████████     Date: *9-28-95*

(Applicant's Signature)

Is this a corporate-owned membership? ☐ yes ☑ no

If so, corporate name: _____

## CORPORATE MEMBERSHIP (IF APPLICABLE)

Corporate memberships shall be issued in the name of the corporation or business (such corporation or business being herein called the "Corporate Applicant") that is to own the membership. The privileges of such membership belong to the Corporate Applicant, and the Corporate Applicant shall have the right to designate the specific individual entitled to exercise the privileges of membership provided for the applicable class. Although the membership card may be issued in the name of the approved designee, all rights of ownership (e.g., transfer rights) shall belong to and be exercisable by Corporate Applicant only. By signing where indicated below, the undersigned officer certifies and agrees that Corporate Applicant shall be jointly and severally liable with its designee for all dues and charges under such membership and that Corporate Applicant shall be bound by all of the terms and provisions of this Application the same as if Corporate Applicant had signed as "Applicant" hereunder.

_____     Date: _____

(Officer's Signature)

Title: _____

_____     Date: _____

(Corporate Designee's Signature)

If application is for a change of the designee, please complete the following:

Previous Designee: _____

Membership Number: _____

Fee of _____

## LEGACY MEMBERSHIP (IF APPLICABLE)

A Member in good standing for the immediately preceding twelve (12) months may bestow upon the Member's child or grandchild under the age of thirty-five (the "Legatee") a legacy membership in any membership class if memberships in that class are available. The Legatee is entitled to enjoy the benefits of membership for the applicable membership class while deferring the payment of the initiation deposit until the Legatee's thirty-fifth (35th) birthday. The Legatee must convert the membership to an available class and category of membership on or before the Legatee's thirty-fifth (35th) birthday in order to continue membership in the Club. To convert the membership, the Legatee must pay the applicable initiation deposit, which shall be the initiation deposit in effect on the date the Legatee was first accepted for membership for the class and category of membership selected and available on the date of the membership conversion. All legacy memberships and conversions are subject to space availability and the legacy policies and guidelines of the Club as they may be amended from time to time. Legacy memberships are recallable by the Club at any time in its sole discretion without payment of compensation.

The Grantor of the legacy membership is _____

The date on which the Legatee's initiation deposit will be due and payable is _____/_____/_____

## TRANSFERS (IF APPLICABLE)

This section must be completed for memberships which are transferable.
It is understood and agreed that the membership for which I am applying is being transferred to me by

_____                    _____
(Member/transferor signature)                                    (Membership #)

Upon acceptance of this application by Owner, in consideration of such transfer of membership, I agree to remit to Owner the sum of $_____, representing the Club's required transfer deposit. It is further understood that this transfer deposit shall be unconditionally repaid to the transferee thirty (30) years from the date of receipt of the transfer deposit by Owner upon written demand therefor by Applicant. All account balances must be paid in full prior to the transfer of any membership.

## REFUND AND RESIGNATION

It is agreed that Applicant may resign from the Club by giving written notice to Owner. The effective date of the resignation will be the date Owner receives Applicant's written notice. All accrued dues and other charges for which Applicant is liable are due upon the effective date of resignation.

It is further agreed and understood that thirty (30) years from the date of acceptance of this application, Owner will unconditionally repay Applicant one hundred percent (100%) of the initiation deposit made by Applicant to Owner. It is further agreed that Applicant may not offset any charges against the initiation deposit.

Applicant agrees that in the event of a corporate reorganization or personal divorce, this Membership is not divisible and this Membership shall be allocated by agreement of all claimants, or in the absence of agreement, by court order. Such allocations are subject to the sole approval of the Admissions Committee. The successor to the Membership shall execute all necessary papers and pay all allocation fees required by Owner.

Membership does not confer any ownership of the Club's property or assets.

Life Memberships are transferable only to the spouse of the Life Member.

## PAYMENT OF MEMBERSHIP ACCOUNT

Payment of account is due on receipt of the monthly statement. Applicant agrees to pay the account when due. Applicant agrees that Owner may assess a late charge for past-due accounts as provided in the Bylaws of the Club, as amended from time to time. Payments on delinquent accounts apply first to reduce late charges and accrued dues, then to food and beverage charges, then to any other charges. Dues and other Club charges are considered luxuries under all applicable laws. Applicant agrees to pay all reasonable attorney fees, investigator fees and costs in the event this account is turned over for collection. The membership card shall remain the property of Owner at all times and must be returned to Owner on demand.

## ARBITRATION

Should any controversy, dispute or claim arise between Owner and Applicant, such controversy, dispute or claim shall be settled by arbitration administered by the American Arbitration Association in accordance with its applicable rules, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The prevailing party in the arbitration shall, in addition to such other relief as may be granted, be entitled to a reasonable sum as and for such party's costs and expenses incurred, including attorney's fees. Applicant and Owner each agree that arbitration shall be the sole and exclusive remedy in the event any such controversy, dispute or claim shall arise.

## BYLAWS

_____ Rules and Regulations of the Club, as they may be amended from time to time.

_____                    9-25-95
                                                    (Date)

## FOR CLUB USE ONLY

Accepted on behalf of the Board of Governors on: 11 / 8 / 95

By_____   Title: Membership

Copy of this contract returned to applicant on: _____/_____   by_____

Chrono Number: 1813

Member Number_____    Life Member: ☐ Yes   ☐ No

Initiation Deposit: $_____    Refundable Amount: $_____

Date Received_____    Date of Refund:_____

STAND-1                                                                                              2/95

# EXHIBIT C



| S U S A N | TEXAS COMPTROLLER *of* PUBLIC ACCOUNTS |
|---|---|
| C O M B S | P.O. Box 13528 • Austin, TX 78711-3528 |



July 17, 2008

Mr. Eric L. Affeldt
Chief Executive Officer and President
ClubCorp Inc.
3030 LBJ Freeway, Ste. 600
Dallas, Texas 75234

Dear Mr. Affeldt

The Texas Comptroller of Public Accounts (the "State"), pursuant to authority granted under the Texas Property Code, Title 6 Chapters 74 -75 (the "Statute"), hereby provides this written notice that the State is commencing a non-voluntary audit and examination of the books and records of **ClubCorp Inc, FEIN: 752778488** (the "Holder"), and all related or subsidiary entities, for the purpose of determining reporting compliance with the States unclaimed property Statutes. This audit and examination relates to all property deemed escheatable to the State under the Statute.

The audit and examination will be conducted by **Audit Services, U.S., LLC** (the "Contractor") as the State's authorized agent. Contractor has been directed to determine all property deemed escheatable to all states in order to establish that portion rightfully owing to the State. The Contractor will contact you to schedule a date to begin this audit and examination and will advise you of the documents, books and records and personnel that must be made accessible for the examination.

The Contractor, acting as a custodian of the State, is authorized by the State to take delivery of all property, penalties and interest found due and owing to the State at the conclusion of this audit and examination. Contractor will deliver all such property, penalty and interest to the State within the terms of their contract with the State.

This is a non-voluntary audit; penalty and interest will be assessed. Waiver of penalty and interest is allowed only on voluntary audits. To be considered a voluntary audit the attached forms <u>must</u> be completed and returned to the Contractor within fourteen (14) days of this letter's date.

If you have any questions please contact Lee Hines Audit Services, U.S., LLC, at 919-772-7998, <u>lhines@auditservicesus.com</u> or Wayne Kachelriess, Audit Services, U S. LLC at 843-815-6206, <u>wkachelriess@auditservicesus.com</u>. If there are any unresolved issues or questions please contact me at <u>mark.land@cpa.state.tx.us</u>.

Sincerely yours,

Mark A. Land
UP Contract Audit Project Manager
Audit Division
Texas Comptroller of Public Accounts

cc:  Wayne Kachelriess, Audit Services, U.S., LLC

**EXHIBIT**
**C**

# EXHIBIT D



**ARTICLES OF MERGER**
**OF**
**UNIVERSITY CLUB OF DALLAS, INC.**
**INTO**
**OK UNIVERSITY CLUB OF DALLAS, INC.**

FILED
In the Office of the
Secretary of State of Texas

AUG 26 2009

Corporations Section

To the Secretary of State
State of Texas

Pursuant to the provisions of the Texas Business Corporation Act, the domestic corporation and the foreign corporation herein named do hereby adopt the following articles of merger for the purpose of merging the domestic corporation with and into the foreign corporation.

1.    The names of the constituent corporations are University Club of Dallas, Inc., which is a business corporation organized under the laws of the State of Texas, and which is subject to the provisions of the Texas Business Corporation Act, and OK University Club of Dallas, Inc., which is a business corporation organized under the laws of the State of Oklahoma.

2.    Annexed hereto is the Plan of Merger for merging University Club of Dallas, Inc. with and into OK University Club of Dallas, Inc. as approved by the directors and the shareholders of the said constituent corporations.

3.    The number of shares of University Club of Dallas, Inc. which were outstanding at the time of the approval of the Plan of Merger by its shareholders and their adoption of a resolution authorizing the merger is 1,000, all of which are of one class.

4.    The approval of the Plan of Merger by the shareholders of University Club of Dallas, Inc. was by written consent, which has been given in accordance with the provisions of Article 9.10 of the Texas Business Corporation Act, and any written notice required by that Article has been given.

5.    The approval of the Plan of Merger was duly authorized by all action required by the laws under which OK University Club of Dallas, Inc. was incorporated and by its constituent documents.

6.    OK University Club of Dallas, Inc. will continue to exist as the surviving corporation under the name OK University Club of Dallas, Inc. pursuant to the provisions of the laws of the State of Oklahoma and will be governed by said laws.

Executed on August 26, 2009

**UNIVERSITY CLUB OF DALLAS, INC.**

By: _____
Name: Eric Affeldt
Its: President

**OK UNIVERSITY CLUB OF DALLAS, INC,**

By: _____
Name: Eric Affeldt
Its: President



EXHIBIT

**D**

# TEXAS PLAN OF MERGER
## OF
## UNIVERSITY CLUB OF DALLAS, INC.
## INTO
## OK UNIVERSITY CLUB OF DALLAS, INC.

PLAN OF MERGER APPROVED on August 10, 2009 by University Club of Dallas, Inc., a corporation of the State of Texas, and by resolution adopted by its Board of Directors on said date, and approved on August 10, 2009 by OK University Club of Dallas, Inc., a corporation of the State of Oklahoma, and by resolution adopted by its Board of Directors on said date.

1.      University Club of Dallas, Inc. and OK University Club of Dallas, Inc. shall, pursuant to the provisions of the Texas Business Corporation Act and of the laws of the State of Oklahoma, be merged with and into a single corporation, to wit, OK University Club of Dallas, Inc., which shall be the surviving corporation upon the effective date of the merger and which is sometimes hereinafter referred to as the "surviving corporation," and which shall continue to exist as said surviving corporation under the name OK University Club of Dallas, Inc. The surviving corporation shall be governed by the laws of the State of Oklahoma, which is the jurisdiction of its organization. The separate existence of University Club of Dallas, Inc., which is sometimes hereinafter referred to as the "terminating corporation," shall cease upon the effective date of the merger in accordance with the provisions of the Texas Business Corporation Act.

2.      The articles of incorporation of the surviving corporation as in force and effect upon the effective date of the merger in the jurisdiction of its organization shall be the articles of incorporation of said surviving corporation and said articles of incorporation shall continue in full force and effect until amended and changed in the manner prescribed by the laws of the jurisdiction of its organization.

3.      The bylaws of the surviving corporation as in force and effect upon the effective date of the merger will be the bylaws of said surviving corporation and will continue in full force and effect until changed, altered, or amended as therein provided and in the manner prescribed by the provisions of the laws of the jurisdiction of its organization.

4.      The directors and officers in office of the surviving corporation upon the effective date of the merger shall be the members of the first Board of Directors and the first officers of the surviving corporation, all of whom shall hold their directorships and offices until the election and qualification of their respective successors or until their tenure is otherwise terminated in accordance with the bylaws of the surviving corporation.

5.      Each issued share of the terminating corporation shall, upon the effective date of the merger, be converted into 1,000 shares of the surviving corporation. The issued shares of the surviving corporation shall not be converted in any manner, but each said share which is issued as of the effective date of the merger shall continue to represent one issued share of the surviving corporation.

6.      The Plan of Merger herein made and approved shall be submitted to the shareholders of the terminating corporation for their approval or rejection in the manner prescribed by the provisions of the Texas Business Corporation Act and to the shareholders of the surviving corporation for their approval or rejection in the manner prescribed by the laws of the jurisdiction of its organization.

7.      In the event that the Plan of Merger shall have been approved by the shareholders of the terminating corporation and the merger shall have been authorized by their duly adopted resolution in the manner prescribed by the provisions of the Texas Business Corporation Act, and in the event that the Plan of Merger shall have been approved by the shareholders of the surviving corporation in compliance with the provisions of the laws of the jurisdiction of its organization, the terminating corporation and the surviving corporation hereby stipulate that they will cause to be executed and filed and/or recorded any document or documents prescribed by the laws of the State of Texas and of the State of Oklahoma, and that they will cause to be performed all necessary acts therein and elsewhere to effectuate the merger.

8.      The Board of Directors and the proper officers of the terminating corporation and of the surviving corporation, respectively, are hereby authorized, empowered, and directed to do any and all acts and things, and to make, execute, deliver, file, and/or record any and all instruments, papers, and documents which shall be or become necessary, proper, or convenient to carry out or put into effect any of the provisions of this Plan of Merger or of the merger herein provided for.

9.      The surviving corporation will be responsible for the payment of all fees and franchise taxes required by law, and that the surviving corporation will be obligated to pay such fees and franchise taxes if the same are not timely paid.



# EXHIBIT E



**ClubCorp**
**Texas Unclaimed Property Audit**
**Matured (and dormant) Member Loan Payments**

| Entity Name | Amount | Maturity Date | Name | Address | City | State |
|---|---|---|---|---|---|---|
| 13098 Walnut Creek Management Corp. | (500.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13099 Walnut Creek Management Corp. | (500.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13100 Walnut Creek Management Corp. | (500.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13101 Walnut Creek Management Corp. | (500.00) | 01-Apr-08 | | | FORT WORTH | TX |
| 13102 Walnut Creek Management Corp. | (375.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13103 Walnut Creek Management Corp. | (325.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13104 Walnut Creek Management Corp. | (300.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13105 Walnut Creek Management Corp. | (275.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13106 Walnut Creek Management Corp. | (275.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13107 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13108 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13109 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13110 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13111 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13112 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13113 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13114 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13115 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | FORT WORTH | TX |
| 13116 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13117 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13118 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13119 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | FT WORTH | TX |
| 13120 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | ARLINGTON | TX |
| 13121 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13122 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | FT WORTH | TX |
| 13123 Walnut Creek Management Corp. | (250.00) | 01-Apr-08 | | | MANSFIELD | TX |
| 13124 Walnut Creek Management Corp. | (225.00) | 01-Jan-08 | | | MANSFIELD | TX |
| 13125 Walnut Creek Management Corp. | (175.00) | 01-Apr-08 | | | FT WORTH | TX |
| 13126 Walnut Creek Management Corp. | (175.00) | 01-Apr-08 | | | BURLESON | TX |
| 13127 Walnut Creek Management Corp. | (125.00) | 01-Jan-08 | | | ARLINGTON | TX |
| 13128 Walnut Creek Management Corp. | (125.00) | 01-Apr-08 | | | GRAND PRAIRIE | TX |
| 13129 Walnut Creek Management Corp. | (125.00) | 01-Apr-08 | | | DALLAS | TX |
| 13130 Walnut Creek Management Corp. | (100.00) | 01-Apr-08 | | | DE SOTA | TX |
| 13131 Walnut Creek Management Corp. | (100.00) | 01-Apr-08 | | | MANSFIELD | TX |
| | (5,835,005.02) | | | | | |



EXHIBIT
E

# EXHIBIT F



**From:**       Curtis Osterloh <costerloh@scottdoug.com>
**Sent:**       Friday, October 29, 2010 4:10 PM
**To:**         Lee Hines
**Cc:**         Mark Land
**Subject:**    RE: Club Corp
**Attachments:** Club Corp

Dear Lee,

I apologize for the delay in responding to this email.  I was out of pocket last week.  Please accept this response to both this email and your email of today (See attached).   A couple comments on your email below:

1.   When Mark Eidman and I met with Mark Land and Kevin Koller regarding the ClubCorp unclaimed property audit we did not agree to speak with Noel Hall regarding figures associated with potentially escheatable amounts for nontraditional unclaimed property items.  We told Mr. Land and Mr. Koller that we did not know the amount at issue for such items.  We did, however, agree to speak and have spoken to ClubCorp regarding the initiation payment issue.

2. ClubCorp continues to believe that none of the initiation payments it receives from members constitutes unclaimed property.  As we discussed with Mr. Land and Mr. Koller we believe that the vast majority of the initiation payments cannot constitute unclaimed property simply because the members are not unknown to ClubCorp.  As you no doubt appreciate Texas Property Code Section 72.101(a) requires an owner of property to be unknown to the holder of property before it can be classified as abandoned. The vast majority of the initiation payments received by ClubCorp are from known members.

3. One of the options we discussed with Mr. Land and Mr. Koller was determining how ClubCorp could go about confirming that the initiation payments it has received relate to known members.  We have spoken with ClubCorp regarding this aspect and they are evaluating options to determine how best to go about confirming its known members.  These includes such things as a mailing which we discussed with Mr. Land and Mr. Koller.

4. ClubCorp is currently evaluating how best to confirm the existence of its members and how to best relate them to the initiation payments. The issue is complex because of the high number of members, the many years at issue, the length of time that has expired, and the multiple clubs.

5. ClubCorp's currently goal is to be able to present an action plan to you and the state of Texas relating to the determination of its membership by the end of the year.  Only once we determine who is a known member can we go to the next stage.  However, even if there are unknown members ClubCorp still believes their initiation payments cannot constitute unknown property.  The ClubCorp business model has been adopted by clubs across the country and is a common industry practice.  Indeed, the only decision to consider whether such initiation payments were escheatable involved a club not affiliated with ClubCorp and the ruling of that state Supreme Court held that the payments were not escheatable.  See Quail Creek Golf Country Club v. Oklahoma Tax Commission, 913 P.2d 302 (3/5/96).

If you would like to discuss further please let me know and we can arrange a mutually convenient time to talk.  I appreciate you and Mark Land's diligence and patience in this matter as


EXHIBIT
F

ClubCorp works towards what is everyone's goal – determining their correct amount of unclaimed property.

Best,
Curtis

Curtis J. Osterloh, Esq., C.P.A.
Partner
Scott, Douglass & McConnico, LLP
600 Congress Avenue, 15th Floor
Austin, TX 78701
voice:  (512) 495-6300
fax:      (512) 474-0731
email: costerloh@scottdoug.com

---

**From:** Lee Hines [mailto:LHines@auditservicesus.com]
**Sent:** Thursday, October 14, 2010 11:27 AM
**To:** Curtis Osterloh
**Cc:** Mark Land
**Subject:** Club Corp

Curtis:
During a recent meeting with Mark Land you indicated that you would talk with Noel Hall in order to get him to release some figures that would enable ASUS to advise Texas on any settlement.  Also, ASUS would need figures on the membership deposits in order to know exactly what any potential findings would be.
Have you had this conversation with Noel and if so, what was the results?
Please let me know if you have any questions.
Best regards,
Lee


Lee R. Hines, Sr.
Audit Services US LLC
1402 Claymore Drive
Garner, N. C. 27527
tel: 919-772-7998
fax: 919-772-7922
cell: 614-204-9799
lhines@auditservicesus.com

---

IMPORTANT - SD&M DISCLAIMER: This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone at (512) 495-6300 and/or email and delete the original message. Thank you.



# EXHIBIT G





**SCOTT
DOUGLASS
McCONNICO**

July 8, 2015

<u>VIA HAND DELIVERY</u>
Joani Bishop
Texas Comptroller of Public Accounts
Unclaimed Property Claims Section
111 East 17th St.
Austin, TX 78701

Re:    ClubCorp

Dear Ms. Bishop:

We appreciated the opportunity to meet with Comptroller Hegar, you and your colleagues concerning the escheat issue associated with the forgivable loans members have with ClubCorp's clubs. As promised, this is a follow up submission in support of ClubCorp's position that the laws of escheat have no application to these loans.

You may recall that we discussed two additional matters that support ClubCorp's position. First, the course of dealing between the parties strongly illustrates that the initiation payments have been treated as forgivable loans and not deposits. Second, demanding that ClubCorp escheat the forgiven loans will place the State in the position of also having collected franchise tax on the debt forgiveness income. In effect, the State will have double collected both the forgiven loans and the associated franchise tax paid on the forgiven loans. This would be in addition to the federal income tax ClubCorp has already paid to the IRS on the debt forgiveness.

As we have previously stated, there are two types of initiation payments; (i) initiation fees that are not refundable and (ii) initiation deposits that are refundable and forgivable by the



Scott Douglass & McConnico LLP   |   Attorneys at Law

303 Colorado Street, Suite 2400, Austin, TX 78701   |   p : 512.495.6300   |   f : 512.495.6399   |   www.scottdoug.com



**EXHIBIT
G**

Texas Comptroller of Public Accounts
July 8, 2015
Page 2

members (the "loans"). Both forms of initiation payments have unique characteristics. However, and importantly, neither form of initiation payment is held by ClubCorp or the individual club for the account of the paying member and neither may be used by the paying member to satisfy or offset against that member's other financial obligations under the Membership Agreement. Instead, ClubCorp may, and has, used the initiation payments at its discretion. The initiation payments have been used for working capital and neither form of initiation payment was, or is, held in security, reserve or in any escrow account.

When a member makes an initiation payment in the form of an initiation deposit upon joining a club, the amount is refundable upon written demand so long as the demand is made thirty (30) years after the member joined the club. The amount paid is treated by ClubCorp as a non-interest bearing loan and pursuant to the Membership Agreement, the respective ClubCorp club will repay the loan amount to the member (or the member's heir or successor) upon such timely request. ClubCorp is not aware of any circumstances in which a club has failed to refund a matured loan payment upon receiving a request from the member or his/her representative, including a family member.

Audit Services, the Comptroller's third-party contingent fee auditor, has taken the position on behalf of the Comptroller that these loans qualify as unclaimed property because the Membership Agreements use the word "deposit" to describe the initiation payment. ClubCorp disagrees that the loans are unclaimed property under Texas law.



Texas Comptroller of Public Accounts
July 8, 2015
Page 3

## LAW & DISCUSSION

**A.** <u>Texas Law specifically provides that parties to a contract can interpret and even
modify it through their course of performance.</u>

In our last meeting counsel for the agency noted the Membership Agreements

ClubCorp had submitted referred to the initiation payment as a "deposit" instead of using the

word "loan."  Irrespective of the use of the word "deposit," course of dealing illustrates the

parties have consistently treated the initiation payments as a loan.  The course of performance

between the parties can be demonstrated in a wide variety of ways including direct testimony,

implication from the conduct of the parties, and the particular facts and circumstances of the

case.  See <u>Tillison v. Bailey</u>, No. 06-05-00071-CV, 2006 WL 1445611, at *4 (Tex. App.—

Texarkana May 26, 2006, no pet.) (finding a modification of the original contract's payment

terms through among other things, the conduct of the parties).  The course of performance by

ClubCorp and its members clearly establishes these initiation payments were in fact forgivable

loans -- not deposits.

Texas law has also long recognized that the parties to a contract can by their own

conduct modify terms in the contract.  <u>Fujimoto v. Rio Grande Pickle Co.</u>, 414 F.2d 648, 656

(5th Cir. 1969) (holding under Texas law that contrary written language was modified by

parties' performance and stating that "[i]t is well established that parties to a contract can, by

mutual agreement, modify or rescind a contract and adopt in its stead a new agreement.  An

agreement to change the terms of a contract may be shown by the conduct of the parties, as

well as by evidence of an explicit agreement to modify.").  In <u>Enserch Corp. v. Rebich</u>, 925

S.W.2d 75, 83-84 (Tex. App.—Tyler 1996, writ dism'd) a Texas Court of Appeals held a local

distribution company's course of performance in paying lower prices to natural gas producer



Texas Comptroller of Public Accounts
July 8, 2015
Page 4

under a gas contract, combined with the producer's conduct in accepting the lower prices, was effective to modify the original contract.

      1.      Deposits are generally used to secure future payment.

Unlike a deposit designed to secure future payment, the Membership Agreements do not permit the member to offset any charges against the initiation payment. The purpose of the loan during its term is for the discretionary use of ClubCorp's club, not the member. We do not see why your Office would dispute that the relationship of club members to the business operating the club fundamentally differs from the relationship of consumers of goods and services with an ordinary commercial business.[1] The agreements that the ClubCorp clubs have with their members establishes fees, rules, and regulations, not only to provide revenue for the operating businesses, but also to promote the common goals of the clubs' members. The revenue plan for each club must be calculated to provide for both services and facilities to continue indefinitely for the benefit of the members.

ClubCorp can easily establish that members made the initiation payments to fund the working capital needs of the ClubCorp club they and their guests use. The Membership Agreements do not require that the member make a long-term financial commitment to remain a member, and the member may make the choice to forgive that member's loan after maturity. This is an element not found in a traditional deposit agreement such as deposit to secure cable TV or natural gas service to a residence.

---

[1] When construing a contract, courts must be mindful of the business activity sought to be served. *Gamma Group, Inc. v. Transatlantic Reinsurance Co.*, 242 S.W.3d 203, 214 (Tex.App.–Dallas 2007, pet. denied).



Texas Comptroller of Public Accounts
July 8, 2015
Page 5

2.      Deposits are often held in separate accounts.

The non-deposit character of the initiation payments is consistent with the result in the

only case ClubCorp has found dealing with whether club "deposits" escheat to the state if not

reclaimed.  In *Quail Creek Golf and Country Club v. Oklahoma Tax Comm'n*, 913 P.2d 302

(Okla.1996), the club required each member to purchase a $500.00 twenty-year bearer bond

so that that the club could finance some improvements.  "The club never created a sinking

fund or other money account from which to redeem the bonds.  Instead, the bonds were listed

as an item of long-term debt in the club's financial statements." *Id.*, 913 P.2d at 303.  When

the bonds matured, some of them were not redeemed by their holders.  After five years, the

club decided to retire the bonds because the statute of limitation for presentment had run.

The Oklahoma Supreme Court reversed a previous finding the bonds were unclaimed

property agreeing with the club which argued that general debt funds not segregated in an

asset account were not subject to the applicable unclaimed property requirements.  The Court

ruled:

> Neither version of the Act applies to the bonds which the Club
> issued because no money account or sinking fund was created to
> redeem them.

*Id.*, 913 P.2d at 304. (emphasis supplied) In essence, Quail Creek stands for the proposition

that while "monies deposited to redeem bonds" may be escheatable, where a club never

deposits any such "monies" into a segregated account means there is no obligation to

escheat.

ClubCorp and its clubs did not set up segregated accounts to hold the loans for the

thirty years.  The loans received from members were immediately available for club use as



Texas Comptroller of Public Accounts
July 8, 2015
Page 6

general operating funds.  When a member becomes eligible to request repayment, and does

so under the terms of the individual Membership Agreement, re-payment is made out of

general funds—not any specific reserved account for the loans or for repayment of the loans.

> 3.  **Secured deposits are generally disbursed in accordance with the depositor's instructions.**

These loans also do not serve as a bank deposit, where a bank generally agrees to

disburse the funds only in accordance with the depositor's instructions.  See, e.g., *La Sara*

*Grain Co. v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 564 (Tex.1984).  A member may not

instruct the club to offset charges against the initiation payment, nor instruct the club to refund

the initiation payment in contradiction of the terms of the loan.  Unlike a secured bank deposit,

the initiation payment is used by the club in its discretion and not at the direction of the

member.

> B.  <u>**Escheatment of the initiation payments will result in a triple recovery of the initiation payments and the federal and state taxes paid on the forgiveness of debt income.**</u>

We noted in our initial written submission that a 1996 IRS Memorandum determined a

matured unclaimed initiation payment creates new income not abandonment:

> Clearly the Service should investigate potential adjustments in
> this case for IDs which are scheduled for refund after [redacted]
> years but are not refunded.  We suspect that it would not be
> unusual for taxpayer to lose track of some members after
> [redacted] years.  [Redacted] must recognize discharge from
> indebtedness income for deposits after [redacted] years.  <u>See</u>,
> I.R.C. § 61(a)(12).  <u>See</u> <u>also</u> section 108.  [Bold emphasis added.]

Pursuant to that IRS requirement, since 1996 ClubCorp has included in its federal taxable

income matured unclaimed initiation payments and has paid tax on that income.  In addition,



Texas Comptroller of Public Accounts
July 8, 2015
Page 7

ClubCorp has faithfully included the discharge of indebtedness income in its reported Texas franchise tax base under both the prior and current version of the Texas franchise tax. The State of Texas has directly benefited from franchise tax payments on the very income it now seeks to reclassify as abandoned property. In addition, ClubCorp is barred by the four year statute of limitations from filing refund claims to recover franchise taxes it previously paid. ClubCorp would be potentially subject to a triple whipsaw of the return of initiation payments that years ago were used for the benefit of the clubs' members, the inability to recover previously paid federal corporate income tax for years prior to 2013 under the federal three year statute of limitations, and the inability to recover Texas franchise tax paid prior 2012 under the state's four year statute of limitations. This would hardly be fair or consistent with Texas public policy.

## CONCLUSION

Escheats are not favored by the law. See, *Robins v. State*, 87 S.W.2d 297, 298 (Tex.Civ.App.–El Paso 1935, writ dism'd). Any doubt as to whether property is subject to escheat is resolved against the State. 34 Tex. Jur. 3d, Escheat, § 2, citing *Taylor v. Benham*, 46 U.S. 233 (1847). In this instance, these policies together with the terms of the Membership Agreements as bolstered by the course of performance, and ClubCorp's tax treatment of the loans, which the State has benefitted by, do not support escheat claims by the Comptroller. Pursuing escheatment of private agreements and transactions between parties that provided the parties the intended benefits of a loan is unwarranted.



Texas Comptroller of Public Accounts
July 8, 2015
Page 8


Steve McConnico
Curtis J. Osterloh
Scott Douglass & McConnico LLP
303 Colorado, Suite 2400
Austin, TX 78701
512.495.6300
smcconnico@scottdoug.com

Ralph Duggins
Cantey Hanger LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
817.877.2824
rduggins@canteyhanger.com

1226653



# EXHIBIT H





**GLENN HEGAR**   TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

P.O. Box 13528  ·  Austin, TX 78711-3528

September 30, 2015

Mr. Curtis Osterloh
Scott, Douglas & McConnico LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701

Re: Resolution of claims against ClubCorp, Inc. subsidiaries holding initiation fees
    due to members whose last known addresses are in Texas

Dear Mr. Osterloh:

The Comptroller of Public Accounts (CPA) makes the following offer in full settlement of all
unclaimed property liability for initiation deposits due and held by ClubCorp, Inc. and its
affiliated entities (collectively, "ClubCorp"):

1. Within 60 days of agreeing to the terms herein, ClubCorp will contact all former and
   current members who paid initiation deposits prior to March 1, 1985 and whose last
   known addresses are in Texas ("Texas Members"). The written communication will be
   sent to the last known address, advise the Texas Member of the amount of the initiation
   deposit and ask whether the Texas Member requests that the initiation deposit be
   refunded or retained by ClubCorp. The communication will include a form, returnable to
   ClubCorp, in which the member chooses whether the refund will be returnable to the
   member or may be retained by ClubCorp ("election form").

   The election form will be returnable within 30 days of the date of the ClubCorp
   correspondence and state that if the election form is not received by ClubCorp within 30
   days of that date, the initiation deposit will be paid to the Texas Comptroller of Public
   Accounts Unclaimed Property Division.

   Within 30 days of receipt of the election form, ClubCorp will refund those initiation
   deposits that Texas Members have elected to have refunded.

2. Within 30 days of agreeing to the terms herein, ClubCorp will allow Audit Services U.S.,
   LLC (the "Auditors") to review the records of all operating affiliates with Texas
   Members.

3. Within 120 days of agreeing to the terms herein, ClubCorp will provide the Auditors, in
   the format requested by the Auditors, a report including the names of all Texas Members
   who did not respond to the election form ("nonresponding Texas Members"), those
   nonresponding Texas Members' last known addresses, the amount of the initiation

Mr. Curtis Osterloh
September 30, 2015
Page Two

deposits and all other information set forth in Property Code Section 74.101. ClubCorp
will remit to the Comptroller the aggregate of the initiation fees set forth in the report
provided to the Auditor at the time the report is provided to the auditor.

4. ClubCorp will commence filing annual reports and submitting payments for those
initiation fees that become due during the twelve month period ending March 1 of each
year that were not returned to Texas Members or kept by ClubCorp by agreement. The
first such report will be due on July 1, 2016.

5. If the time parameters set forth in this offer are met by ClubCorp, the Comptroller will
waive the statutory penalty and interest set forth in Property Code Section 74.705 and
74.706.

Please note that CPA's offer to waive interest and penalty relates solely to the matters proposed
to be resolved through this offer and does not prejudice CPA's rights to collect statutory interest
and penalty in connection with any other unclaimed property matters involving ClubCorp or any
subsequent action to enforce the Unclaimed Property statutes; the offer of waiver likewise does
not apply if this offer does not result in a resolution of this matter in the immediate future under
the time line set forth herein.

If you would like to discuss this proposal further, I invite you to contact Joani Bishop, director of
Unclaimed Property Division, at 512-463-4557 or Joani.Bishop@cpa.texas.gov.

Sincerely,

Glenn Hegar

cc: Joani Bishop



# EXHIBIT I





## TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

**Unclaimed Property Division**
P.O. Box 12046 · Austin, TX 78711-2046

February 29, 2016

Mr. Todd M. Dupuis, CPA
Chief Accounting Officer
ClubCorp, Inc.
3030 LBJ Freeway – Suite 500
Dallas Texas  75234-7703

Dear Mr. Dupuis:

The Comptroller's office authorized Audit Services U.S., LLC to conduct an unclaimed property audit for the years 1998 to 2008 of your company on July 17, 2008. Despite numerous requests by the auditor and Comptroller's office, ClubCorp has failed to provide the membership deposit records required to complete this audit. Due to the lack of progress, the Comptroller's office has decided to extend the audit period to include membership deposits reportable as unclaimed property as of July 1, 2015.

At your request, we sent two staff to your office on February 10, 2016, in one more effort to obtain the information. Unfortunately, during that meeting Club Corp failed to provide our staff with the requested membership deposit source information. Without being able to review source documents and complete membership account information, we cannot determine the accuracy of the $5.8 million amount ClubCorp quoted as abandoned membership deposit funds due to Texas.

In an effort to resolve this matter, this office is giving Club Corp a final opportunity to comply with the auditor and Comptroller requests for the membership account source information. Attachment A details the membership deposit account information and other company records we require to complete our review. Please submit the requested information no later than March 29, 2016, in an electronic format that is easily searchable.

Additionally, ClubCorp must commence filing annual reports and submitting payments for those initiation deposits that become abandoned during the twelve month period ending March 1 of each year that were not returned to the owner whose last known address is in Texas. The first such report will be due on July 1, 2016.

As a reminder, Texas Property Code Section 74.702 states, "the comptroller, attorney general, or an authorized agent of either, may examine the books and records of any holder." Texas Property Code Section 74.709 provides that, in addition to penalties and interest, a holder who fails to pay or file a property report timely, is subject to a civil

Mr. Todd M. Dupuis
February 29, 2016
Page Two

penalty not to exceed $100 per day for each day the report or payment is delinquent.

While this office seeks to resolve this matter without the need for legal action, ClubCorp's failure to provide the requested information by the requested date may leave this office with no other options.

If you have questions about any of the items included in Attachment A, contact Valerie Davis or Matthew Angus at upac.administration@cpa.texas.gov or 844-519-5675.

Sincerely,

Joani Bishop
Director

Enclosure

cc:   Phillip Ashley, Associate Deputy Comptroller
      Serena Kuvet, Assistant General Counsel



**ATTACHMENT A**
**Records Required for Comptroller Review**

- Company chart of accounts
- Company trial balance for 2014
- 2014 general ledger detail for all membership deposit accounts
- For each club ever affiliated with ClubCorp, Inc.:
  - the club name;
  - company-assigned club number;
  - operation begin date; and for clubs already in operation when ClubCorp acquired them, the date the club opened, and when ClubCorp began operating it;
  - operation close and/or dissolution date, if applicable;
  - complete physical address;
  - dba name, if applicable; and
  - any outstanding membership deposit amounts for the closed and/or dissolved clubs
- For each membership deposit account:
  - the account number;
  - member name;
  - company-assigned club number;
  - member's last known address;
  - initial deposit maturity date;
  - all debits and credits made to the account; and
  - current account balance
- List of all refunded, transferred or kept by agreement membership deposits and the supporting documentation
- List of all dormant membership deposits transferred to another account and a transaction history of the account.

Additional information may be needed as the above data is analyzed.



# EXHIBIT J





## TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

**Unclaimed Property Division**
P.O. Box 12046 • Austin, TX 78711-2046

December 15, 2017

Mr. Eric L. Affeldt
Chief Executive Officer
Constellation Club Parent, Inc.
Constellation Merger Sub Inc.
ClubCorp Holdings, Inc.
3030 LBJ Freeway, Ste 600
Dallas, Texas 75234

**RE: Demand for Overdue Unclaimed Property Payment and Report**

Dear Mr. Affeldt:

As you are aware, on July 17, 2008, the Texas Comptroller of Public Accounts (Comptroller) authorized Audit Services U.S., LLC to conduct an unclaimed property audit of your company for the years 1998 to 2008. In correspondence from this office to Mr. Todd M. Dupuis, Chief Accounting Officer of ClubCorp, Inc., dated February 29, 2016, your company was informed that, due to ClubCorp's refusal to provide membership deposit records necessary to complete the audit, the decision had been made to extend the audit period to include membership deposits reportable as unclaimed property as of July 1, 2015. Further, this office urged ClubCorp to provide the requested membership deposit information no later than March 29, 2016, and to commence filing annual reports and delivering payment of abandoned initiation deposits, with the first such report to be submitted no later than July 1, 2016. Your company was advised that this would be its "final opportunity", and that under Texas law, a holder of unclaimed property who fails to make a required payment or file a property report in a timely manner may be assessed penalties and interest, and is subject to the imposition of civil penalties not exceeding $100 per day for each day the payment or report remains delinquent.

Since the date of the aforementioned correspondence the Comptroller has yet to observe any meaningful effort on ClubCorp's part to resolve the matter of its outstanding unclaimed property liabilities. Rather, ClubCorp has consistently declined to make complete source records and other requested information available, despite having been afforded ample time and opportunity to do so. Accordingly, the Comptroller has estimated amounts due based on the best information available.



**EXHIBIT J**

Mr. Eric L. Affeldt
December 15, 2017
Page Two

This letter serves as a formal demand by the Comptroller's office for payment by ClubCorp Holdings, Inc., its wholly owned subsidiaries, predecessors, successors, parents, divisions, affiliates, joint ventures, and operated businesses (ClubCorp) of **$53,425,800.00** to the State of Texas.  This amount represents Texas' estimated pro rata share of matured membership initiation deposit properties presumed abandoned under Texas Property Code Section 72.001 *et seq.,* which ClubCorp is holding in violation of Texas law.

The Comptroller further demands that, together with this payment, ClubCorp deliver a report of the names and last known addresses of the rightful owners of any portion of these funds, in accordance with the reporting requirements set forth in Texas Property Code Section 74.101 *et seq.*  Payment and delivery of the required reports must be made no later than **February 19, 2018** to:

> Texas Comptroller of Public Accounts
> Unclaimed Property Division
> P.O. Box 12046
> Austin, Texas  78711-2046

The Comptroller will waive penalties and interest if ClubCorp makes full payment of the demanded amount and delivers the complete reports to the Comptroller by the date stated herein. Otherwise the Comptroller will assess penalties of $5,342,580.00 and interest of $25,534,564.30 which continue to increase with time.

The $53,425,800.00 figure provided above is based upon the best information available to the Comptroller as of the date of this correspondence, using data (further described in Attachment A to this letter):

1.  regarding current liability amounts attributable to matured and unpaid membership initiation deposits as of June 13, 2017, as reported by ClubCorp Holdings, Inc. in its Quarterly Report submitted to the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and for the quarterly period ended June 13, 2017;

2.  regarding the number and location of ClubCorp business, sport, alumni, golf and country clubs and facilities:

    a.  as described by ClubCorp to the Comptroller via electronic mail on January 20, 2015 (Clubs by state – Attachment A) and

    b.  as reflected on the "global company list" submitted by ClubCorp to the Comptroller via electronic mail on April 13, 2016 (in attachment labeled "CC Entity List"); and

3.  regarding gross receipts or sales reported by ClubCorp in franchise tax reports filed with the Comptroller during report years 2008-2016.

The Comptroller reserves the right to adjust this amount should it become aware, through audit, discovery or otherwise, that additional overdue unclaimed property is owed, and to reflect the imposition of all interest and penalties that may be assessed under Texas Property Code Chapter 74 against a holder of delinquent property.

Mr. Eric L. Affeldt
December 15, 2017
Page Three


ClubCorp's failure to comply with this demand or to meet the deadline stated above may result in the State of Texas taking legal action to enforce its rights, as well as the rights of its citizens and residents.

Please be advised that under Texas Property Code Section 74.709, the Attorney General of Texas is authorized, on request of the Comptroller of Public Accounts, to bring an action in district court to compel a holder to deliver unclaimed property or to file a property report. In addition to penalties and interest, the Attorney General may recover reasonable legal fees. Further, failure on the part of a holder of unclaimed property to comply with an audit, or with a demand for payment of unclaimed property or delivery of a report may constitute a criminal offense under Texas Property Code Section 74.710, for which violators are subject to punishment as a Class B misdemeanor.

To ensure that compliance with these demands can be verified, and in anticipation of litigation in the event that ClubCorp's cooperation and compliance is not received, the Texas Comptroller of Public Accounts reasserts its demand that ClubCorp preserve all documents, tangible things and electronically stored information potentially relevant to this matter.

If you have any questions regarding this demand for payment and report, you may contact Matthew Angus at (844) 519-5675 or by email at upac.administration@cpa.texas.gov.

Sincerely,

Joani Bishop
Director

cc:   Phillip Ashley, Associate Deputy Comptroller
      Texas Comptroller of Public Accounts

      Mr. Steve McConnico
      Scott, Douglass & McConnico, LLP

      Ms. Ingrid Keiser, Mr. Mark Burnett, Mr. Curt D. McClellan
      Constellation Club Parent, Inc.
      ClubCorp Holdings, Inc.

      Mr. Leon Black, Mr. Joshua Harris, Mr. Marc Rowan
      Apollo Global Management, LLC

Attachment



Attachment A

| Clubs By State (1-20-15) | | Global Company List (4-13-16) | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Count of | | | | | | |
| State | Count | State | Formation State | Source | Texas Club % of Population | | | | |
| AL | 2 | AK | 1 | | | | | | |
| AR | 1 | AL | 5 | Clubs By State | 30.34% | | | | |
| AZ | 3 | AR | 5 | | | | | | |
| CA | 21 | Australia | 2 | Global Company List | 29.66% | | | | |
| CO | 1 | AZ | 14 | | | | | | |
| FL | 16 | CA | 46 | | | | | | |
| GA | 8 | Cayman Island | 1 | Franchise Tax Info | | | | | |
| IL | 2 | CN | 11 | Holder | Report Period | (1) Gross Sales TX | (8) Total Gross Sales | | |
| KS | 1 | CO | 27 | ClubCorp USA, Inc | 2008 | $ 372,225,072.00 | $ 918,439,092.00 | 41% |
| LA | 1 | CT | 3 | ClubCorp USA, Inc | 2009 | $ 362,687,217.00 | $ 999,764,176.00 | 36% |
| MA | 3 | DC | 5 | ClubCorp USA, Inc | 2010 | $ 276,390,934.00 | $ 843,998,925.00 | 33% |
| MI | 7 | DE | 92 | ClubCorp USA, Inc | 2011 | $ 292,398,404.00 | $ 952,576,929.00 | 31% |
| NC | 9 | DE | 1 | ClubCorp USA, Inc | 2012 | $ 210,476,558.00 | $ 722,466,771.00 | 29% |
| NV | 2 | England | 1 | ClubCorp USA, Inc | 2013 | $ 223,836,138.00 | $ 801,316,330.00 | 28% |
| OH | 5 | FL | 94 | ClubCorp USA, Inc | 2014 | $ 238,637,805.00 | $ 922,322,505.00 | 26% |
| PA | 5 | France | 2 | ClubCorp USA, Inc | 2015 | $ 281,102,012.00 | $ 927,362,708.00 | 30% |
| SC | 7 | GA | 52 | ClubCorp USA, Inc | 2016 | $ 304,142,031.00 | $ 1,073,488,752.00 | 28% |
| TN | 3 | HI | 5 | | | $ 2,561,896,171.00 | $ 8,161,736,188.00 | 31% |
| TX | 44 | IA | 4 | | | | | | |
| VA | 6 | ID | 1 | Calculation | | | | | |
| WA | 2 | IL | 14 | June 2017 10Q | $ 178,086,000.00 | | | | |
| | | IN | 4 | Texas Pro Rata Share | 30% | | | | |
| (blank) | | KS | 8 | Brought to Current | $ 53,425,800.00 | | | | |
| Grand Total | 145 | KY | 1 | | | | | | |
| | | LA | 6 | Principal | $ 53,425,800.00 | | | | |
| | | MA | 4 | Penalty | $ 5,342,580.00 | | | | |
| | | MD | 4 | Interest | $ 25,534,564.30 | | | | |
| | | MI | 20 | Total | $ 84,302,944.30 | | | | |
| | | MN | 7 | | | | | | |
| | | MO | 2 | | | | | | |
| | | MS | 7 | | | | | | |
| | | NC | 33 | | | | | | |
| | | NJ | 4 | | | | | | |
| | | NM | 3 | | | | | | |
| | | NV | 143 | | | | | | |
| | | NY | 8 | | | | | | |
| | | OH | 22 | | | | | | |
| | | OK | 112 | | | | | | |
| | | PA | 13 | | | | | | |
| | | SC | 40 | | | | | | |
| | | TN | 7 | | | | | | |
| | | TX | 412 | | | | | | |
| | | VA | 26 | | | | | | |
| | | VT | 1 | | | | | | |
| | | WA | 2 | | | | | | |
| | | WI | 4 | | | | | | |
| | | XX | 2 | | | | | | |
| | | ZZ | 120 | | | | | | |
| | | (blank) | | | | | | | |
| | | Grand Total | 1406 | | | | | | |



# EXHIBIT K





**SCOTT**
**DOUGLASS**
**McCONNICO**

February 9, 2018

VIA EMAIL joani.bishop@cpa.texas.gov
AND HAND DELIVERY
Joani Bishop
Texas Comptroller of Public Accounts
Unclaimed Property Division
111 East 17th Street
Austin, TX 78701

Re:    Comptroller Demand

Dear Ms. Bishop:

This letter responds to the Texas Comptroller's demand letter ("Demand") that is dated December 15, 2017 and was received by ClubCorp Holdings, Inc. ("ClubCorp") on December 21, 2017.   The Demand pertains to initiation payments made by club members to their individual clubs, each of which is a registered special-purpose entity (SPE).  The Demand, however, is directed to the clubs' indirect parent company, ClubCorp.  To the extent that the Demand has any merit, which ClubCorp continues to contest, the Demand is misdirected because ClubCorp is not the statutorily defined "holder" of the initiation payments at issue.[1]

The Demand identifies Chapter 74 of the Unclaimed Property Act[2] as the basis for ClubCorp's purported obligation to (1) provide the Comptroller with a report relating to initiation payments presumed abandoned under Chapter 72 of the Act, and (2) pay the State of Texas $53,425,800.00, which is characterized as representing "Texas' estimated pro rata share" of matured initiation payments presumed abandoned under Chapter 72 of the Act and as being based "upon the best information available to the Comptroller[.]"[3]  Demand at 2.  Also in reliance on Chapter 74 of the Act, the Demand threatens an assessment of interest and

---

[1] While ClubCorp has not reiterated herein the reasons for its position that the initiation payments are not subject to the Unclaimed Property Act (Tex. Prop. Code §§ 71.001–76.704), ClubCorp respectfully refers the Comptroller to its prior communications regarding the inapplicability of the Act.  ClubCorp is willing to provide further explanations and submit further briefing upon your request.

[2] Tex. Prop. Code §§ 71.001–76.704.

[3] The data in Attachment A to the Demand is characterized as the "best information available" to the Comptroller.   ClubCorp disputes that characterization, as the Comptroller itself has contended previously that $5.8 million is the amount at issue for the audit period ending in 2008.  ClubCorp also disputes the Comptroller's use of the data in Attachment A as the basis for estimating the amount of the initiation payments at issue.  At best, the data reflect nothing more than the type of estimate, or reasonable approximation, that the United States Supreme Court has rejected as a basis for determining the funds to be escheated.  *See Delaware v. New York*, 507 U.S. 490, 508, 113 S. Ct. 1550, 1561 (1993).

Scott Douglass & McConnico LLP   |   Attorneys at Law

303 Colorado Street, Suite 2400, Austin, TX 78701   |   p : 512.495.6300   |   f : 512.495.6399   |   www.scottdoug.com

**EXHIBIT**
**K**

Joani Bishop
February 9, 2018
Page 2

penalties, a civil proceeding that would include a request for attorney's fees, and potential criminal liability if ClubCorp does not provide the report and payment demanded. *Id.* at 2–3.

On its face, Chapter 74 of the Unclaimed Property Act applies only "to a holder of property that is presumed abandoned under Chapter 72" of the Act. Tex. Prop. Code § 74.001(a) (emphasis added);[4] *accord Highland Homes Ltd. v. State*, 448 S.W.3d 403, 409 (Tex. 2014). The term "holder" is defined to mean "a person, wherever organized or domiciled, who is: (1) in possession of property that belongs to another; (2) a trustee; or (3) indebted to another on an obligation." Tex. Prop. Code § 72.001(e). This definition of "holder" has been part of the Unclaimed Property Act since 1987. Act effective Sept. 1, 1987, 70th Leg., R.S., ch. 426, § 2, sec. 72.001,1987 Tex. Gen. Laws (codified at Tex. Prop. Code § 72.001(e)).

Like the Unclaimed Property Act itself, Texas courts have made it clear that a person (including an entity) is not subject to Chapter 74 of the Act in relation to any purportedly abandoned property unless the entity is a "holder" of that property. For example, in *Highland Homes Ltd.*, the Supreme Court of Texas concluded that the Act did not apply to a *cy pres* award consisting of undistributed class-action settlement funds and, as part of its analysis, rejected the State's assertion that the settlement administrator was a "holder" of the funds. 448 S.W.3d at 410–11; *see also id.* at 411 ("The settlement administrator no longer has property belonging to the settlement class members and is not indebted to them because they have agreed, through class representatives, to exercise their right to payment under the settlement agreement within 90 days. . . . Thus, the settlement administrator is no longer a 'holder' to which Chapter 74 applies.").

In *Metromedia Restaurant Services, Inc. v. Strayhorn*, the Third Court of Appeals addressed "the requirements to be a 'holder'" in relation to two subsidiaries—Steak & Ale of Texas, Inc. ("Steak & Ale") and Metromedia Restaurant Services, Inc. ("Metromedia")—and their parent company, S & A Restaurant Corporation ("S&A"). 188 S.W.3d 282, 284 (Tex. App.—Austin 2006, pet. denied). The case involved unclaimed wages of Steak & Ale employees. *Id.* Annually, Metromedia prepared unclaimed-property reports relating to the unclaimed wages on S&A's behalf, and S&A submitted the reports and funds to the Comptroller. *Id.* at 285. But through an audit conducted at Metromedia's office, the Comptroller reviewed S&A's and Steak & Ale's financial records and discovered that, for several years, S&A had retained a $15 processing fee for each unclaimed check from the funds that S&A delivered to the Comptroller. *Id.* In seeking to recover the retained funds, the Comptroller assessed Metromedia but did not assess S&A or Steak & Ale. *Id.* Metromedia disputed the assessment via a declaratory judgment action, the Comptroller answered and filed counterclaims against Metromedia for delivery of the retained funds and penalties, and the two parties were ultimately realigned by agreed order. *See id.*

---

[4] Section 74.001(a) also references Chapters 73 and 75 of the Texas Property Code, but those chapters are undisputedly inapplicable to the initiation payments, and thus, they are not addressed in this letter.

Joani Bishop
February 9, 2018
Page 3

At trial, the Comptroller contended that Steak & Ale, Metromedia, and S&A were "all holders of the unclaimed property at issue[,]" even though Metromedia was the only named party. *Id.* The jury agreed and also found that Metromedia "'operated as a single business enterprise'" with S&A and Steak & Ale. *Id.* The trial court entered judgment against the three entities, jointly and severally, for the retained funds, statutory penalties, and attorney's fees. *Id.*

The court of appeals analyzed the roles of and relationships among the entities, as well as the flow of the funds at issue, and held that Metromedia was not liable for a failure to remit the funds because there was insufficient evidence that it was a "holder" of those funds, as required by Chapter 74 of the Unclaimed Property Act. *Id.* at 285–89.[5] The court rejected as evidence of "holder" status the fact that Metromedia (1) handled payroll responsibilities for S&A and its subsidiaries, (2) had an account on which some of the unclaimed payroll checks at issue were written, (3) provided "home office administrative services" to S&A and Steak & Ale, (4) provided administrative services with respect to the reporting of the unclaimed wages, and (5) maintained the books and records for both S&A and Steak & Ale. *See id.* at 284, 288–89. The court also concluded that "[e]vidence to the effect that funds for *claimed* wages, *i.e.*, funds for checks presented for payment, would pass through the Metromedia account [was] not evidence that Metromedia [possessed] funds representing the *unclaimed* wages of Steak & Ale . . . employees." *Id.* at 289. Finally, the court deemed it noteworthy that Metromedia's bank account, like all of S&A's other subsidiaries' accounts, was a zero-balance account. *Id.* at 288.

As in *Metromedia*, the Comptroller is pursuing the wrong entity here to obtain the property it contends is abandoned and subject to Chapter 74 of the Unclaimed Property Act. More specifically, ClubCorp is not the "holder" of the property at issue—i.e., the matured membership initiation payments—even if that property is subject to the Unclaimed Property Act. As a starting point, members delivered the initiation payments to individual clubs—i.e., to ClubCorp's subsidiaries, not to ClubCorp. Each club is a registered, functioning SPE with its own books and records, including separate balance sheets and profit-and-loss statements. Each club recorded its members' initiation payments on its books and used those payments to fund its operating expenses or its capital expenditures.[6] Consistent with the IRS field advice that is referenced in ClubCorp's April 2015 white paper directed to Frances Torres, the initiation payments are treated as long-term debt for the 30-year period in which members loan the payments to their respective clubs—with the liability reflected on the books of each of the individual clubs at issue—and, when initiation payments are not returned to members, they

---

[5] In *Metromedia*, the two "holder" definitions at issue were (1) a person in possession of property that belongs to another and (2) a person indebted to another on an obligation. *Metromedia*, 188 S.W.3d at 288 (referring to Tex. Prop. Code § 72.001(e)(1), (e)(3)). Presumably, the Comptroller is assuming one or both of these definitions also apply to ClubCorp, as there is no colorable argument that ClubCorp is susceptible to the "holder" definition of "trustee" in Section 72.001(e)(2) of the Unclaimed Property Act.

[6] Although the clubs that received the initiation payments vary in operation and financial strength, the expenses associated with running a club typically exceed the initiation payments received by that club.

Joani Bishop
February 9, 2018
Page 4

are recognized as discharge-of-indebtedness income.  Both the federal government and the State have benefitted from that treatment, via discharge-of-indebtedness-income taxation.

Similar to Metromedia's role in relation to S&A and its other subsidiaries, ClubCorp assists with the maintenance of the books and records for the individual subsidiary clubs, provides administrative services to the clubs, and facilitates any audits of the clubs.  ClubCorp also implements a centralized cash-management process that results in cash received by clubs passing through ClubCorp's bank account.  Intercompany movement of money is documented on ClubCorp's records and on the individual clubs' records.  Of note, however, initiation payments are not earmarked or segregated from other cash in ClubCorp's account.  Rather, recordation relating to initiation payments is handled at the club (subsidiary) level, as it is the clubs that receive the initiation payments and use the initiation payments to cover their operating expenses or capital expenditures.  Upon demand, an amount equivalent to the initiation payment previously received (at least 30 years prior to the date of the demand) can be paid to the member or the member's heir.  While the amount returned may be pulled from ClubCorp's bank account, *Metromedia* makes clear that this fact does not render ClubCorp a "holder" under the Unclaimed Property Act.

The Demand suggests that the Comptroller wants to sidestep the "holder" issue by lumping ClubCorp together with "its wholly owned subsidiaries, predecessors, successors, parents, divisions, affiliates, joint ventures, and operated businesses" and demanding payment from them collectively.  Demand at 2.  That approach ignores the definition of "holder" in Section 72.001(e) of the Unclaimed Property Act, ignores *Metromedia*, and ignores the general rule against disregarding the existence of a corporation (such as ClubCorp) as a separate legal entity.  *See, e.g., SSP Partners v. Gladstrong Investments (USA) Corp.*, 275 S.W.3d 444, 455 (Tex. 2008) ("We have never held corporations liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances.  There must also be evidence of abuse . . . .  Such abuse is necessary before disregarding the existence of a corporation as a separate entity.").  In sum, ClubCorp is not the "holder" of the initiation payments and cannot be deemed as such simply because of its relationship to individual clubs.

Although ClubCorp continues to contest that the initiation payments at issue are subject to the Unclaimed Property Act, ClubCorp is willing to continue to work with the Comptroller.  Please let me know whether the Comptroller is willing to schedule a meeting to address the matters at hand, and please contact me if you have any questions about this letter.

Sincerely,

Curtis Osterloh



Joani Bishop
February 9, 2018
Page 5

cc:   Matthew Angus, via email, upac@administration@cpa.texas.gov
      Phillip Ashley, via email, phillip.ashley@cpa.texas.gov
      Steve McConnico, via email, smcconnico@scottdoug.com
      Kennon L. Wooten, via email, kwooten@scottdoug.com

I, VELVA L. PRICE, District Clerk, Travis County,

Texas, do hereby certify that this is a true and

correct copy as same appears of record in my

office. Witness my hand and seal of office

On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: _____

APPROVED
By SalmonC at 1:29 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

    vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK      , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

TO:  OK 2001 BRYAN TOWER CLUB INC.
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    10300 GREENBRIAR PL.
    OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER
REFERRAL _____ ying pleading, having first attached such copy of such citation to such copy of
pleading _____ sed on such copy of citation the date of delivery.

Service _____                    _____
                                          Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119                    SERVICE FEE NOT PAID              P01 - 000073350

☐ Original      ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

**APPROVED**
*By SalmonC at 1:29 pm, Feb 15, 2019*

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

V.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.    vs.

, Defendant

TO:  OK VITA CENTER MANAGEMENT CORP., ALSO D/B/A VITA CENTER MANAGEMENT CORP
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     10300 GREENBRIAR PL.
     OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER

REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____

_____ day of _____, _____.

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119                 SERVICE FEE NOT PAID              P01 - 000073351

☐ Original      ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,

Texas, do hereby certify that this is a true and

correct copy as same appears of record in my

office. Witness my hand and seal of office

On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: CS

APPROVED
By SalmonC at 1:29 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK         , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

TO:  CITRUS CLUB,INC. ALSO D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     1201 HAYS STREET
     TALLAHASSEE, FLORIDA 32301-2525

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and
numbered cause, which was filed on <u>JANUARY 7, 2019</u> in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 10, 2019</u>.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

**Yelva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION, LAWYER
REFERRAL</u> accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____

_____ day of _____, _____.

Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119            SERVICE FEE NOT PAID            P01 - 000073352

☐ Original        ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: ᴧS

APPROVED
By SalmonC at 1:29 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-19-000119

STATE OF TEXAS

        , Plaintiff

   vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK   , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

TO:  OK PRE 12-30-98 OPERATOR OF HALIFAX CLUB,INC. ALSO, D/B/A HALIFAX CLUB, INC OR HALIFAX
     INVESTMENT CLUB
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     10300 GREENBRIAR PL.
     OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER
REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of
pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

**D-1-GN-19-000119**

☐ Original          ☐ Service Copy

SERVICE FEE NOT PAID

**P01 - 000073353**

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: 

*APPROVED*
*By SalmonC at 1:29 pm, Feb 15, 2019*

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

    vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK   , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

TO: OK PRE 12-23-99 OWNER LAFAYETTE CLUB, ALSO D/B/A LAFAYETTE CLUB, INC. OR THE LAFAYETTE CLUB,
    INC.
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    10300 GREENBRIAR PL.
    OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER

REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____                    _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-19-000119                SERVICE FEE NOT PAID              P01 - 000073354

☐ Original   ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

**APPROVED**
By SalmonC at 1:29 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK        , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION; OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

TO:  METROPOLITAN CLUB OF CHICAGO,INC. ALSO D/B/A THE PLAZA
     BY SERVING ITS REGISTERED AGENT ILLINOIS CORPORATION SERVICE
     801 ADLAI STEVENSON DRIVE
     SPRINGFIELD, ILLINOIS 62703-4261

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER

REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

**D-1-GN-19-000119**                    SERVICE FEE NOT PAID                    **P01 - 000073355**

☐ Original        ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On _____

**VELVA L. PRICE**
**DISTRICT CLERK**
By Deputy:

**APPROVED**
**By SalmonC at 1:29 pm, Feb 15, 2019**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-19-000119

STATE OF TEXAS

, Plaintiff

    vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK   , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

TO:  UNIVERSITY CLUB OF JACKSON,MISS ALSO D/B/A UNIVERSITY CLUB OF JACKSON
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    5760 I 55 N., STE. 150
    JACKSON, MISSISSIPPI 39211-2654

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and
numbered cause, which was filed on <u>JANUARY 7, 2019</u> in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 10, 2019.</u>

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION, LAWYER</u>

<u>REFERRAL</u> accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119     SERVICE FEE NOT PAID   P01 - 000073356

☐ Original  ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

APPROVED
By SalmonC at 1:30 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK          , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB, INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

TO:  OK JEFFERSON CLUB MANAGEMENT CORPORATION, ALSO D/B/A JEFFERSON CLUB, INC.
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     100 SHOCKOE SLIP, FL 2,
     RICHMOND, VIRGINIA 23219-4100

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER

REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119                    SERVICE FEE NOT PAID                    P01 - 000073357

☐ Original        ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: CS

APPROVED
By SalmonC at 1:30 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC, D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

, Defendant

TO:  PLAZA CLUB OF SAN ANTONIO,INC.
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY
     211 EAST 7TH STREET, STE. 620
     AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

Yelva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person a copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER

REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____          _____

Sworn to and subscribed before me this the

_____ day of _____, _____.


_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-19-000119

☐ Original          ☐ Service Copy

SERVICE FEE NOT PAID

P01 - 000073358

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: CS

*APPROVED*
By SalmonC at 1:30 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

   vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB     , Defendant
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC., TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.


TO:  TOWER CLUB,INC.
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     1201 HAYS STREET
     TALLAHASSEE, FLORIDA 32301-2525

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
Travis County Courthouse
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER

REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $_____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119                    SERVICE FEE NOT PAID              P01 - 000073359

☐ Original        ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: CS

APPROVED
By SalmonC at 1:30 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

                                                  , Plaintiff

    vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK     , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.

TO:  OK AKRON CLUB MANAGEMENT,CORP.
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
      10300 GREENBRIAR PL.
      OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION</u>  of the <u>PLAINTIFF</u> in the above styled and
numbered cause, which was filed on <u>JANUARY 7, 2019</u> in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 10, 2019.</u>

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

**Velva L. Price
Travis County District Clerk**
Travis County Courthouse
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION, LAWYER</u>

<u>REFERRAL</u> accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $_____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-19-000119

SERVICE FEE NOT PAID

P01 - 000073360

☐ Original        ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office

On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: ⌂ ⌒

**APPROVED**
*By SalmonC at 1:30 pm, Feb 15, 2019*

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

    vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK          , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.


TO:  OK ATLANTA CITY CLUB,INC.
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    10300 GREENBRIAR PL.
    OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION</u>  of the <u>PLAINTIFF</u> in the above styled and
numbered cause, which was filed on <u>JANUARY 7, 2019</u> in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 10, 2019.</u>

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

**Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION, LAWYER
REFERRAL</u> accompanying pleading, having first attached such copy of such citation to such copy of
pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By: _____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119

☐ Original          ☐ Service Copy

SERVICE FEE NOT PAID          P01 - 000073361

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: CS

*APPROVED*
By SalmonC at 1:30 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

   vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK        , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB, INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.


TO:  OK ATRIUM CLUB,INC.
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     10300 GREENBRIAR PL.
     OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and
numbered cause, which was filed on <u>JANUARY 7, 2019</u> in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 10, 2019.</u>

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>PLAINTIFFS ORIGINAL PETITION, LAWYER</u>

<u>REFERRAL</u> accompanying pleading, having first attached such copy of such citation to such copy of

pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $_____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119                    SERVICE FEE NOT PAID              P01 - 000073362

⬚ Original        ⬚ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: CS

**APPROVED**
By SalmonC at 1:30 pm, Feb 15, 2019

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

        vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK          , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.


TO:  OK HERITAGE CLUB, INC
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     10300 GREENBRIAR PL.
     OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER
REFERRAL accompanying pleading, having first attached such copy of such citation to such copy of
pleading and endorsed on such copy of citation the date of delivery.

Service Fee: _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

_____ day of _____, _____.

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119

☐ Original          ☐ Service Copy

SERVICE FEE NOT PAID

P01 - 000073363

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

**VELVA L. PRICE**
**DISTRICT CLERK**
By Deputy:

**APPROVED**
*By SalmonC at 1:30 pm, Feb 15, 2019*

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-19-000119

STATE OF TEXAS

, Plaintiff

     vs.

CLUBCORP HOLDINGS, INC.; BROOKEHAVEN COUNTRY CLUB, INC.; RICHARDSON COUNTRY CLUB
CORP. D/B/A CANYON CREEK COUNTRY CLUB; OK CENTURY II CLUB, INC., WALNUT CREEK , Defendant
MANAGEMENT CORP; KINGWOOD COUNTRY CLUB, INC; OK UNIVERSITY CLUB OF HOUSTON, INC;
OK CIPANGO MANAGEMENT CORPORATION;  OK FOREST OAK COUNTRY CLUB, INC; HILL
COUNTRY GOLF, INC., D/B/A LOST CREEK COUNTRY CLUB; CLUBCORP PORTER VALLEY
COUNTRY CLUB, INC., D/B/A PORTER VALLEY COUNTRY CLUB, INC; OK THE RELAY HOUSE
CORPORATION, D/B/A THE RELAY HOUSE; THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB
AT DOWNTOWN; OK 2001 BRYAN TOWER CLUB INC; OK VITA CENTER MANAGEMENT CORP;
CITRUS CLUB, INC, D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB; OK PRE 12-30-98
OPERATOR OF HALIFAX CLUB, INC. D/B/A HALIFAX CLUB, INC. OR HALIFAX INVESTMENT
CLUB; OK PRE 12-23-99 OWNER LAFAYETTE CLUB, D/B/A LAFAYETTE CLUB, INC; THE
METROPOLITAN CLUB OF CHICAGO, INC., D/B/A THE PLAZA; UNIVERSITY CLUB OF JACKSON,
MISS D/B/A UNIVERSITY CLUB OF JACKSON; OK JEFFERSON CLUB MANAGEMENT CORPORATION,
D/B/A JEFFERSON CLUB, INC.; THE PLAZA CLUB OF SAN ANTONIO,INC.; TOWER CLUB, INC;
OK AKRON CLUB MANAGEMENT  CORP; OK ATLANTA CITY CLUB, INC.; OK ATRIUM CLUB,
INC.; OK HERITAGE CLUB, INC; CLUBCORP BRAEMAR COUNTRY CLUB, INC.


TO:  CLUBCORP BRAEMAR COUNTRY CLUB,INC.
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     251 LITTLE FALLS DRIVE
     WILMINGTON, DELAWARE 19808

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFFS ORIGINAL PETITION  of the PLAINTIFF in the above styled and
numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
Travis County Courthouse
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: RUBEN TAMEZ

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____ , each

in person, a true copy of this citation together with the PLAINTIFFS ORIGINAL PETITION, LAWYER
REFERRAL _____ ying pleading, having first attached such copy of such citation to such copy of
pleading _____ ed on such copy of citation the date of delivery.

Service _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By: _____

_____ day of _____, _____.

Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-19-000119                    SERVICE FEE NOT PAID              P01 - 000073364

☐ Original          ☐ Service Copy

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

**VELVA L. PRICE**
**DISTRICT CLERK**
By Deputy: _____

**APPROVED**
*By SalmonC at 1:30 pm, Feb 15, 2019*

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

                                                           , Plaintiff

       vs.

CLUBCORP HOLDINGS, INC.;ET AL

                                                           , Defendant

TO: CLUBCORP HOLDINGS INC
    BY SERVING ITS REGISTERED AGENT, CSC SERVICES OF NEVADA, INC
    2215-B RENAISSANCE DRIVE
    LAS VEGAS, NEVADA 89119

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7,2019 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $

I, VELVA L. PRICE, District Clerk, Travis County,
Sworn to and subscribed to before me on this Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
_____ day of _____, _____ . office. Witness my hand and seal of office
On _____, _____

VELVA L. PRICE
Notary Public, Travis County, TEXAS **DISTRICT CLERK**

By Deputy: CS

_____
Sheriff / Constable / Authorized Person

By:_____

APPROVED
By SalmonC at 1:30 pm, Feb 15, 2019

D-1-GN-19-000119

☐ Original    ☐ Service Copy

SERVICE FEE NOT PAID

P01 - 000073366

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.;ET AL

, Defendant

TO:   BROOKHAVEN COUNTRY CLUB INC
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
      D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY
      211 EAST 7TH STREET, STE. 620
      AUSTIN, TEXAS 78701-3218
Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7,2019 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $

**I, VELVA L. PRICE, District Clerk, Travis County,**

Sworn to Texas, do hereby certify that this is a true and

correct copy as same appears of record in my

_____ day office. Witness my hand and seal of office

On _____

VELVA L. PRICE
Notary Public TRAVIS **DISTRICT CLERK** TEXAS

By Deputy: CS

D-1-GN-19-000119

☐ Original    ☐ Service Copy

Sheriff / Constable / Authorized Person

By:_____

Printed Name of Server

**APPROVED**
**By SalmonC at 1:31 pm, Feb 15, 2019**

SERVICE FEE NOT PAID

**P01 - 000073367**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

    vs.

CLUBCORP HOLDINGS, INC.;ET AL

, Defendant

TO:  RICHARDSON COUNTRY CLUB CORP
     D/B/A CANYON CREEK COUNTRY CLUB
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     211 EAST 7TH STREET, STE. 620
     AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7,2019  in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

**I, VELVA L. PRICE, District Clerk, Travis County,**
Sworn to and subscribed before me this is the **Texas, do hereby certify that this is a true and**
**correct copy as same appears of record in my**
_____ day **office. Witness my hand and seal of office**
**On** _____

_____

Notary P ____ **VELVA L. PRICE**
**THE STATE OF TEXAS**
**DISTRICT CLERK**

D-1-GN-19-000119 **By Deputy:** /\ \S

☐ Original    ☐ Service Copy

Sheriff / Constable / Authorized Person

By:_____

~~Printed Name of Server~~

**APPROVED**
**By SalmonC at 1:31 pm, Feb 15, 2019**

SERVICE FEE NOT PAID        P01 - 000073368

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.; ET AL

, Defendant

TO:   OK CENTURY II CLUB INC
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
      10300 GREENBRIAR PL
      OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7,2019  in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $

I, VELVA L. PRICE, District Clerk, Travis County,
Sworn to and subscribed before me Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
_____ day of office. Witness my hand and seal of office
On _____

VELVA L. PRICE
Notary Public, Travis County, TEXAS
DISTRICT CLERK

By Deputy:

Sheriff / Constable / Authorized Person

By:_____

APPROVED
By SalmonC at 1:31 pm, Feb 15, 2019

D-1-GN-19-000119                          SERVICE FEE NOT PAID              P01 - 000073369

☐ Original   ☐ Service Copy

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.;ET AL

, Defendant

TO:  WALNUT CREEK MANAGEMENT CORP
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY
     211 EAST 7TH STREET, STE. 620
     AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>JANUARY 7,2019</u> in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 10, 2019.</u>

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>PLAINTIFF'S ORIGINAL PETITION</u>

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

**I, VELVA L. PRICE, District Clerk, Travis County,**

Sworn to and subscribed before me **Texas, do hereby certify that this is a true and**

**correct copy as same appears of record in my**

_____ day **office. Witness my hand and seal of office**

**On** _____

Notary P_____

**VELVA L. PRICE**
**THE STATE OF TEXAS**
**DISTRICT CLERK**

D-1-GN-19-000119 **By Deputy:** Λ S

☐ Original   ☐ Service Copy

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

*APPROVED*
By SalmonC at 1:31 pm, Feb 15, 2019
County, Texas

SERVICE FEE NOT PAID

P01 - 000073370

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

   vs.

CLUBCORP HOLDINGS, INC.;ET AL

, Defendant

TO:   KINGWOOD COUNTRY CLUB INC
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY
     211 EAST 7TH STREET, STE. 620
     AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7,2019  in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

**I, VELVA L. PRICE, District Clerk, Travis County,**
Sworn to and subscribed before me the **Texas, do hereby certify that this is a true and**
**correct copy as same appears of record in my**
_____ day **office. Witness my hand and seal of office**
**On** _____

Notary P__ VELVA L. PRICE
**THE STATE OF TEXAS**
**DISTRICT CLERK**

D-1-GN-19-000119 **By Deputy:**

☐ Original   ☐ Service Copy

Sheriff / Constable / Authorized Person

By:_____

Printed Name of Server

**APPROVED**
**By SalmonC at 1:31 pm, Feb 15, 2019**

County, Texas

SERVICE FEE NOT PAID                P01 - 000073371

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.
CLUBCORP HOLDINGS, INC.;ET AL

, Defendant

TO: OK UNIVERSITY CLUB OF HOUSTON INC
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    10300 GREENBRIAR PL
    OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $

Sworn to _____

_____ day of _____, _____.

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
Notary Public **DISTRICT CLERK**, TEXAS
By Deputy:

Sheriff / Constable / Authorized Person

By:_____

Printed Name of Server

**APPROVED**
**By SalmonC at 1:31 pm, Feb 15, 2019**

County, Texas

D-1-GN-19-000119

☐ Original    ☐ Service Copy

SERVICE FEE NOT PAID

P01 - 000073372

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.;ET AL

, Defendant

TO: OK CIPANGO MANAGEMENT CORPORATION
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    10300 GREENBRIAR PL
    OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7,2019  in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $

I, VELVA L. PRICE, District Clerk, Travis County,

Sworn to and subscribed before me, Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office

_____ day of _____, _____.
On _____

VELVA L. PRICE
DISTRICT CLERK
Notary Public, THE STATE OF TEXAS

By Deputy: AS

Sheriff / Constable / Authorized Person

By:_____

**APPROVED**
**By SalmonC at 1:31 pm, Feb. 15, 2019**

D-1-GN-19-000119                    SERVICE FEE NOT PAID              P01 - 000073373

⬜ Original    ⬜ Service Copy

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.;ET AL

, Defendant

TO: OK FOREST OAK COUNTRY CLUB INC
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    10300 GREENBRIAR PL
    OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7,2019  in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $

I, VELVA L. PRICE, District Clerk, Travis County,

Sworn to and subscribed before Texas, do hereby certify that this is a true and

correct copy as same appears of record in my

_____ day of office. Witness my hand and seal of office

On _____

VELVA L. PRICE
Notary Public THE STATE OF TEXAS
**DISTRICT CLERK**

By Deputy:

Sheriff / Constable / Authorized Person

By:_____

**APPROVED**
**By SalmonC at 1:31 pm, Feb 15, 2019**

D-1-GN-19-000119                          SERVICE FEE NOT PAID                    P01 - 000073374

☐ Original    ☐ Service Copy

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC.;ET AL

, Defendant

TO:  HILL COUNTRY GOLF INC
     D/B/A LOST CREEK COUNTRY CLUB
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     211 EAST 7TH STREET, STE. 620
     AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7,2019 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 10, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

**I, VELVA L. PRICE, District Clerk, Travis County,**
Sworn to and subscribed before me this is the **Texas, do hereby certify that this is a true and**
**correct copy as same appears of record in my**
_____ day of **office. Witness my hand and seal of office**

On _____

Notary P ...

**VELVA L. PRICE**
**THE STATE OF TEXAS**
**DISTRICT CLERK**

D-1-GN-19-000119 **By Deputy:** ΛS

☐ Original      ☐ Service Copy

Sheriff / Constable / Authorized Person

By:_____

Printed Name of Server

**APPROVED**
**By SalmonC at 1:31 pm, Feb 15, 2019**

SERVICE FEE NOT PAID          **P01 - 000073375**

1/11/2019 3:33 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Sandra Henriquez**

## CAUSE NO. D-1-GN-19-000119

| | | | |
|---|---|---|---|
| STATE OF TEXAS | § | | |
| **PLAINTIFF** | § | | |
| | § | IN THE _____ | |
| VS. | § | | |
| | § | TRAVIS COUNTY, TX | |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | | |
| **DEFENDANT** | § | | |
| | § | | |

### RETURN OF SERVICE

**ON Friday, January 11, 2019 AT 05:50 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D,
EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K for service on
BROOKHAVEN COUNTRY CLUB INC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY
D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY came to hand.

**ON Friday, January 11, 2019 AT 02:11 PM, I, Barbara Stinnett, PERSONALLY
DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** BROOKHAVEN COUNTRY
CLUB INC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC
-LAWYERS INCORPORATING SERVICE COMPANY, C/O DESIGNATED
AGENT:ADAM WAYS, 211 EAST 7TH STREET STE 620, AUSTIN, TRAVIS COUNTY
TX, 78701.

My name is Barbara Stinnett. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002,
USA. I am a private process server certified by the Texas Judicial Branch Certification
Commission (PSC 1181, expires Friday, July 31, 2020). My date of birth is December 28,
1961. I am in all ways competent to make this statement, and this statement is based on
personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare
under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, Texas on Friday, January 11, 2019

/S/ BARBARA STINNETT

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
**DISTRICT CLERK**
By Deputy:

**APPROVED**
**By SalmonC at 1:32 pm, Feb 15, 2019**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC. ET AL.

, Defendant

TO: CLUBCORP PORTER VALLEY COUNTRY CLUB, INC.
    D/B/A PORTER VALLEY COUNTRY CLUB, INC.
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    251 LITTLE FALLS DRIVE
    WILMINGTON, DELAWARE 19808

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 15, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: CARRISA ESCALANTE

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

**I, VELVA L. PRICE, District Clerk, Travis County,**
Sworn to and subscribed **Texas, do hereby certify that this is a true and**
**correct copy as same appears of record in my**
_____ day **office. Witness my hand and seal of office**
**On** _____

_____
Notary P... THE STATE OF TEXAS
VELVA L. PRICE
**DISTRICT CLERK**

Sheriff / Constable / Authorized Person

By:_____

**APPROVED**
**By SalmonC at 1:32 pm, Feb 15, 2019**
County, Texas

D-1-GN-19-000119 **By Deputy:** /\ S

SERVICE FEE NOT PAID

P01 - 000073449

☐ Original     ☐ Service Copy

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

                                                                    , Plaintiff

    vs.

CLUBCORP HOLDINGS, INC. ET AL.

                                                                    , Defendant

TO:  OK THE RELAY HOUSE CORPORATION
     D/B/A THE RELAY HOUSE
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     10300 GREENBRIAR PL.
     OKLAHOMA CITY, OKLAHOMA 73159-7653

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 15, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: CARRISA ESCALANTE

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

    **I, VELVA L. PRICE, District Clerk, Travis County,**

Sworn to and subscribed before me **Texas, do hereby certify that this is a true and**
**correct copy as same appears of record in my**

_____ day **office. Witness my hand and seal of office**

    **On** _____

      **VELVA L. PRICE**

Notary P_____  **THE STATE OF TEXAS**
    **DISTRICT CLERK**

D-1-GN-19-000119 **By Deputy:** _____

☐ Original     ☐ Service Copy

Sheriff / Constable / Authorized Person

By:_____

**APPROVED** of Server
**By SalmonC at 1:32 pm, Feb 15, 2019** exas

SERVICE FEE NOT PAID     P01 - 000073450

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC. ET AL.

, Defendant

TO:  CLUBCORP PORTER VALLEY COUNTRY CLUB, INC.
D/B/A PORTER VALLEY COUNTRY CLUB, INC.
BY SERVING ITS REGISTERED AGENT, CSC – LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE, STE. 150N
SACRAMENTO, CALIFORNIA 95833

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>JANUARY 7, 2019</u> in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 15, 2019.</u>

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: CARRISA ESCALANTE

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>PLAINTIFF'S ORIGINAL PETITION</u>

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

**I, VELVA L. PRICE, District Clerk, Travis County,**

Sworn to and subscribed before me to certify which witness my hand this **Texas, do hereby certify that this is a true and**

**correct copy as same appears of record in my**

_____ day of ____ **office. Witness my hand and seal of office**

**On** _____

Notary P _____ **VELVA L. PRICE**
**THE STATE OF TEXAS**
**DISTRICT CLERK**

Sheriff / Constable / Authorized Person

By:_____

*APPROVED*
**By SalmonC at 1:32 pm, Feb 15, 2019**

D-1-GN-19-000119 **By Deputy:** /\ (_)

☐ Original   ☐ Service Copy

SERVICE FEE NOT PAID

P01 - 000073451

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

vs.

CLUBCORP HOLDINGS, INC. ET AL.

, Defendant

TO:  OK THE RELAY HOUSE CORPORATION
     D/B/A THE RELAY HOUSE
     BY SERVING ITS REGISTERED AGENT, CSC LAWYERS INCORPORATING SERVICE, INC.
     150 S. PERRY STREET
     MONTGOMERY, ALABAMA 36104-4227

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>JANUARY 7, 2019</u> in the <u>261ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>January 15, 2019.</u>

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313  FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: CARRISA ESCALANTE

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the <u>PLAINTIFF'S ORIGINAL PETITION</u>

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

**I, VELVA L. PRICE, District Clerk, Travis County,**

Sworn to and subscribed **Texas, do hereby certify that this is a true and**

**correct copy as same appears of record in my**

_____ day of **office. Witness my hand and seal of office**

**On** _____

_____

**VELVA L. PRICE**
Notary P— **DISTRICT CLERK**
**THE STATE OF TEXAS**

D-1-GN-19-000119 **By Deputy:** _____

☐ Original        ☐ Service Copy

Sheriff / Constable / Authorized Person

By:_____

**APPROVED**
**By SalmonC at 1:32 pm, Feb 15, 2019**

SERVICE FEE NOT PAID                    P01 - 000073452

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS

, Plaintiff

   vs.
CLUBCORP HOLDINGS, INC. ET AL.

, Defendant

TO:  THE DOWNTOWN CLUB, INC.
      D/B/A THE PLAZA CLUB AT DOWNTOWN
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
      D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY
      211 EAST 7TH STREET, STE. 620
      AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JANUARY 7, 2019 in the 261ST JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, January 15, 2019.

REQUESTED BY:
ANN HARTLEY
FINANCIAL LITIGATION AND CHARITABLE TRUSTS
DIVISION
PO BOX 12548
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)936-1313   FAX:(512)477-2348

**Velva L. Price**
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: CARRISA ESCALANTE

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and

executed at _____ within the County of

_____ on the _____ day of _____, _____, at _____ o'clock ____M.,

by delivering to the within named _____, each

in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION

accompanying pleading, having first attached such copy of such citation to such copy of pleading

and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

    **I, VELVA L. PRICE, District Clerk, Travis County,**

Sworn to and subscribed **Texas, do hereby certify that this is a true and**

    **correct copy as same appears of record in my**

_____ day **office. Witness my hand and seal of office**

    **On** _____

Sheriff / Constable / Authorized Person

By:_____

Printed Name of Server

**APPROVED**
**By SalmonC at 1:32 pm, Feb 15, 2019**

_____
Notary P. **VELVA L. PRICE**
    **THE STATE OF TEXAS**
    **DISTRICT CLERK**
D-1-GN-19-000119 **By Deputy:** _____

□ Original    □ Service Copy

SERVICE FEE NOT PAID

P01 - 000073481

1/18/2019 11:35 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Raeana Vasquez**

**CAUSE NO. D-1-GN-19-000119**

| | | | |
|---|---|---|---|
| STATE OF TEXAS | § | | |
| **PLAINTIFF** | § | | |
| | § | IN THE _____ | |
| VS. | § | | |
| | § | TRAVIS COUNTY, TX | |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | | |
| **DEFENDANT** | § | | |
| | § | | |

**RETURN OF SERVICE**

ON **Friday, January 11, 2019 AT 07:57 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D,
EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K for service on
CLUBCORP HOLDINGS INC C/O REGISTERED AGENT CSC SERVICES OF NEVADA, INC came to hand.

**ON Tuesday, January 15, 2019 AT 09:55 AM, I, R.R. McMahan, PERSONALLY
DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** CLUBCORP HOLDINGS INC
C/O REGISTERED AGENT CSC SERVICES OF NEVADA, INC, C/O FRANCES
GUTIERREZ, SERVICES LIAISON, AUTHORIZED TO ACCEPT SERVICE., 2215-B
RENAISSANCE DRIVE, LAS VEGAS, CLARK COUNTY, NV, 89119.

My name is R.R. MCMAHAN. My address is 724 South 8th Street;Las Vegas, Nevada 89101,
USA. My date of birth is February 25, 1954. I am over the age of 18, and have no interest in
this case. I am authorized to serve process within the state of NV.I am in all ways competent to
make this statement, and this statement is based on personal knowledge. I am not a party to this
case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing
is true and correct.

Executed in Clark County, NV, on Tuesday, January 15, 2019

/S/ R.R. MCMAHAN

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

**VELVA L. PRICE**
**DISTRICT CLERK**
By Deputy:

**APPROVED**
**By SalmonC at 1:32 pm, Feb 15, 2019**

1/22/2019 3:32 PM
**Velva L. Price**
**District Clerk**
**Travis County**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | **D-1-GN-19-000119** |
| **PLAINTIFF** | § | **Hector Gaucin-Tijerina** |
| | § | IN THE   261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

**DECLARATION OF MAILING**

**On January 16, 2019 at 07:05 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 18, 2019 at 10:52 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **CLUBCORP BRAEMAR COUNTRY CLUB, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **251 LITTLE FALLS DRIVE, WILMINGTON, NEW CASTLE COUNTY, DE 19808** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9279 30)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Friday, January 18, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name) _Williams Rob_   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

259292-2 & 259292-4

mailed on 1/16/19

**Domestic Return Receipt**

Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9279 32

1. Article Addressed to:

CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9279 30

PS Form 3811, Facsimile, July 2015

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: CS

**APPROVED**
By SalmonC at 1:32 pm, Feb 15, 2019

1/22/2019 3:32 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Irene Silva**

### CAUSE NO. D-1-GN-19-000119

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE   261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

### DECLARATION OF MAILING

**On January 16, 2019 at 07:05 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 18, 2019 at 10:52 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **CLUBCORP PORTER VALLEY COUNTRY CLUB, INC. D/B/A PORTER VALLEY COUNTRY CLUB, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY AT 251 LITTLE FALLS DRIVE , WILMINGTON, NEW CASTLE COUNTY, DE 19808** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9279 30)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Friday, January 18, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-004

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____ ☐ Agent
_____ ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-2 & 259292-4

Mailed on: 1/16/19

Domestic Return Receipt

Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9279 32

1. Article Addressed to:

CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9279 30

PS Form 3811, Facsimile, July 2015

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office

On _____

_____
VELVA L. PRICE
DISTRICT CLERK
By Deputy: CS

APPROVED
By SalmonC at 1:32 pm, Feb 15, 2019

1/25/2019 3:34 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS,                    §
**PLAINTIFF**                       §
                                   §        IN THE   261ST DISTRICT COURT
VS.                                §
                                   §        TRAVIS COUNTY, TX
CLUBCORP HOLDINGS, INC.; ET AL,    §
**DEFENDANT**                       §
                                   §

### DECLARATION OF MAILING

**On January 16, 2019 at 09:17 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 07:05 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **THE DOWNTOWN CLUB, INC. D/B/A THE PLAZA CLUB AT DOWNTOWN C/O REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY** AT **211 EAST 7TH STREET, STE 620, AUSTIN, TRAVIS COUNTY, TX 78701** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9280 50)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 22, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-011

**APPROVED**
By SalmonC at 1:32 pm, Feb 15, 2019

| Return Receipt (Form 3611) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

9590 9699 0430 0054 9280 52

A. Signature
x   **Kyle Ratzlaff**   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
JAN 2 2 2019

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

*Kyle Ratzlaff*

1. Article Addressed to:

CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, STE 620
AUSTIN, TX 78701

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information
~~292-5,6~~ & 294-10,11,12,~~15~~

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9280 50

mailed on: 1/16/19

PS Form 3811, Facsimile, July 2015         Domestic Return Recei

I, VELVA L PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

1/25/2019 3:34 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

## CAUSE NO. D-1-GN-19-000119

| | | |
|---|---|---|
| STATE OF TEXAS, **PLAINTIFF** | § § § | |
| VS. | § § | IN THE  261ST DISTRICT COURT |
| CLUBCORP HOLDINGS, INC.; ET AL, **DEFENDANT** | § § § § | TRAVIS COUNTY, TX |

## DECLARATION OF MAILING

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 07:05 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **RICHARDSON COUNTRY CLUB CORP D/B/A CANYON CREEK COUNTRY CLUB C/O REGISTERED AGENT CORPORATION SERVICE COMPANY AT 211 EAST 7TH STREET, STE 620, AUSTIN, TRAVIS COUNTY, TX 78701** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9280 50)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 22, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-010

APPROVED
By SalmonC at 1:33 pm, Feb 15, 2019

Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9280 52

1. Article Addressed to:

CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, STE 620
AUSTIN, TX 78701

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9280 50

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x    Kyle Ratzlaff          ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  JAN 2 2 2019

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

   *Kyle Ratzlaff*

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
          Reference Information
   ~~292 5,6~~ & 294-10,11,12,~~15~~

mailed on: 1/16/19

Domestic Return Recei

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: AS

1/25/2019 3:34 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

<u>**CAUSE NO. D-1-GN-19-000119**</u>

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE   261ST DISTRICT COURT |
| | § | |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | TRAVIS COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |

<u>**DECLARATION OF MAILING**</u>

**On January 16, 2019 at 09:17 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 07:05 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **PLAZA CLUB OF SAN ANTONIO, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY** AT **211 EAST 7TH STREET, STE 620, AUSTIN, TRAVIS COUNTY, TX 78701** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9280 50)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 22, 2019.


**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-012

Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9280 52

1. Article Addressed to:

CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, STE 620
AUSTIN, TX 78701

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9280 50

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Kyle Ratzlaff

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

JAN 2 2 2019

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

*Kyle Ratzlaff*

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

~~292 5,6~~ & 294-10,11,12,~~15~~

mailed on: 1/16/19

Domestic Return Recei

I, VELVA L PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

On

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

APPROVED
By SalmonC at 1:33 pm, Feb 15, 2019

1/25/2019 5:04 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE   261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

## DECLARATION OF MAILING

**On January 16, 2019 at 07:49 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 07:05 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **KINGWOOD COUNTRY CLUB INC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY** AT **211 EAST 7TH STREET, STE 620, AUSTIN, TRAVIS COUNTY, TX 78701** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9330 16)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Friday, January 25, 2019.


**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-006

**APPROVED**
By SalmonC at 1:33 pm, Feb 15, 2019

| Return Receipt (Form 3811) Barcode |
|---|

9590 9699 0430 0054 9330 18

1. Article Addressed to:

CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, STE 620
AUSTIN, TX 78701

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9330 16

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Kyle Batzloff    ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

Kyle Rat-

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-5,6 & 259294-15

mailed on: 1/16/19

Domestic Return Receipt

I, VELVA L PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

1/25/2019 5:34 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, **PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE   261ST DISTRICT COURT |
| CLUBCORP HOLDINGS, INC.; ET AL, **DEFENDANT** | §<br>§<br>§ | TRAVIS COUNTY, TX |

## DECLARATION OF MAILING

**On January 16, 2019 at 07:06 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 07:05 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **HILL COUNTRY GOLF INC D/B/A LOST CREEK COUNTRY CLUB C/O REGISTERED AGENT CORPORATION SERVICE COMPANY AT 211 EAST 7TH STREET, STE 620, AUSTIN, TRAVIS COUNTY, TX 78701** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9330 16)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Friday, January 25, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-005

**APPROVED**
By SalmonC at 1:33 pm, Feb 15, 2019

Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9330 18

1. Article Addressed to:

CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, STE 620
AUSTIN, TX 78701

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9330 16

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  Kyle Ratzlaff
☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

JAN 2 2019

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

Kyle Ratzl..

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-5,6 & 259294-15

mailed on: 1/16/19

Domestic Return Receipt

I, VELVA L PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office

On

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

1/25/2019 5:34 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

CAUSE NO. D-1-GN-19-000119

| | | | |
|---|---|---|---|
| STATE OF TEXAS, | § | | |
| **PLAINTIFF** | § | | |
| | § | | |
| VS. | § | IN THE | 261ST DISTRICT COURT |
| | § | | |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | | TRAVIS COUNTY, TX |
| **DEFENDANT** | § | | |
| | § | | |

## DECLARATION OF MAILING

**On January 16, 2019 at 09:38 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 07:05 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **WALNUT CREEK MANAGEMENT CORP C/O REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC - LAWYERS INCORPORATING SERVICE COMPANY** AT **211 EAST 7TH STREET, STE 620, AUSTIN, TRAVIS COUNTY, TX 78701** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9330 16)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Friday, January 25, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-015

APPROVED
By SalmonC at 1:33 pm, Feb 15, 2019

| Return Receipt (Form 3811) Barcode |
| --- |

9590 9699 0430 0054 9330 18

1. Article Addressed to:

CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, STE 620
AUSTIN, TX 78701

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9330 16

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Kyle Ratzlaff
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
JAN 22 2019

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

*Kyle Rat~·\*

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-5,6 & 259294-15

mailed on: 1/16/19

Domestic Return Receipt

I, VELVA L PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

1/29/2019 10:06 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Irene Silva**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE  261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

### DECLARATION OF MAILING

**On January 16, 2019 at 08:51 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 11:22 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **METROPOLITAN CLUB OF CHICAGO, INC. ALSO D/B/A THE PLAZA C/O REGISTERED AGENT ILLINOIS CORPORATION SERVICE** AT **801 ADLAI STEVENSON DRIVE, SPRINGFIELD, SANGAMON COUNTY, IL 62703** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

### SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9268 10)

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-007



Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9268 12

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Tanner Means              JAN 22 2019

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:       ☐ No

Article Addressed

Metropolitan Bank Chicago, Inc.
C/o Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, IL 62703

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-7

Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9268 06

mailed on: 1/16/19

US Form 3811, Facsimile July 2015   Domestic Return Receipt

1/29/2019 10:37 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, **PLAINTIFF** | § § § | |
| VS. | § § | IN THE   261ST DISTRICT COURT |
| CLUBCORP HOLDINGS, INC.; ET AL, **DEFENDANT** | § § § § | TRAVIS COUNTY, TX |

## DECLARATION OF MAILING

**On January 16, 2019 at 08:51 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK 2001 BRYAN TOWER CLUB INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9281 80)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.


**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-008

Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9281 82

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9281 80

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)
G. Parrish
C. Date of Delivery
JAN 2 2 2019

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
292-8-10,294-1,2,3,5,7,89

mailed on: 1/17/19

Domestic Return Receipt

1/29/2019 10:37 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

### CAUSE NO. D-1-GN-19-000119

| | | |
|---|---|---|
| STATE OF TEXAS, **PLAINTIFF** | § § § | |
| VS. | § § | IN THE   261ST DISTRICT COURT |
| CLUBCORP HOLDINGS, INC.; ET AL, **DEFENDANT** | § § § § | TRAVIS COUNTY, TX |

### DECLARATION OF MAILING

**On January 16, 2019 at 08:52 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK AKRON CLUB MANAGEMENT, CORP. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9281 80)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.


**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-009



Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9281 82

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
G. Parrish                        JAN 2 2 2019

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted

Reference Information
292-8-10,294-1,2,3,5,7,89

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9281 80

mailed on: 1/17/19

PS Form 3811, Facsimile, July 2015                    Domestic Return Receipt

1/29/2019 10:36 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Hector Gaucin-Tijerina**

**CAUSE NO. D-1-GN-19-000119**

| | | | |
|---|---|---|---|
| STATE OF TEXAS, | § | | |
| **PLAINTIFF** | § | | |
| | § | IN THE  261ST DISTRICT COURT | |
| VS. | § | | |
| | § | TRAVIS COUNTY, TX | |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | | |
| **DEFENDANT** | § | | |
| | § | | |

**DECLARATION OF MAILING**

**On January 16, 2019 at 07:05 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 11:31 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **CLUBCORP PORTER VALLEY COUNTRY CLUB, INC. D/B/A PORTER VALLEY COUNTY CLUB, INC. C/O REGISTERED AGENT CSC - LAWYERS INCORPORATING SERVICE AT 2710 GATEWAY OAKS DRIVE, STE 150N, SACRAMENTO, SACRAMENTO COUNTY, CA 95833** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9262 16)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-003

**APPROVED**
By SalmonC at 1:33 pm, Feb 15, 2019

Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9262 18

1. Article Addressed to:

ClubCorp Porter Valley Country Club, Inc.
C/o CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive
Ste. 150N
Sacramento, CA 95833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent   ☒ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Kaitlyn Mannix    22  2019

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

ROYAL OAKS 93813

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-3

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9262 16

Mailed on: 1/16/19

PS Form 3811, Facsimile, July 2015                Domestic Return Receipt

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

On _____

VELVA L. PRICE
DISTRICT CLERK
By Deputy: _____

1/29/2019 10:37 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS,                                §
**PLAINTIFF**                                   §
                                                §        IN THE   261ST DISTRICT COURT
VS.                                             §
                                                §              TRAVIS COUNTY, TX
CLUBCORP HOLDINGS, INC.; ET AL,                 §
**DEFENDANT**                                   §
                                                §

### DECLARATION OF MAILING

**On January 16, 2019 at 08:52 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK ATLANTA CITY CLUB, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9281 80)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-010



**Return Receipt (Form 3811) Barcode**

9590 9699 0430 0054 9281 82

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9281 80

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)   G. Parrish

C. Date of Delivery   JAN 2 2 2019

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted

Reference Information
292-8-1   0,294-1,2,#,5,7,89

mailed on: 1/17/19

Domestic Return Receipt

1/29/2019 10:37 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE   261ST DISTRICT COURT |
| | § | |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | TRAVIS COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |

## DECLARATION OF MAILING

**On January 16, 2019 at 08:52 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 23, 2019 at 12:02 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK ATRIUM CLUB, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 09)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-011

Return Receipt (Form 3811) Barcode

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ Parrish _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
G. Parrish   JAN 2 3 2019

9590 9699 0430 0054 9750 09, District Clerk, Travis County,

Texas, do hereby certify that this is a true and

correct copy as same appears of record in my

office. Witness my hand and seal of office

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:      ☐ No

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-11,12,13

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9750 09

mailed on: 1/17/19

PS Form 3811, Facsimile, July 2015                          Domestic Return Receipt

1/29/2019 10:38 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

**CAUSE NO. D-1-GN-19-000119**

| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE   261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

## DECLARATION OF MAILING

**On January 16, 2019 at 08:52 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 23, 2019 at 12:02 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK CENTURY II CLUB INC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 09)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.


**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-012

| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

A. Signature
X                          ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
G. Parish                         JAN 2 3 2019

9590 9699 0430 0054 9750 09 ... E, District Clerk, Travis County,

Texas, do hereby certify that this is a true and

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:  ☐ No

correct copy as same appears of record in my

1. Article Addressed to:   office. Witness my hand and seal of office

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-11,12,13

2. Certified Mail (Form 3800) Article Number
9314 7699 0430 0054 9750 09

mailed on: 1/17/19

PS Form 3811, Facsimile, July 2015          Domestic Return Receipt

1/29/2019 10:38 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Hector Gaucin-Tijerina**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE   261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

## DECLARATION OF MAILING

**On January 16, 2019 at 08:52 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 23, 2019 at 12:02 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK CIPANGO MANAGEMENT CORPORATION C/O REGISTERED AGENT CORPORATION SERVICE COMPANY AT 10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 09)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-013

| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9699 0430 0054 9750 09

A. Signature
X                                        ☐ Agent
                                         ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
G. Parrish                         JAN 2 3 2019

E, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259292-11,12,13

| 2. Certified Mail (Form 3800) Article Number | |
|---|---|
| 9314 7699 0430 0054 9750 09 | mailed on: 1/17/19 |

PS Form 3811, Facsimile, July 2015                    Domestic Return Receipt

1/29/2019 11:05 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-000119
Terri Juarez

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE  261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

### DECLARATION OF MAILING

**On January 16, 2019 at 08:57 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 02:25 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK JEFFERSON CLUB MANAGEMENT CORPORATION, ALSO D/B/A JEFFERSON CLUB, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **100 SHOCKOE SLIP, FL 2, RICHMOND, RICHMOND CITY COUNTY, VA 23219** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9274 73)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-003

Return Receipt (Form 3811) Barcode

COMPLETE THIS SECTION ON DELIVERY

9590 9699 0430 0054 9274 75

A. Signature
X □ Agent □ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1? □ Yes
If YES, enter delivery address below: □ No

1. Article Addressed to:

OK JEFFERSON CLUB MANAGEMENT CORPORATION
C/O CORPORATION SERVICE COMPANY
100 SHOCKOE SLIP, FL 2
RICHMOND, VA 23219

3. Service Type:
☒ Certified Mail
□ Certified Mail Restricted Delivery

Reference Information
259294-3

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9274 73

mailed on: 1/16/19

PS Form 3811, Facsimile, July 2015

*(stamped, inverted text)*
DISTRICT CLERK
VELVA L. PRICE
on
I, VELVA L. PRICE, District Clerk, Travis County,
do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office

1/29/2019 11:06 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Terri Juarez**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE   261ST DISTRICT COURT |
| | § | |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | TRAVIS COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |

### DECLARATION OF MAILING

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK UNIVERSITY CLUB OF HOUSTON INC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 61)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-008

Return Receipt (Form 3811) Barcode

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _C. Parrish_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

G. Parrish   JAN 2 2 2019

9590 9699 0430 0054 9750 03

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY OK 73159

VELVA L. PRICE
DISTRICT CLERK
By Deputy: LS

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259294-5,7,8

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9750 61

Mailed on: 1/17/19

PS Form 3811, Facsimile, July 2015

Domestic Return Receipt

1/29/2019 11:06 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Raeana Vasquez**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE   261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

### DECLARATION OF MAILING

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK THE RELAY HOUSE CORPORATION D/B/A THE RELAY HOUSE C/O REGISTERED AGENT CORPORATION SERVICE COMPANY AT 10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

### SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 61)

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Return Receipt (Form 3811) Barcode

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ~~C. Pamsi~~                                    ☐ Agent
                                                  ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

9590 9699 0430 0054 9750 63            **JAN 2 2 2019**

VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

VELVA L. PRICE
DISTRICT CLERK

By Deputy: CS

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259294-5,7,8

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9750 61            Mailed on: 1/17/19

PS Form 3811, Facsimile, July 2015                    Domestic Return Receipt

1/29/2019 11:06 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Irene Silva**

### CAUSE NO. D-1-GN-19-000119

STATE OF TEXAS,               §
**PLAINTIFF**                 §
                             §
VS.                          §          IN THE   261ST DISTRICT COURT
                             §
CLUBCORP HOLDINGS, INC.; ET AL,   §                TRAVIS COUNTY, TX
**DEFENDANT**                §
                             §

### DECLARATION OF MAILING

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK PRE 12-30-98 OPERATOR OF HALIFAX CLUB, INC. ALSO D/B/A HALIFAX CLUB, INC OR HALIFAX INVESTMENT CLUB C/O REGISTERED AGENT CORPORATION SERVICE COMPANY AT 10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 61)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-005

Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9750 63

VELVA L. PRICE, District Clerk, in and for Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ C. Pansi. _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
G. Parrish                          JAN 2 2 2019

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

VELVA L. PRICE
DISTRICT CLERK
By Deputy:  LS

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259294-5,7,8

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9750 61

Mailed on: 1/17/19

PS Form 3811, Facsimile, July 2015                     Domestic Return Receipt

1/29/2019 11:36 AM
**Velva L. Price**
**District Clerk**
**Travis County**

**CAUSE NO. D-1-GN-19-000119**

**D-1-GN-19-000119**
**Irene Silva**

| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE   261ST DISTRICT COURT |
| | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

### DECLARATION OF MAILING

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK VITA CENTER MANAGEMENT CORP., ALSO D/B/A VITA CENTER MANAGEMENT CORP C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 78)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-009



Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9750 70

1. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73159

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9750 78

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

JAN 2 2 2019

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below;           ☐ No

VELVA L.
DISTRICT
By Deputy

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259294-9

mailed on: 1/17/19

By Salmo.

Domestic Return Receipt

1/29/2019 4:34 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Irene Silva**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, **PLAINTIFF** | § § § | |
| VS. | § § | IN THE  261ST DISTRICT COURT |
| CLUBCORP HOLDINGS, INC.; ET AL, **DEFENDANT** | § § § § | TRAVIS COUNTY, TX |

## DECLARATION OF MAILING

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 19, 2019 at 09:11 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **TOWER CLUB, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **1201 HAYS STREET, TALLAHASSEE, LEON COUNTY, FL 32301** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9278 24)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-013



Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9278 26

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

Von D. Smith

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259294-13 & 259292-1

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9278

mailed on: 1/16/19

PS Form 3811 Facsimile

1/29/2019 5:01 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Irene Silva**

<u>**CAUSE NO. D-1-GN-19-000119**</u>

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE   261ST DISTRICT COURT |
| | § | |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | TRAVIS COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |

## **DECLARATION OF MAILING**

**On January 16, 2019 at 07:00 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 19, 2019 at 09:11 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **CITRUS CLUB, INC. ALSO D/B/A CITRUS CLUB OR CITRUS ATHLETIC CLUB C/O REGISTERED AGENT CORPORATION SERVICE COMPANY AT 1201 HAYS STREET, TALLAHASSEE, LEON COUNTY, FL 32301** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9278 24)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Tuesday, January 29, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259292-001



Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9278 26

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Van D. Smith

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information

259294-13 & 259292-1

2. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9278 26

mailed on: 1/16/19

1/31/2019 10:31 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-000119
Terri Juarez

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS,     §
**PLAINTIFF**       §
          §   IN THE 261ST DISTRICT COURT
VS.          §
          §     TRAVIS COUNTY, TX
CLUBCORP HOLDINGS, INC.; ET AL,  §
**DEFENDANT**      §
          §

### DECLARATION OF MAILING

**On January 16, 2019 at 06:59 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK FOREST OAK COUNTRY CLUB INC C/O REGISTERED AGENT CORPORATION SERVICE COMPANY C/O** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 30)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Thursday, January 31, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-001



Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9750 32

By Salmon

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Address

B. Received by (Printed Name)        C. Date of Delivery
G. Parrish                           JAN 2 2 2019

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY OK 73159

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery

Reference Information
259294-1,2,4

Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9750 32

Mailed on: 1/17/19

'S Form 3811, Facsimile. July 2015          Domestic Return Recei

1/31/2019 12:01 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Hector Gaucin-Tijerina**

**CAUSE NO. D-1-GN-19-000119**

| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE   261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

**DECLARATION OF MAILING**

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK HERITAGE CLUB, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 30)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Thursday, January 31, 2019.

**/S/ Orlando Ochoa**

Client-Reference#: 153568191

DocID: 259294-002



Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9750 32

. Article Addressed to:

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY OK 73159

. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9750 30

'S Form 3811, Facsimile. July 2015

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
G. Parish                        JAN 2 2 2019
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information
259294-1,2,4

mailed on: 1/17/19

Domestic Return Re

1/31/2019 12:01 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Raeana Vasquez**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE   261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

## DECLARATION OF MAILING

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 01:19 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK PRE 12-23-99 OWNER LAFAYETTE CLUB, ALSO D/B/A LAFAYETTE CLUB, INC. OR THE LAFAYETTE CLUB, INC. C/O REGISTERED AGENT CORPORATION SERVICE COMPANY AT 10300 GREENBRIAR PL, OKLAHOMA CITY, OKLAHOMA COUNTY, OK 73159** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED CERTIFIED MAIL, GREEN CARD: TRACKING NUMBER # (9314 7699 0430 0054 9750 30)**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Thursday, January 31, 2019.

**/S/ Orlando Ochoa**

Client Reference#: 153568191

DocID: 259294-004



Return Receipt (Form 3811) Barcode

9590 9699 0430 0054 9750 32

. Article Addressed to

CORPORATION SERVICE COMPANY
10300 GREENBRIAR PL
OKLAHOMA CITY, OK 73

. Certified Mail (Form 3800) Article Number

9314 7699 0430 0054 9750 30

'S Form 3811, Facsimile. July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
G. Parish                       JAN 2 2 2019

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information
259294-1,2,4

Mailed on: 1/17/19

Domestic Return Receipt

2/14/2019 9:30 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-000119**
**Hector Gaucin-Tijerina**



## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

February 14, 2019

Mr. Warren Vavra                                    *Via E-FileTexas.gov*
Travis County District Courts Administrator
Heman Marion Sweatt
Travis County Courthouse
1000 Guadalupe, Room 435
Austin, Texas 78701

      Re:    D-1-GN-19-000119; *State of Texas vs. ClubCorp Holdings, Inc., et al.*,
               261st Judicial District Court of Travis County, Texas

Dear Mr. Varva:

      This letter is written to notify the Court and all parties of record that I will
be on vacation July 29, 2019 through August 16, 2019.

      Please do not schedule any hearings or other deadlines in the above-
referenced cause during these periods of time.

      By copy of this letter, all parties of record have been notified. Thank you
for your attention to this matter and usual courtesies in this regard.

                         Respectfully,

                         */s/ Ann Hartley*

                         Ann Hartley
                         Assistant Attorney General
                         Financial Litigation and Charitable Trusts Division
                         PO Box 12548, Capitol Station
                         Austin, Texas 78711-2548
                         Tel: (512) 936-1313
                         Fax: (512) 477-2348
                         ann.hartley@oag.texas.gov
                         *Counsel for Plaintiff*

I, VELVA L. PRICE, District Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my
office. Witness my hand and seal of office
On _____

VELVA L. PRICE
DISTRICT CLERK
By: Laura Roberts@traviscountytx.gov

                                         **APPROVED**
                                         **By SalmonC at 1:35 pm, Feb 15, 2019**

2/19/2019 8:00 AM
**Velva L. Price**
**District Clerk**
**Travis County**

**CAUSE NO. D-1-GN-19-000119**

| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE 261ST DISTRICT COURT |
| VS. | § | |
| | § | TRAVIS COUNTY, TX |
| CLUBCORP HOLDINGS, INC.; ET AL, | § | |
| **DEFENDANT** | § | |
| | § | |

**D-1-GN-19-000119**
**Hector Gaucin-Tijerina**

### DECLARATION OF MAILING

**On January 16, 2019 at 09:01 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 22, 2019 at 08:47 AM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **OK THE RELAY HOUSE CORPORATION D/B/A THE RELAY HOUSE C/O REGISTERED AGENT CSC LAWYERS INCORPORATING SERVICE, INC.** AT **150 S. PERRY STREET, MONTGOMERY, MONTGOMERY COUNTY, AL 36104** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED EXHIBIT "A" - TRACK AND CONFIRM CERTIFIED MAIL RECEIPT. TRACKING NUMBER: 9314 7699 0430 0054 9275 58; GREEN CARD WAS NOT RETURNED BY THE USPS.**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Monday, February 18, 2019.

**/S/ Orlando Ochoa**

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _____

VELVA L. PRICE
DISTRICT CLERK

By Deputy:



Client Reference#: 153568191
DocID: 259294-006

# USPS Tracking®

**FAQs** › **(https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package ✛

**Tracking Number:** 9314769904300054927558                    Remove ✕

**Expected Delivery on**

## TUESDAY
# 22
JANUARY
2019 ⓘ        **See Product Information** ⌄

```
╔═══════════════════════════════════╗
   Certified Article Number
   9314 7699 0430 0054 9275 58
        SENDER'S RECORD
╚═══════════════════════════════════╝
```

### ✓ Delivered

January 22, 2019 at 8:47 am
Delivered, PO Box
MONTGOMERY, AL 36104

**Get Updates** ⌄

---

### Text & Email Updates                                           ⌄

---

### Tracking History                                               ⌃

**January 22, 2019, 8:47 am**
Delivered, PO Box
MONTGOMERY, AL 36104
Your item has been delivered and is available at a PO Box at 8:47 am on January 22, 2019 in
MONTGOMERY, AL 36104.

**January 22, 2019, 7:17 am**
Out for Delivery
MONTGOMERY, AL 36104

Exhibit



**January 22, 2019, 7:07 am**
Sorting Complete
MONTGOMERY, AL 36104

**January 21, 2019, 10:20 am**
Arrived at Hub
MONTGOMERY, AL 36104

**January 20, 2019, 8:30 am**
Arrived at USPS Facility
MONTGOMERY, AL 36104

**January 20, 2019, 8:17 am**
Arrived at USPS Facility
MONTGOMERY, AL 36108

**January 20, 2019, 7:49 am**
Departed USPS Regional Facility
MONTGOMERY AL DISTRIBUTION CENTER

**January 20, 2019, 1:13 am**
Arrived at USPS Regional Destination Facility
MONTGOMERY AL DISTRIBUTION CENTER

**January 19, 2019**
In Transit to Next Facility

**January 17, 2019, 3:49 am**
Arrived at USPS Regional Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

**January 17, 2019, 3:40 am**
Departed USPS Facility
HOUSTON, TX 77032

**January 17, 2019, 12:09 am**
Arrived at USPS Facility
HOUSTON, TX 77032

Feedback

**January 16, 2019**
Pre-Shipment Info Sent to USPS, USPS Awaiting Item

---

**Product Information**                                                    ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.



2/19/2019 8:00 AM
**Velva L. Price**
**District Clerk**
**Travis County**

**CAUSE NO. D-1-GN-19-000119**

STATE OF TEXAS,                       §                    **D-1-GN-19-000119**
**PLAINTIFF**                          §                    **Raeana Vasquez**
                                       §      IN THE 261ST DISTRICT COURT
VS.                                    §
                                       §             TRAVIS COUNTY, TX
CLUBCORP HOLDINGS, INC.; ET AL,        §
**DEFENDANT**                          §
                                       §

### DECLARATION OF MAILING

**On January 16, 2019 at 09:17 AM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, EXHIBIT E, EXHIBIT F, EXHIBIT G, EXHIBIT H, EXHIBIT I, EXHIBIT J, EXHIBIT K **CAME TO HAND.**

**ON January 31, 2019 at 02:50 PM** - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO: **UNIVERSITY CLUB OF JACKSON, MISS ALSO D/B/A UNIVERSITY CLUB OF JACKSON C/O REGISTERED AGENT CORPORATION SERVICE COMPANY** AT **5760 I 55 N, STE 150, JACKSON, HINDS COUNTY, MS 39211** VIA CERTIFIED MAIL; RETURN RECEIPT REQUESTED.

**SEE ATTACHED EXHIBIT "A" - TRACK AND CONFIRM CERTIFIED MAIL RECEIPT. TRACKING NUMBER: 9314 7699 0430 0054 9276 33; GREEN CARD WAS NOT RETURNED BY THE USPS.**

My name is Orlando Ochoa. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002, USA. I am a private process server authorized by and through the Supreme Court of Texas (PSC 12573, expires Thursday, April 30, 2020). My date of birth is August 15, 1975. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in HARRIS County, Texas on Monday, February 18, 2019.

**/S/ Orlando Ochoa**

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on _2/20/19_

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

# USPS Tracking®

**FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)**

## Track Another Package  **+**

**Tracking Number:** 9314769904300054927633

Remove ✕

Your item was delivered to an individual at the address at 2:50 pm on January 31, 2019 in MADISON, MS 39110.



**Certified Article Number**

9314 7699 0430 0054 9276 33

**SENDER'S RECORD**

✅ **Delivered**

January 31, 2019 at 2:50 pm
Delivered, Left with Individual
MADISON, MS 39110

**Get Updates** ∨

Feedback

---

**Text & Email Updates**                                                 ∨

---

**Tracking History**                                                     ∧

**January 31, 2019, 2:50 pm**
Delivered, Left with Individual
MADISON, MS 39110
Your item was delivered to an individual at the address at 2:50 pm on January 31, 2019 in MADISON, MS 39110.

**January 31, 2019**
In Transit to Next Facility

**January 30, 2019, 11:16 pm**
Departed USPS Regional Destination Facility
JACKSON MS DISTRIBUTION CENTER

Exhibit "A"



USPS.com® - USPS Tracking® Results

**January 24, 2019, 12:27 pm**
Arrived at USPS Regional Destination Facility
JACKSON MS DISTRIBUTION CENTER

**January 21, 2019, 4:04 pm**
Arrived at USPS Regional Facility
GAINESVILLE FL DISTRIBUTION CENTER

**January 18, 2019, 9:43 am**
Forwarded
JACKSON, MS

**January 18, 2019, 8:27 am**
Out for Delivery
JACKSON, MS 39211

**January 18, 2019, 8:17 am**
Sorting Complete
JACKSON, MS 39211

**January 18, 2019, 7:49 am**
Arrived at Unit
JACKSON, MS 39211

**January 18, 2019, 6:25 am**
Arrived at USPS Facility
JACKSON, MS 39211

**January 18, 2019, 6:11 am**
Arrived at USPS Facility
JACKSON, MS 39216

**January 18, 2019, 5:55 am**
Departed USPS Regional Facility
JACKSON MS DISTRIBUTION CENTER

**January 18, 2019, 4:29 am**
Arrived at USPS Regional Destination Facility
JACKSON MS DISTRIBUTION CENTER

Feedback



USPS.com® - USPS Tracking® Results

**January 17, 2019, 12:09 am**
Arrived at USPS Facility
HOUSTON, TX 77032

**January 16, 2019**
Pre-Shipment Info Sent to USPS, USPS Awaiting Item

---

**Product Information** ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

Feedback

**The easiest tracking number is the one you don't have to know.**